

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2000 JUN 21  P 4: 34

LORETTA G. WHYTE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: BRUCE INVESTMENT CO.,              CIVIL ACTION
INC.

                                          NO: 00-0372

                                          SECTION: "S" (2)

### ORDER

Considering the letter of Danny J. Lirette dated June 19, 2000,

**IT IS HEREBY ORDERED** that if the intention is to file a complaint about his opponent's conduct, he should verify that intent to the court so that the matter may be brought before the court en banc at the next meeting, pursuant to Local Civil Rule 83.2.10E, Rule III.A.3.

If the intent of the letter was to request an advisory opinion of the court whether the conduct referred to is unprofessional, the request is denied.

New Orleans, Louisiana this 21st day of June, 2000.

DATE OF ENTRY
JUN 2 2 2000

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

00cv 372

R E C E I V E D

DANNY J. LIRETTE
DAVID J. SHEA
DEXTER A JURKO 2000

U. S. DISTRICT JUDGE
MARY ANN VIAL LEMMON

**LIRETTE**
**& SHEA, L.L.P.**
ATTORNEYS AT LAW

June 19, 2000

Honorable Mary Ann Vial Lemmon
District Judge - Section S
United States District Court
Eastern District of Louisiana
500 Camp Street, C406
New Orleans, Louisiana  70130

RE:    In the Matter of the Complaint of Bruce Investment Co., Inc.,
       as the Owner of M/V SUPPLIER, and Gulf Tran, Inc.,
       as the Operator of M/V SUPPLIER, Praying for Exoneration
       from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.*

Dear Judge Lemmon:

I request a face to face conference with the court and counsel regarding an incident that occurred today at a deposition in the above matter. This was the first deposition in this case and what occurred could have been a violation of the letter and spirit of the Eastern District's Code of Professionalism. I believe we need a conference to clear the air at the beginning of this litigation. I do not want the events of today to affect my ability to abide by this Court's Code, which I wholeheartedly support and which, unfortunately, is needed in today's climate surrounding the legal profession.

It appears that while my client was being deposed at the office of Lee M. Peacocke of Salley & Associates, an old arrest warrant (February 1998) was forwarded to the Jefferson Parish Sheriffs' Office to affect the arrest of my client. Near the conclusion of the deposition, a representative of an underwriter for the defendant left the deposition apparently to contact the sheriffs' deputies in order to point out my client for the arrest. As I was walking out of the elevator with my client and referring counsel, the deputies came forward to arrest my client and take him to East Bank lock up for Jefferson Parish. After we were told what the warrant was for, my client explained to me that he was bonded out on that charge in Lake Charles and that nothing had transpired since. I then went to the East Bank lock up and waited there for approximately 2.5 hours while this was confirmed and my client was released.

I confronted Mr. Peacocke about his knowledge of the proposed arrest of my client in public after the deposition and he denied any knowledge of the planned event. The Sheriff's Office, however, says that a call was received from that office about the outstanding warrant.

Honorable Mary Ann Vial Lemmon
Page 2
June 19, 2000


      Whomever is responsible for the events that occurred today has caused me and my referring counsel to waste an afternoon of time. It also resulted in the wrongful arrest of my client and his being placed in a holding cell for 2.5 hours. My client was legally out on bond for that warrant. If counsel for the defendant or its representative was concerned about that warrant a simple investigation would have disclosed these facts. Instead the course of action undertaken by counsel for defendant or its representative resulted in my client wrongfully being arrested and placed in a holding cell for 2.5 hours.

      These actions appear to be an "abuse or misuse of the law, its procedures or the participants in the judicial process." For these reasons, I request a conference with the court.

      With best regards, I remain

                    Very truly yours,

                    DANNY J. LIRETTE

DJL/eb

cc:    Mr. Todd Ballard Hines
       Mr. Frank T. Salter, Jr.
       Mr. Lee M. Peacocke
       Ms. Janet Wessler Marshall
       Mr. Eugene W. Policastri