

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce Investment Co., Inc., as the Owner of M/V SUPPLIER, and Gulf Tran, Inc., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.* | * * * * * | CIVIL ACTION<br><br>NUMBER 00-0372<br><br>SECTION S MAG. 2 |

******************************************************************************

## MOTION TO FILE INTERVENTION

**NOW COMES** Louisiana Workers' Compensation Corporation, through undersigned counsel, who suggest to the Court as follows:

1.

Louisiana Workers' Compensation Corporation is the compensation carrier for the employer of Todd B. Hines and has paid and will continue to pay compensation, medical expenses and related expenses as a result of the injuries Todd B. Hines received on December 24, 1998.

2.

Under the provisions of 33 U.S.C. §933 and/or LSA-R.S. 23:1101-3 and 1162, Louisiana Workers' Compensation Corporation, as the compensation insurer for the injured plaintiff, is entitled to receive complete indemnification with preference and

DATE OF ENTRY
OCT 3 0 2000



priority for all sums which it pays pursuant to the Longshore and Harbor Workers' Compensation Act or the Louisiana Workers' Compensation Act.

3.

Rules 5 and 24 of the Federal Rules of Civil Procedure provide that Louisiana Workers' Compensation Corporation may intervene and assert its rights to indemnification set forth in those statutes.

4.

Neither counsel for plaintiff, nor counsel for the defendants have any objection to Louisiana Workers' Compensation Corporation intervening and exercising its rights as granted in 33 U.S.C. 933 or LSA-R.S. 23:1021 et. seq.

**WHEREFORE**, Louisiana Workers' Compensation Corporation moves for an Order allowing the petition of intervention to be filed and judgment obtained as prayed for in the petition of intervention.

Respectfully submitted:

_____
David K. Johnson
Bar Roll No. 1998
2237 S. Acadian Thruway
P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
(225) 231-0755
Counsel for Louisiana Workers'
Compensation Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce Investment Co., Inc., as the Owner of M/V SUPPLIER, and Gulf Tran, Inc., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.* | *<br>*<br>*<br>*<br><br>* | CIVIL ACTION<br><br><br>NUMBER 00-0372<br><br>SECTION S MAG. 2 |

*********************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

**MAY IT PLEASE THE COURT:**

Pursuant to Rules 5 and 24 of the Federal Rules of Civil Procedure, movant respectfully requests that this Complaint of Intervention be allowed to be filed.

Louisiana Workers' Compensation Corporation was the worker's compensation carrier for Omega Service Industries, Inc. who had employed Todd B. Hines, on December 24, 1998. On that day Todd B. Hines received certain injuries while working in the course and scope of his employment with Omega Service Industries, Inc. and Louisiana Workers' Compensation benefits, medical and related expenses for the injuries he received in excess of ONE HUNDRED FOURTEEN THOUSAND AND NO/100 ($114,000.00) DOLLARS have been paid to or on behalf of plaintiff at the time of the filing of this intervention. Benefits continue to be paid as such become due.

All payments were made pursuant to the terms of the insurance policy between intervenor and Mr. Hines' employer as a result of the accident more fully described in plaintiff's complaint and Louisiana Workers' Compensation Corporation now asserts its right to indemnification as expressed in 33 U.S.C. 933 or LSA-R.S. 23:1021 et. seq. We would respectfully urge that the Court should grant this motion allowing Louisiana Workers' Compensation Corporation to intervene and to further seek indemnification for all sums it has paid and will continue to pay from the date of the accident through date of judgment.

Respectfully submitted:

_____
David K. Johnson
Bar Roll No. 1998
2237 S. Acadian Thruway
P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
(225) 231-0755
Counsel for Louisiana Workers'
Compensation Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce Investment Co., Inc., as the Owner of M/V SUPPLIER, and Gulf Tran, Inc., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.* | * * * * * | CIVIL ACTION<br><br>NUMBER 00-0372<br><br>SECTION S MAG. 2 |

*******************************************************************************

## CERTIFICATE

I **HEREBY CERTIFY** that a copy of the foregoing pleading has been served on counsel for all parties by placing same in the United States Mail, postage prepaid, addressed to their respective offices, this 24 day of October, 2000.

_____
David K. Johnson

## **CERTIFICATE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been served on counsel for all parties by placing same in the United States Mail, postage prepaid, addressed to their respective offices, this  24th  day of October, 2000.

*David K. Johnson*
David K. Johnson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce Investment Co., Inc., as the Owner of M/V SUPPLIER, and Gulf Tran, Inc., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.* | * * * * * | CIVIL ACTION<br><br>NUMBER 00-0372<br><br>SECTION S MAG. 2 |

*********************************************************************************

### ORDER

*Considering the foregoing motion and counsel's certification that there is no objection, in Intervention of cwcl,*

LET the above and forgoing Complaint be filed as prayed for and according to law.

New Orleans, Louisiana, this 27th day of October, 2000.

_____
JUDGE, UNITED STATES DISTRICT COURT