

MINUTE ENTRY
WILKINSON, M.J.
NOVEMBER 15, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATER OF THE COMPLAINT
OF BRUCE INVESTMENT CO., INC. ET AL.

CIVIL ACTION

NO. 00-372

SECTION "S" (2)

### HEARING ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Claimant Todd Hines's Motion to Compel Discovery

O R D E R E D:

__XXX__ :   GRANTED IN PART AND DENIED IN PART. The motion is granted as to Interrogatory No. 5. Gulf Tran must obtain the information and provide it within ten (10) days of entry of this order. The motion is granted as to Interrogatory No. 6. Claimant should be apprised of the identity of the underwriter's representative who attended plaintiff's deposition. The motion is denied as to Interrogatory No. 7 because it is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The motion is granted as to Request for Production No. 2. Gulf Tran must make

DATE OF ENTRY
NOV 1 6 2000

the M/V Supplier available for inspection and photographing, wherever it is located, within ten (10) days of entry of this order, unless counsel are able to stipulate in writing to some other, mutually convenient time and manner for completing the inspection. The motion is granted as to Request for Production No. 3, but only as follows. Within ten (10) days of entry of this order, Gulf Tran must determine whether the requested items are within its possession, custody or control. If they are, they must be made available for inspection immediately. If they are not, Gulf Tran must clearly say so in a supplemental written response signed pursuant to Fed. R. Civ. P. 26(g)(2). The motion is granted in part and denied in part as to Request for Production No. 4. The motion is granted only insofar as claimant requests that its expert be permitted to remove and inspect (but then return to its place) one of the screws for the hinges that held up the foldout bed aboard the M/V Leader, which has already been inspected. The motion is conditionally denied at this time insofar as it seeks inspection of other Gulf Tran vessels that were not involved in the accident sued upon. Requiring production of additional vessels should be precluded pursuant to Fed. R. Civ. P. 26(b)(2)(i) and (iii) (conditioned upon Gulf Tran's compliance with this order in making the M/V Supplier available for inspection) because it is unreasonably cumulative and duplicative of the inspections of the M/V Supplier and M/V Leader, and the burden or expense of this discovery outweighs its likely benefit considering all the factors set out in the cited rule. This motion may be reurged if the M/V Supplier is not made available for inspection.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE