FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 DEC -6 PM 3: 46

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint ) | CIVIL ACTION |
| of Bruce Investment Co., Inc. ) | |
| as the Owner of M/V SUPPLIER, and ) | NO.   00-372 |
| Gulf Tran, Inc., as the ) | |
| Operator of M/V SUPPLIER, ) | §S(2) |
| Praying for Exoneration from ) | |
| or Limitation of Liability ) | |
| Pursuant to 46 U.S.C. §§ 183 ) | JUDGE LEMMON |
| *et seq.* ) | MAGISTRATE JUDGE |
| ) | WILKINSON |

## MOTION TO CONTINUE TRIAL AND/OR TO REVIEW MAGISTRATE'S RULING

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs in Limitation, Gulf Tran, Inc. and Bruce Investment Company, Inc., who move on an expedited basis to continue the present trial setting and set new cut-off dates in this case and/or to review the ruling of the Magistrate Judge entered on November 29, 2000 all for the reasons more fully stated in the Memorandum filed in support of this Motion. Counsel for All Seas Operators has been contacted and has no opposition to this Motion, but counsel for Todd Hines was out of his office on December 1 and his consent could therefore could not be obtained.

Respectfully submitted,

[signature]

FRED E. SALLEY (11665)
LEE M. PEACOCKE (18374)
SALLEY & ASSOCIATES
3445 N. Causeway Blvd., Ste. 510
Metairie, LA 70002
(504)846-4260
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.

DATE OF ENTRY
DEC 0 7 2000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel for Todd Hines by fax and on all counsel of record by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 4th day of December, 2000.

_____
Lee M. Peacocke

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint ) | CIVIL ACTION |
| of Bruce Investment Co., Inc. ) | |
| as the Owner of M/V SUPPLIER, and ) | NO.   00-372 |
| Gulf Tran, Inc., as the ) | |
| Operator of M/V SUPPLIER, ) | §S(2) |
| Praying for Exoneration from ) | |
| or Limitation of Liability ) | |
| Pursuant to 46 U.S.C. §§ 183 ) | JUDGE LEMMON |
| *et seq.* ) | MAGISTRATE JUDGE |
| ) | WILKINSON |

**SPECIFICATION OF ERROR**

1. The Order is clearly erroneous in that it does not allow for thirty days to produce documents as required by Federal Rule of Civil Procedure 30(b)(5) and there is no basis for expedited discovery in light of the admitted need for a continuance of this case in order to bring new parties into this action.

Respectfully submitted,

FRED E. SALLEY  (11665)
LEE M. PEACOCKE  (18374)
SALLEY & ASSOCIATES
3445 N. Causeway Blvd., Ste. 510
Metairie, LA 70002
(504)846-4260
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and
Gulf Tran, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel for Todd Hines by fax and on all counsel of record by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 4th day of December, 2000.

                                                Lee M. Peacocke

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint | ) | CIVIL ACTION |
| of Bruce Investment Co., Inc. | ) | |
| as the Owner of M/V SUPPLIER, and | ) | NO.   00-372 |
| Gulf Tran, Inc., as the | ) | |
| Operator of M/V SUPPLIER, | ) | §S(2) |
| Praying for Exoneration from | ) | |
| or Limitation of Liability | ) | |
| Pursuant to 46 U.S.C. §§ 183 | ) | JUDGE LEMMON |
| *et seq.* | ) | MAGISTRATE JUDGE |
| | ) | WILKINSON |

MEMORANDUM IN SUPPORT OF MOTION
TO CONTINUE TRIAL AND/OR REVIEW MAGISTRATE'S RULING

The Limitation Plaintiffs, Gulf Tran, Inc. and Bruce Investment Company, Inc., have filed a Motion to Continue the trial setting and cut-off dates in this case and to review the ruling of the Magistrate entered on November 29, 2000. The basis for the motion is that all parties recognize that this case must be continued. The plaintiffs therefore respectfully submit that it is improper to conduct expedited discovery during the month of December when the case can be handled in a more orderly and less burdensome manner after the continuance is granted, particularly since at least one other party will be brought into the case. Accordingly, it is respectfully requested that the Court intervene at this time and grant the continuance and relieve the limitation plaintiffs of any expedited discovery obligations so that all interested parties can participate in discovery.

