FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 15 PM 3: 20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of ) | Civil Action |
| Bruce Investment Co., Inc., as the ) | |
| Owner of M/V SUPPLIER, and ) | No. 00-0372 |
| Gulf Tran, Inc., as the Operator of ) | |
| M/V SUPPLIER, Praying for Exoneration ) | Section "S" |
| from or Limitation of Liability Pursuant ) | |
| to 46 U.S.C. §§ 183 *et seq.* ) | Magistrate "2" |
| ) | |

## MOTION FOR STAY OF ALL PROCEEDINGS

NOW INTO COURT, through undersigned counsel, COMES WHITE WING INSPECTION, INC., and hereby moves for a stay of all proceedings. As is set forth with particularity in the accompanying memorandum, White Wing's insurer was placed into a rehabilitation as per the May 29, 2001 Order of Rehabilitation issued at the request of the Pennsylvania Commissioner of Insurance, and thereafter, on June 12, 2001, filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, thereby triggering an automatic stay under 11 U.S.C. section 362.

Respectfully submitted,

CERTIFICATE OF SERVICE
I do hereby certify that I have on this 15th day of June, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____
JOHN R. FITZGERALD (#16916)
McALPINE & COZAD
701 S. Peters Street, Suite 300
New Orleans, LA 70130
Phone: (504) 561-0323; Fax: 528-9442
Attorneys for White Wing Inspection, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of ) | Civil Action |
| Bruce Investment Co., Inc., as the ) | |
| Owner of M/V SUPPLIER, and ) | No. 00-0372 |
| Gulf Tran, Inc., as the Operator of ) | |
| M/V SUPPLIER, Praying for Exoneration ) | Section "S" |
| from or Limitation of Liability Pursuant ) | |
| to 46 U.S.C. §§ 183 *et seq.* ) | Magistrate "2" |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF ALL PROCEEDINGS

On May 29, 2001, the Commonwealth Court of Pennsylvania, upon request of the Insurance Commissioner of the Commonwealth of Pennsylvania, issued an Order directing that Reliance Insurance Company and all its subsidiaries (hereinafter "Reliance"), be placed into rehabilitation. Paragraph 22 of the Order requires that all actions currently pending against Reliance or an insured of Reliance be stayed. White Wing Inspection, Inc. is insured by Reliance. Undersigned counsel has been informed that Bruce Investment Co., Inc. and Gulf Tran, Inc., the owners and operators of the subject M/V SUPPLIER, are also insured by Reliance. Upon information and belief, Bruce Investment Co., Inc. and Gulf Tran, Inc. intend to join in this Motion for Stay.

On June 12, 2001, two weeks after the Order of Rehabilitation was issued, Reliance filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Pursuant to 11 U.S.C. section 362, all actions that could deplete property of the estate are

automatically stayed. Claims against an insured of Reliance are stayed by virtue of this automatic stay, since if allowed to proceed to judgment, these claims would increase the unsecured debt of Reliance, an insurer that is contractually obligated to satisfy judgments against its insureds.

Undersigned counsel has been defending other actions in this District wherein the defendants are insured by Reliance. These actions have also been stayed by orders signed this month by the Honorable Sarah Vance in *Laughlin v. Falcon Operators, Inc.*, Civil Action No. 00-1484, and by the Honorable Martin L.C. Feldman in *Guilbeau v. Coastwide Marine Services, Inc.*, No. 00-1603.

WHEREFORE, in light of the May 29, 2001 Order of Rehabilitation requiring a stay of any actions against Reliance and/or its insureds, and the June 12, 2001 bankruptcy filing by Reliance that triggers the section 362 stay, all proceedings in this action must be STAYED.

NEW ORLEANS, LOUISIANA this 15th day of June, 2001.

Respectfully submitted,

_____
JOHN R. FITZGERALD (#16916)
McALPINE & COZAD
701 S. Peters Street, Suite 300
New Orleans, LA 70130
Phone: (504) 561-0323; Fax: 528-9442
Attorneys for White Wing Inspection, Inc.