MOTION TO CONTINUE

This is a limitation proceeding that arises from personal injury claims allegedly sustained by Todd Hines on December 24, 1998 while he was a passenger aboard M/V SUPPLIER, a vessel owned and operated by the Limitation Plaintiffs. Gulf Tran, Inc. and All Seas Operators, S.A. were

-1-

made defendant to the "savings to suitors" proceedings filed in the 17th Judicial District Court for the Parish of Lafourche. The vessel owner and operator timely filed for relief with this court in the instant action that sought relief pursuant to the Limitation of Liability Act, 46 U.S.C. §§183 *et seq.* Trial of the case is presently set for February 5, 2001.

Counsel for Todd Hines has indicated that he intends to bring another defendant into the state court action. This defendant will have a claim for contribution or indemnity against Gulf Tran and All Seas. Pursuant to well established Fifth Circuit jurisprudence, this claim will have to be filed in the instant action.

At a conference held before the Honorable United States Magistrate Judge Joseph C. Wilkerson, Jr. on November 29, 2000, all parties recognized that a continuance of the case would be required as a result of the addition of new claims. It was acknowledged that more time would be required in order to prepare the case for trial. Indeed, in the Minute Entry entered by Judge Wilkinson, it was expressly stated that discovery is not substantially complete and that the parties were unable to engage in meaningful settlement discussions. *See* Exhibit "A", R.D. No. 50. Nonetheless, counsel for Hines requested that discovery continue based upon the present trial settings and certain discovery obligations were thus imposed upon Gulf Tran.

It should be noted that the expedited discovery sought from Gulf Tran is not the only issue which must be accomplished prior to trial. For example, the court-ordered deadline for the filing of witness and exhibit lists had been set for November 13, 2000. Todd Hines has now filed a supplemental witness list after this deadline without obtaining leave of court or the consent of the parties. This list identifies an additional witness whose relevancy and address is unknown, thus necessitating further discovery by the Limitation Plaintiffs.

The parties had also agreed to extend expert report cut-off dates by thirty days and the discovery cut-off date was extended to January 5, 2001. Yet even these deadlines have not been met by the parties. On November 14, Todd Hines underwent an orthopedic medical examination by Dr. Gordon Nutik at the request of Gulf Tran and All Seas. However on November 20, a week after the expiration of plaintiff's deadline for the exchange of expert reports, counsel for Hines presented medical reports from Hines's treating physicians that dated back to March of 2000. Exhibit "B". These reports had not previously been produced and indicated that his lumbar fusion was unsuccessful. Exhibit "C". Thus, Dr. Nutik was deprived of this information concerning a significant medical issue at the time that he had conducted his examination of Hines.

Hines is presently receiving workers' compensation at the maximum rate allowed by the Longshore and Harbor Workers' Compensation Act. All parties recognize that a continuance is necessary. Indeed, All Seas has no objection to this motion. It would therefore be preferable at this time to have the case continued so that any new parties can be added by Hines. Indeed, a continuance is virtually mandated in order to allow these new parties to participate in further discovery. Thus, the Court should continue the case now and allow for more orderly trial preparation and discovery.

## MOTION TO REVIEW MAGISTRATE'S RULING

Although there was no motion before the Court, certain discovery obligations were imposed upon Gulf Tran at the November 29 conference. This included corporate depositions of Gulf Tran and Bruce Investments that required the production of documents pursuant to Federal Rule of Civil Procedure 30(b)(5). These court ordered depositions did not allow for the thirty days mandated by the rule. In light of the need for a continuance and the anticipated presence of new parties to this

action, it is respectfully submitted that these depositions should be continued and reset to another date that allows for the participation of all interested parties.