CERTIFICATE OF SERVICE
I do hereby certify that I have on this 15 day of June, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of ) | Civil Action |
| Bruce Investment Co., Inc., as the ) | |
| Owner of M/V SUPPLIER, and ) | No. 00-0372 |
| Gulf Tran, Inc., as the Operator of ) | |
| M/V SUPPLIER, Praying for Exoneration ) | Section "S" |
| from or Limitation of Liability Pursuant ) | |
| to 46 U.S.C. §§ 183 *et seq.* ) | Magistrate "2" |
| ) | |

## ORDER GRANTING MOTION FOR STAY OF ALL PROCEEDINGS

In light of the May 29, 2001 Order of Rehabilitation affecting Reliance Insurance Company and all of its subsidiaries ("Reliance"), which is the insurer of White Wing Inspection, Inc., Bruce Investment Company, Inc., and Gulf Tran, Inc., and the June 12, 2001 bankruptcy filing by Reliance in the United States Bankruptcy Court for the Southern District of New York, it is hereby ORDERED that this action be and the same hereby is STAYED pending further order of this Court.

NEW ORLEANS, LOUISIANA this ___ day of July, 2001.

_____
HONORABLE IVAN L.R. LEMELLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of ) | Civil Action |
| Bruce Investment Co., Inc., as the ) | |
| Owner of M/V SUPPLIER, and ) | No. 00-0372 |
| Gulf Tran, Inc., as the Operator of ) | |
| M/V SUPPLIER, Praying for Exoneration ) | Section "S" |
| from or Limitation of Liability Pursuant ) | |
| to 46 U.S.C. §§ 183 *et seq.* ) | Magistrate "2" |
| ) | |

NOTICE OF HEARING

TO:   All counsel of record

PLEASE TAKE NOTICE that the undersigned will bring the foregoing MOTION FOR STAY on for hearing before the Honorable Ivan L.R. Lemelle on July 11, 2001 at 10:00 a.m.

DATED this 15th day of June, 2001.

Respectfully submitted,

_____
JOHN R. FITZGERALD (#16916)
McALPINE & COZAD
701 S. Peters Street, Suite 300
New Orleans, LA 70130
Phone: (504) 561-0323; Fax: 528-9442
Attorneys for White Wing Inspection, Inc.

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of June, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken,  :
Insurance Commissioner of the  :
Commonwealth of Pennsylvania,  :
                Plaintiff  :
     v.  :
Reliance Insurance Company,  :
                Defendant  :  Docket No. 269 MD 2001

## ORDER

AND NOW, this 29th day of May, 2001, upon consideration of the Petition for Rehabilitation ("Petition") filed by the Insurance Commissioner of the Commonwealth of Pennsylvania ("Commissioner"), the Court hereby finds that it is in the best interest of Reliance Insurance Company ("Reliance"), its policyholders, certificateholders and creditors, and the public, that Reliance be placed into Rehabilitation in accordance with provisions of Article V of the Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, as amended, 40 P.S. §§221.1-221.63, and that sufficient grounds exist for the entry of an Order of Rehabilitation ("Order"), based on Reliance's consent to rehabilitation under 40 P.S. §221.14(12). All references to "Reliance" hereinafter shall include the former subsidiaries which were previously merged into Reliance by approval of the Commissioner: Reliance National Indemnity Company, Reliance National Insurance Company, United Pacific Insurance Company, Reliance Direct Company,

Reliance Surety Company, Reliance Universal Insurance Company, United Pacific Insurance Company of New York and Reliance Insurance Company of Illinois

NOW, therefore, it is hereby ORDERED, JUDGED AND DECREED that:

1. The Petition for Rehabilitation filed by the Commissioner is granted.

2. Reliance is hereby placed in rehabilitation pursuant to the provisions of Article V of the Insurance Department Act, supra.

3. M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, is, and her successors in office are, hereby appointed Rehabilitator of Reliance, directed to take immediate possession of its property, business and affairs as Rehabilitator pursuant to the provisions of Article V of the Insurance Department Act, supra, and to take such action as the nature of this case and the interests of the policyholders, certificateholders, creditors, or the public may require.