In addition, the Magistrate had previously ordered the production of M/V SUPPLIER for inspection by Hines's counsel and his expert. Although the vessel was produced for inspection on two occasions within the time period set by the Magistrate, Hines's expert was unable to attend these inspections. Despite the fact that Hines had filed the motion to compel and that Gulf Tran had produced the vessel for inspection, Gulf Tran has been required to advise the Court by December 6 as to when an inspection can take place. Indeed, the parties will be required to go offshore if necessary.

The vessel is presently under time charter and the Limitation Plaintiffs have no control over its movements. Gulf Tran has been requested to obtain the assistance of the time charterer for the inspection. However, in light of the need for a continuance and the possible interest of the new parties in attending the inspection, it is respectfully submitted that this discovery obligation be suspended until some time prior to the next expert report deadline set by this Court. The new parties may also be interested in attending any bunk inspections that are conducted in the future.

In light of the present posture of this case, the Court should grant a continuance now and suspend all discovery obligations presently imposed upon Gulf Tran until such time as additional parties are brought into this case. In light of the admitted need for a continuance, pre-trial proceedings should be conducted with a realistic trial date and all interested parties participating. Accordingly, this motion should be granted in all respects and Hines should commence to bring the parties into this case as soon as possible so that the Court may conduct a scheduling conference.

Respectfully submitted,

_____
FRED E. SALLEY (11665)
LEE M. PEACOCKE (18374)
SALLEY & ASSOCIATES
3445 N. Causeway Blvd., Ste. 510
Metairie, LA 70002
(504)846-4260
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and
Gulf Tran, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel for Todd Hines by fax and on all counsel of record by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 4th day of December, 2000.

_____
Lee M. Peacocke

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 29 AM 10: 11

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
WILKINSON, M.J.
NOVEMBER 28, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE INVESTMENT CO., INC. ETC.                CIVIL ACTION

                                               NO.  00-372

                                               SECTION "S" (2)

A settlement and status conference was conducted on this date. Counsel reported that because discovery is not substantially complete, they are not presently in a position to discuss settlement in a meaningful fashion. Considering the record and the representations of counsel concerning the status of discovery, IT IS ORDERED that the case will proceed as follows:

No later than December 6, 2000, after consulting with his client and other counsel, counsel for Bruce Investment and Gulf Tran must report to the Court, in writing, the

DATE OF ENTRY
NOV 2 9 2000


EXHIBIT "A"

Fee_____
Process____
X Dktd____
__ CtRmDep__
Doc.No. 50

specific date, time and place on which the inspections pursuant to Fed. R. Civ. P. 34 will occur of (1) the M/V Supplier, and (2) the warehouse where bunks of the type at issue in this case are stored. Bruce and Gulf Tran must arrange these inspections promptly and are responsible for insuring that these premises are made available for inspection and all related activities permitted by Rule 34.

The Rule 30(b)(6) deposition of Gulf Tran must be conducted on December 19, 2000 beginning at 2:00 p.m. in the law office of Gulf Tran's counsel in Covington, Louisiana. Claimant Hines must file his notice of this Rule 30(b)(6) deposition no later than November 29, 2000.

The deadline for completion of discovery, including all depositions for perpetuation purposes, is hereby extended to January 5, 2001. All other previously set dates and deadlines remain unaltered.

A settlement conference is scheduled before the undersigned magistrate judge on January 4, 2001 at 10:00 a.m. All counsel must submit their confidential settlement position letters to me no later than January 3, 2001 at 5:00 p.m.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE




**LIRETTE SHEA & GARY, L.L.C.**
ATTORNEYS AT LAW

DANNY J. LIRETTE
DAVID J. SHEA
DEXTER A. GARY

November 20, 2000

**Via FAX #504 846-4265 and U.S. Mail**

Mr. Fred E. Salley
Mr. Lee M. Peacocke
SALLEY & ASSOCIATES
3445 N. Causeway Blvd., Suite 510
Metairie, Louisiana 70002

      RE:   In the Matter of the Complaint of Bruce Investment Co., Inc.,
             as the Owner of M/V SUPPLIER, and Gulf Tran, Inc.,
             as the Operator of M/V SUPPLIER, Praying for Exoneration
             from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.*

Gentlemen:

      This letter is a reminder that we need a date for the Gulf Tran deposition and you still owe me the safety manual.