4. The Rehabilitator shall have full powers and authority given the Rehabilitator under Article V of the Insurance Department Act, supra, and under provisions of all other applicable laws, as are reasonable and necessary to fulfill the duties and responsibilities of the Rehabilitator under Article V of the Insurance Department Act, supra, and under this Order.

## ASSETS OF THE ESTATE

5.  As provided in Section 515(c) of Article V of the Insurance Department Act, supra, as Rehabilitator, the Commissioner is hereby directed to take possession of the assets (including the assets of Reliance Lloyds), contracts and rights of action of Reliance, of whatever nature and wherever located, whether held directly or indirectly. According to Section 515(c), supra, "the filing or recording of this Order with the clerk of the Commonwealth Court or recorder of deeds of the county in which the principal business of Reliance is conducted, or the county in which its principal office or place of business is located, shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted."

6.  All banks, investment bankers, or other companies, entities, or persons having in their possession assets which are, or may be, the property of Reliance are hereby ordered to advise the Rehabilitator, any agents and attorneys for the Rehabilitator (collectively, the "Rehabilitator") immediately of such assets and to identify such assets for the Rehabilitator, and are further ordered not to disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of such assets without the prior written consent of, or unless directed in writing by, the Rehabilitator. Any checks or other payments which have, as of the date of this Order, been actually mailed or actually delivered to the payee will, provided same are otherwise proper and in compliance with relevant law, be honored without prejudice to the rights of the Rehabilitator regarding recoupment from the recipient. Such persons and entities, and all other persons and

3

entities, are enjoined from disposing of or destroying any records pertaining to any business transactions between Reliance and banks, brokerage houses or other persons or companies having done business with Reliance or having in their possession assets, which are, or were, the property of Reliance.

7. All insurance agents, brokers or other persons having sold policies of insurance and/or collected premiums on behalf of Reliance shall account for all earned premiums and commissions and shall account for and pay all premiums and commissions unearned due to policies canceled in the normal course of business, directly to the Rehabilitator at the offices of Reliance within 30 days of the date of this Order, or the date of receipt, whichever is later, or appear before this Court to show good cause as to why they should not be required to account to the Rehabilitator. No insurance agent, broker, or other person shall use premium monies owed to Reliance for refund of unearned premiums or for any purpose other than payment to the Rehabilitator. Such insurance agents, brokers or other persons may be held in contempt of Court for violation of the provisions of this Order.

8. At the request of the Rehabilitator, all attorneys employed or retained by Reliance as of the date of this Order shall, within 30 days of such request, report to the Rehabilitator the name, company claim number, if applicable, and status of each case or matter they are handling on behalf of Reliance.

9. At the request by the Rehabilitator, any company providing telephone service to Reliance shall provide new telephone numbers and refer calls from the numbers presently assigned to Reliance to any such new numbers and perform any other changes necessary to the conduct of the Rehabilitation of Reliance.

10. Any premium finance company which has entered into a contract to finance a policy which has been issued by Reliance shall pay the premium owed to Reliance directly to the Rehabilitator at the Offices of Reliance.

11. The United States Postal Service is requested to provide any information requested regarding Reliance and to handle future deliveries of Reliance mail, as directed by the Rehabilitator.

12. Any entity furnishing water, electric, sewage, garbage or trash removal services to Reliance shall maintain such services and transfer any such accounts to the Rehabilitator as of the date of this Order, unless instructed to the contrary by the Rehabilitator.

13. Any outside entity which has custody or control of any data processing information and records including, but not limited to, source documents, all types of electronically stored information, master tapes or any other recorded information relating to Reliance, shall transfer, at the request of the Rehabilitator, custody and control of such records to the Rehabilitator.