      Pursuant to your letter to me dated November 15, 2000, enclosed you will find office examination notes of Dr. R. Dale Bernauer dated February 14, 2000, March 8, 2000, April 12, 2000, May 3, 2000, June 7, 2000, July 10, 2000, and August 30, 2000.

      With best regards, I remain

                                          Sincerely,

                                          DANNY J. LIRETTE

eb

Enclosures

cc:   Mr. Todd Ballard Hines
        Salter, Streete & Hale
        Mr. John A. Bolles (w/enclosures)
        Mr. David K. Johnson (w/enclosures)

10 PROFESSIONAL DRIVE • P.O. BOX 2… …NA 70361
TEL. (504) 876-3377 • FACS…

**Bernauer Clinic**     R. Dale Bernauer, M.D.          Stephen J. Flood, M.D.

4150 Nelson Rd. Bldg. D Suite 1
Lake Charles, LA 70605
Phone: 337-474-6960   Fax: 337-474-6970

## OFFICE EXAMINATION

TODD HINES - 25316
08/30/2000

<u>EXAMINATION:</u>  I EXAMINED THIS 37-YEAR-OLD WHITE MALE ON 08/30/00. THE PATIENT AT THIS TIME EXPRESSES HIS DESIRE TO GO FORWARD WITH SURGERY.  HE COMPLAINS OF CONTINUED BACK PAIN AND STATES HE FEELS HE HAS NO IMPROVEMENT IN HIS CONDITION SINCE HIS PREVIOUS EXAMINATION.

<u>TREATMENT PLAN:</u>  WE WILL ATTEMPT TO SCHEDULE THE PATIENT FOR SURGERY.  HE WILL BE FOLLOWED AFTER THIS HAS BEEN COMPLETED.

<u>MEDICATION:</u> NONE DISPENSED THIS VISIT.


DR BERNAUER/rm
<u>DX:</u> HNP, LUMBAR SPINE.


EXHIBIT "G"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of Bruce Investment Co., Inc. as the Owner of M/V SUPPLIER, and Gulf Tran, Inc., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 46 U.S.C. §§ 183 *et seq.* | CIVIL ACTION<br><br>NO.   00-372<br><br>§S(2)<br><br>JUDGE LEMMON<br>MAGISTRATE JUDGE WILKINSON |

### ORDER

The Court having considered the motion of Plaintiffs in Limitation, Gulf Tran, Inc. and Bruce Investment Company, Inc., to continue the present trial setting and set new cut-off dates in this case and/or to review the ruling of the Magistrate Judge entered on November 29, 2000 and having been advised that there is no opposition thereto;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** all deadlines set by the Court in this matter, the Pre-trial Conference and the Trial Setting of February 5, 2001 are hereby continued to be reset by the Court at a telephone scheduling conference on January 25, 2001, at 10:30 am before the Courtroom Deputy. It is further ordered that the discovery obligations imposed upon the Limitation Plaintiffs by the Minute Entry entered on November 29, 2000 are hereby suspended.

DONE THIS ___6___ day of December, 2000; New Orleans, Louisiana.

HONORABLE UNITED STATES DISTRICT COURT
JUDGE MARY ANN VIAL LEMMON

Respectfully submitted,

*[signature]*

FRED E. SALLEY (11665)
LEE M. PEACOCKE (18374)
SALLEY & ASSOCIATES
3445 N. Causeway Blvd., Ste. 510
Metairie, LA 70002
(504)846-4260
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.