14. At the request of the Rehabilitator, Reliance, its officers, directors, trustees, employees, agents and attorneys are hereby ordered to deliver to the Rehabilitator keys or access codes to the premises where Reliance conducts its business and to any safe deposit boxes, and to advise the Rehabilitator of the combinations or access codes of any safes or safe keeping devices of Reliance.

15. Reliance, its officers, directors, trustees, employees, agents and attorneys are hereby ordered to identify for the Rehabilitator all of the assets, books, records, files, credit cards, or other property of Reliance, to tender or make readily available to the Rehabilitator, at the Rehabilitator's request, all of the foregoing, and to advise and cooperate with the Rehabilitator in identifying and locating any of Reliance's assets.

16. Except for policies and contracts of insurance, the Rehabilitator, in her discretion, may affirm or disavow any executory contracts to which Reliance is a party. The entry of this Order of Rehabilitation shall not constitute an anticipatory breach of any such contracts.

## EXPENSES, POLICYHOLDER AND CERTIFICATEHOLDER CLAIMS, OTHER PAYMENTS AND LAWSUITS

17. The Rehabilitator may, in her discretion, pay expenses incurred in the ordinary course of Reliance's business in rehabilitation and may, in her discretion, pay

the actual, reasonable, and necessary costs of preserving or recovering the assets of Reliance and the costs of goods and services provided to Reliance's estate. Such costs shall include but not be limited to: (a) reasonable professional fees for accountants, actuaries, attorneys and consultants with other expertise retained by the Commonwealth of Pennsylvania Insurance Department ("Department"), the Commissioner or the Rehabilitator to perform services relating to the Rehabilitation of Reliance or the preparation, implementation, or operation of a rehabilitation plan; (b) compensation and other costs related to representatives and employees of Reliance; and (c) a reasonable allocation of costs and expenses associated with time spent by Department personnel in connection with the rehabilitation of Reliance.

18. The Rehabilitator may, in her discretion, pay claims for losses under policies and contracts of insurance and loss adjustment expenses as identified in Section 544(b) of the Insurance Department Act, supra, 40 P.S. §221.44(b). Such discretion of the Rehabilitator shall include the discretion not to pay bad faith claims or claims for extra-contractual damages.

19. No payments of any type shall be made to any claimant of Reliance as identified in Section 544 (c) through (i) of the Insurance Department Act of 1921, supra, 40 P.S. §221.44 (c) through (i), except in the discretion of the Rehabilitator

7

20. All persons, in the Commonwealth or elsewhere, are enjoined and restrained from: (a) instituting or further prosecuting any action in law or equity against Reliance or the Rehabilitator; (b) obtaining preferences, judgments, attachments, garnishments or liens, including obtaining collateral in any litigation, mediation, or arbitration involving Reliance, the Rehabilitator, or Reliance's assets and property; (c) levying any execution process against Reliance, the Rehabilitator or Reliance's assets and property in the Commonwealth of Pennsylvania or elsewhere; and (d) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to Reliance.

21. Reliance shall not post additional statutory security deposits in any state.

22. All actions currently pending against Reliance in the Courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed. All actions currently pending in the Courts of the Commonwealth of Pennsylvania or elsewhere against an insured of Reliance are stayed for 60 days or such additional time as the Rehabilitator may request. This Order shall not preclude any action from proceeding prior to the expiration of 60 days provided that the Rehabilitator and the parties to any such pending actions have so agreed to proceed.

23. No judgment or order against Reliance or an insured of Reliance entered after the date of filing of the Petition for Rehabilitation and no judgment or order against

8

Reliance or an insured of Reliance entered at any time by default or by collusion need be considered as evidence of liability or quantum of damages by the Rehabilitator.

## REINSURANCE

24.  The amounts recoverable by the Rehabilitator from any reinsurer of Reliance shall not be reduced as a result of this rehabilitation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of Reliance is without first obtaining leave of Court, hereby enjoined and restrained from terminating, canceling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with Reliance.  The Rehabilitator may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in rehabilitation.

## NEW OR RENEWAL BUSINESS

25.  The Rehabilitator is authorized to accept or reject new or renewal business.

## INJUNCTION AGAINST INTERFERING WITH REHABILITATION

26.  Until further order of this Court, all persons, corporations, partnerships, associations, custodians, and all other entities, wherever located, are hereby enjoined and

9

restrained from interfering in any manner with the Rehabilitator's possession, title and rights to the assets and property of Reliance and from interfering in any manner with the conduct of the rehabilitation of Reliance Those persons, corporations, partnerships, associations, custodians, and all other entities are hereby enjoined and restrained from wasting, transferring, selling, concealing, terminating, canceling. destroying, disbursing, disposing of, or assigning any assets, contracts, causes of action, funds, records or other property of any nature of Reliance.

## INJUNCTION AGAINST ACTIONS BY SECURED CREDITORS

27. All secured creditors or parties, pledgees, lienholders, collateral holders or other person claiming secured, priority or preferred interests in any property or assets of Reliance are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach, dispose of, or exercise, purported rights in or against any property or assets of Reliance.

## NOT A DECLARATION OF INSOLVENCY

28. This Order shall not be deemed a finding or declaration of insolvency such as would activate the provisions of the Pennsylvania Property and Casualty Insurance Guaranty Association Act, 40 P.S. §§991.1801-9911.1820, or the Pennsylvania Life and Health Insurance Guaranty Association Act, 40 P.S. §§991.1701-991.1718, or the provisions of similar acts of any other state.

## JURISDICTION

29. This Court shall retain jurisdiction for all purposes necessary to effectuate and enforce this Order.

BY THE COURT,

*Joseph I. Doyle*, J.

May 29, 2001

Certified from the Record

MAY 2 9 2001

and Order Exit

11

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code on 06/12/2001 at 01:13 AM.

**Reliance Group Holdings, Inc.**
5 Hanover Square
New York, NY 10005
Tax id: 13-3082071

The case was filed by the debtor's attorney:

**Steven R. Gross**
Debevoise & Plimpton
875 Third Avenue
New York, NY 10022-6225
(212) 909-6000

The case was assigned case number 01-13404 to Judge Arthur J. Gonzalez.

The filing of a bankruptcy case automatically stays certain actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.nysb.uscourts.gov/index.html or at the Clerk's Office in Manhattan, White Plains or Poughkeepsie.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Kathleen Farrell**
**Clerk, U.S. Bankruptcy Court**

**MEGA**

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
### Bankruptcy Petition #: 01-13403-ajg

*Assigned to:* Judge Arthur J. Gonzalez
Chapter 11
Voluntary
Asset

*Date Filed:* 06/12/2001

**Reliance Financial Services Corporation**
5 Hanover Square
New York, NY 10005
Tax id: 51-0113548
*Debtor*

represented by **Steven R. Gross**
Debevoise & Plimpton
875 Third Avenue
New York, NY 10022-6225
(212) 909-6000
Fax : (212) 909-6836
Email: srgross@debevoise.com

**United States Trustee**
Office of United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
*U.S. Trustee*

| Filing Date | # | Docket Text |
| --- | --- | --- |
| 06/12/2001 | 1 | Voluntary Petition (Chapter 11). Order for Relief Entered. *(Missing Schedules, Statement of Financial Affairs, and Attorney Disclosure Statement)*. Filed by Steven R. Gross of Debevoise & Plimpton on behalf of Reliance Financial Services Corporation. (Attachments: # 1 Resolutions adopted by the Board of Directors# 2 List of the largest unsecured creditors) (Gross, Steven) (Entered: 06/12/2001) |
| 06/12/2001 | 2 | Affidavit *pursuant to Local Rule 1007-2* filed by Steven R. Gross on behalf of Reliance Financial Services Corporation. (Gross, Steven) (Entered: 06/12/2001) |
| 06/12/2001 | 3 | Motion for Joint Administration *with In Re: Reliance Group Holdings, Inc. (01-13404)* filed by Steven R. Gross on behalf of Reliance Financial Services Corporation. (Gross, Steven) (Entered: 06/12/2001) |