FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -4  PM 3: 22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## MOTION TO REOPEN

Now comes Claimant, Todd Ballard Hines, through undersigned counsel, who suggests to the Court as follows:

1.

On or about July 13, 2001, this Court ordered this action closed for statistical purposes as the result of the rehabilitation of Reliance Insurance Company. See Exhibit A attached hereto.

2.

Since this Court's order, circumstances have changed. Reliance has since gone into liquidation and the Pennsylvania stay has expired effective January 3, 2002. See Exhibit B attached hereto.

3.

Counsel for defendants have been contacted and counsel for defendant Gulf Tran has expressed opposition to this motion.

4.

Since the stay has expired, there is no further legal prohibition to going forward with this case. This matter should now be reopened and returned to the trial docket for the purpose of scheduling a preliminary conference to re-establish a trial date and appropriate cut off dates.

WHEREFORE, claimant, Todd Ballard Hines, moves for an Order reopening the above captioned matter, returning this matter to the trial docket.

Respectfully submitted,

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana 70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 1st day of February, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

Danny J. Lirette    -    #8619



UNITED STATES DISTRICT COURT
FILED

EASTERN DISTRICT OF LOUISIANA
Loretta G. Whyte
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT
OF BRUCE INVESTMENT CO., INC.,
as the owner of M/V Supplier,
and Gulf Tran, Inc., as the
Operator of M/V SUPPLIER,
Praying for Exoneration from
Limitation of Liability

CIVIL ACTION

NO: 00-372

SECTION: "S"

### ORDER

The Court granted as unopposed the motions for stay of all proceedings of White Wing Inspection, Inc., Gulf Tran, Inc., and Bruce Investment Company.

IT IS ORDERED that the Clerk of Court mark this action closed for statistical purposes, and,

IT IS FURTHER ORDERED that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana, this _12_ day of July, 2001.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

DATE OF ENTRY

JUL 13 2001

EXHIBIT

A

RECEIVED JUL 13 2001

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken,                    :
Insurance Commissioner of the      :
Commonwealth of Pennsylvania,      :
     Plaintiff                    :
                :
     v.                           :
                :
Reliance Insurance Company,         : No. 269 M.D. 2001
     Defendant                   :

## ORDER OF LIQUIDATION

       **AND NOW**, this 3rd day of October, 2001, upon consideration of the Petition of M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as Rehabilitator of Reliance Insurance Company for Liquidation in accordance with Article V of the Insurance Department Act of 1921, as amended, 40 P.S. §211, et seq. and the Consent thereto, it is hereby **ORDERED** and **DECREED** that said Petition is **GRANTED**.

EXHIBIT

_B_

It is further **ORDERED** and **DECREED** that:

1.    The rehabilitation of Reliance Insurance Company ("Reliance" or the "Company") commenced under this Court's Order of May 29, 2001 is hereby **TERMINATED**.

2.    Reliance is hereby found to be and is declared **INSOLVENT**, as that term is defined in 40 P.S. §§ 221.3, and as provided in 40 P.S. §§ 221.14(1) and 221.19.

3.    Commissioner M. Diane Koken and her successors in office (the "Commissioner") are hereby **APPOINTED** Liquidator of Reliance and the Liquidator or her designees (the "Liquidator") are directed immediately to take possession of Reliance's property, business and affairs as Liquidator, and to liquidate Reliance in accordance with Article V of the Insurance Department Act of 1921, as amended (40 P.S. §§211 et seq.) (the "Act"), and to take such action as the interest of the policyholders, creditors or the public may require.

4.    The Liquidator is hereby **VESTED** with all the powers, rights, and duties authorized under the Act and other applicable law.

## ASSETS OF THE ESTATE

5.    The Commissioner, as Liquidator, is vested with title to all property, assets, contracts and rights of action ("assets") of Reliance, of whatever nature and wherever located, whether held directly or indirectly, as of the date of the filing of the Petition for Liquidation.    All assets of Reliance are hereby found to be in custodia legis of this Court; and this

2

Court specifically asserts, to the fullest extent of its authority, (a) in rem jurisdiction over all assets of the Company wherever they may be located and regardless of whether they are held in the name of the Company or any other name; (b) exclusive jurisdiction over all determinations of the validity and amount of claims against Reliance; and (c) exclusive jurisdiction over the determination of the distribution priority of all claims against Reliance.

6.    The filing or recording of the Order with the clerk of the Commonwealth Court or with the recorder of deeds of the county in which the principal business of Reliance is conducted, or the county in which its principal office or place of business is located, shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted.

7.    All banks, investment bankers, companies, other entities or other persons having in their possession assets which are, or may be, the property of Reliance, shall, unless otherwise instructed by the Liquidator, deliver the possession of the same immediately to the Liquidator, and shall not disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of the same without the prior written consent of, or unless directed in writing by, the Liquidator.

8.    All persons and entities are enjoined from disposing of or destroying any records pertaining to any transactions between Reliance and any party.

9.    The amount recoverable by the Liquidator from any reinsurer shall not be reduced as a result of this Order of Liquidation,

3

regardless of any provision in a reinsurance contract or other agreement. Payment made directly by the reinsurer to an insured or other creditor of Reliance shall not diminish the reinsurer's obligation to Reliance, except to the extent provided by law.

10.    All agents, brokers, and other persons having sold policies of insurance issued by Reliance shall account for and pay all unearned commissions and all premiums, collected and uncollected, for the benefit of Reliance directly to the Liquidator, within 30 days of notice of this Order. No agent, broker, reinsurance intermediary or other person shall disburse or use monies which come into their possession and are owed to, or are claimed by, Reliance for any purpose other than payment to the Liquidator.

11.    If requested by the Liquidator, all attorneys employed or retained by Reliance or performing legal services for Reliance as of the date of this Order shall, within 30 days of such request, report to the Liquidator the name, company claim number (if applicable) and status of each matter they are handling on behalf of Reliance. Said report shall include the full caption, docket number and name and address of opposing counsel in each case and an accounting of any funds received from or on behalf of Reliance for any purpose and in any capacity.

12.    Any entity furnishing telephone, water, electric, sewage, garbage, delivery, trash removal, or utility services to Reliance shall maintain such service and create a new account for the Liquidator as of the date of this Order upon instruction by the Liquidator.

4

13. Any entity (including any affiliate of Reliance) which has custody or control of any data processing information and records (including but not limited to source documents, all types of electronically stored information, master tapes or any other recorded information) relating to Reliance, shall transfer custody and control of such records in a form readable by the Liquidator to the Liquidator as of the date of this Order, unless instructed to the contrary by the Liquidator.

14. Any entity (including any affiliate of Reliance) furnishing claims processing or data processing services to Reliance shall maintain such services and transfer any such accounts to the Liquidator as of the date of this Order, unless instructed to the contrary by the Liquidator.

15. Reliance, its affiliates, and their officers, directors, trustees, employees, consultants, agents, and attorneys, shall: surrender peacefully to the Liquidator the premises where Reliance conducts its business; deliver all keys or access codes thereto and to any safe deposit boxes; advise the Liquidator of the combinations or access codes of any safe or safekeeping devices of Reliance or any password or authorization code or access code required for access to data processing equipment; and shall deliver and surrender peacefully to the Liquidator all of the assets, books, records, files, credit cards, and other property of Reliance in their possession or control, wherever located, and otherwise advise and cooperate with the Liquidator in identifying and locating any of the foregoing.

16. Except for contracts of insurance and for reinsurance, all executory contracts to which Reliance is a party as of the date of this Order

5

may be affirmed or disavowed by the Liquidator within 90 days of the date of this Order.

## CONTINUATION AND CANCELLATION OF COVERAGE

17.    All policies and contracts of insurance, whether issued within this Commonwealth or elsewhere, in effect on the date of this Order shall continue in force only with respect to risks in effect at that time, for the lesser of the following:  (a) thirty days from the date of this Order; (b) until the normal expiration of the policy or contract providing insurance coverage; (c) until the insured has replaced the insurance coverage with equivalent insurance with another insurer or otherwise terminated the policy; or (d) until the Liquidator has effected a transfer of the policy obligation pursuant to Section 221.23(8).    All policies or contracts of insurance issued by Reliance are hereby cancelled and terminated for all purposes effective thirty days from the date of this Order.

## WORKERS COMPENSATION AND PERSONAL INJURY PROTECTION CLAIMS

18.    For a period not to exceed 90 days from entry of this Order, the Liquidator is authorized but not obligated, in her sole discretion, to make arrangements for the continued payment in full of the claims under policies of workers compensation and under policies providing personal injury protection (PIP) by making the facilities, computer systems, books, records and arrangements with third party administrators (to the extent possible) of Reliance available for the processing and payment of such

6

claims, to any affected guaranty association (or other entity that is the functional equivalent) and to states and state officials holding statutory deposits for the benefit of such workers compensation and PIP claimants, provided, however, that such guaranty associations, states or state officials shall provide or make available the funds to make the actual payment of such claims. In circumstances where a guaranty association certifies in writing to the Liquidator that it does not have the immediate ability to fund the payment of workers compensation and PIP claims that are its obligation by law, the Liquidator is authorized to advance the funds, if available, from Reliance to pay such claims on a temporary basis for a period not to exceed 90 days, provided that the guaranty association enters into a written agreement that such advances shall be treated as a distribution pursuant to 40 P.S. §221.36. The Liquidator shall have the discretion to accept such interim assurances as she deems adequate in lieu of a formal agreement.

## NOTICE AND PROCEDURES FOR FILING CLAIMS

19.    The Liquidator shall give notice by first-class mail to all persons which or who may have claims against Reliance, contingent or otherwise, as disclosed by its books and records, and advising claimants to file with the Liquidator their claims together with proper proofs thereof on or before the date (which shall be no earlier than one year from the date of the notice) the Liquidator shall specify therein. The Liquidator shall also cause a notice to be published in newspapers of general circulation where Reliance has its principal places of business, as well as in the national edition of the Wall Street Journal, (a) specifying the last day for the filing of claims; (b) advising all persons of the procedure by which all persons may

7

present their claims to the Liquidator; (c) advising all persons of the Liquidator's office wherein they may present their claim; and (d) advising all persons of their right to present their claim or claims to the Liquidator. Any and all persons, firms, or corporations having or claiming to have any accounts, debts, claims or demands against Reliance, contingent or otherwise, or claiming any right, title, or interest in any funds or property in the possession of the Liquidator are required to file with the Liquidator at the location designated in the above-described notices, on or before the date specified by the Liquidator as the last date upon which to file a claim (which shall be no earlier than one year from the date of the notice), a properly completed proof of claim or be thereafter barred as claimants against any assets in the hands of the Liquidator, unless a late filing is permitted under 40 P.S. §221.37. No person shall participate in any distribution of the assets of Reliance unless such claims are filed and presented in accordance with and within the time limit established by the Liquidator, subject to the provisions for the late filing of claims in 40 P.S. §221.37.

## EXPENSES, PAYMENTS AND LAWSUITS

20. Without filing a petition for distribution, the Liquidator shall have the discretion to pay as costs and expenses of administration, pursuant to 40 P.S. §221.44, the actual, reasonable and necessary costs of preserving or recovering assets of Reliance and the costs of goods or services provided to and approved by Reliance (In Rehabilitation) or this Court during the period of Rehabilitation and that are unpaid as of the date of this Order. The rights and liabilities of Reliance and of its creditors,

policyholders, trustees, shareholders, members, and all other persons interested in this estate shall be determined in accordance with the Act as of the date of the filing of the Petition for Liquidation.

21. Reliance, its affiliates, or their directors, officers, trustees, employees, attorneys, brokers, consultants, agents, insureds, creditors, and any other persons, wherever located, are enjoined from: (a) the transaction of further business; (b) transferring, selling, concealing, terminating, canceling, destroying, disbursing, disposing of or assigning any assets, funds or other property of any nature; (c) any interference, in any manner, with Commissioner M. Diane Koken or her successors, or any of her designees in liquidating Reliance's business and affairs; (d) any waste of Reliance's assets or property; (e) the dissipation and transfer of bank accounts and negotiable instruments; (f) the institution or further prosecution of any actions in law or equity on behalf of or against Reliance; (g) the obtaining of preferences, judgments, attachments, garnishments or liens against Reliance's assets, property and policyholders; (h) the levy of execution process against Reliance and its assets, property and policyholders; (i) the negotiation or execution of any agreement of sale or deed conveying personal or real property for nonpayment of taxes or assessments or for any other purpose; (j) withholding from the Liquidator or her designees or removing, concealing, transferring or destroying books, accounts, documents, policies or policy related documents or other records relating to Reliance's business; (k) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to Reliance; (l) attempting to collect unpaid premiums, deductibles

9

or self insured retentions from Reliance's insureds; and (m) the taking of any other action which might lessen the value of Reliance's assets or property, prejudice the rights and interests of policyholders and creditors, or interfere in the administration of the proceeding.

22.    Unless the Liquidator consents thereto in writing, no action at law or equity, or arbitration or mediation, shall be brought against Reliance or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the date of this Order.    All actions, including arbitrations and mediations, currently pending against Reliance in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed.    All actions, arbitrations and mediations, against Reliance or the Liquidator shall be submitted and considered as claims in the liquidation proceeding.

23.    All proceedings in which Reliance is obligated to defend a party in any court of this Commonwealth are hereby stayed for ninety (90) days from the date this Order.    The Liquidator, pursuant to 40 P.S. §221.5(a), her designees and/or the Pennsylvania Property and Casualty Insurance Guaranty Association may petition this Court for extensions as needed in the exercise of their respective discretion.    With respect to suits and other proceedings in which Reliance is obligated to defend a party, pending outside the Commonwealth of Pennsylvania and in federal courts of the United States, this Order constitutes the request of this Court for comity in the imposition of a 90-day stay by such courts or tribunals, and that those courts afford this order deference by reason of this Court's responsibility for

10

and supervisory authority over the rehabilitation of Reliance, as vested in this Court by the Pennsylvania Legislature  The Liquidator is authorized to cooperate in assisting any guaranty association in any jurisdiction to enforce any stay of any action provided for in any relevant law of another state.  Any person that fails to honor a stay ordered by this Court or violates any provision of this Order, where such person has a claim against Reliance, shall have their claim subordinated to all other claims in the same class, with no payment being made with respect to such claim until all others in the same class have been paid in full, in addition to any other remedies available at law or in equity.

24.    No judgment or order against Reliance or its insureds entered after the date of filing of the Petition for Liquidation, and no judgment or order against Reliance entered at any time by default or by collusion, need be considered as evidence of liability or quantum of damages by the Liquidator.

25.    No action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in this Commonwealth or elsewhere against Reliance or the Liquidator, or their assets.

26.    All secured creditors or parties, pledges, lienholders, collateral holders or other person claiming secured, priority or preferred interests in any property or assets of Reliance are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach,

11

dispose of, or exercise, purported rights in or against any property or assets of Reliance except as provided in 40 P.S. §221.43.

27.    All references to "Reliance" herein shall include the former subsidiaries which were previously merged into Reliance Insurance Company with approval of the Commissioner, including Reliance National Indemnity Company, Reliance National Insurance Company, United Pacific Insurance Company, Reliance Direct Company, Reliance Surety Company, Reliance Universal Insurance Company, United Pacific Insurance Company of New York and Reliance Insurance Company of Illinois.

28.    This Order shall be effective on the date of entry specified above and supercedes this Court's Order of May 29, 2001.

29.    Further, this Order supercedes any order entered by this Court prior to 12:00 noon, October 3, 2001.

The Rehabilitator, through its counsel, is hereby directed to forthwith, serve a copy of this order upon all parties listed on the master service list via fax and/or e-mail and U.S. mail, if necessary. The Rehabilitator, through its counsel, is directed to file with the court in the Office of the Prothonotary, 9th Floor the Widener Building, 1339 Chestnut Street, Philadelphia, PA 19107, by 1:00 p.m. October 9, 2001 an affidavit, that service, as outlined above, has been effectuated.

JAMES GARDNER COLINS, Judge

12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## ORDER GRANTING THE MOTION TO REOPEN

Considering the foregoing motion and the attachments thereto;

**IT IS ORDERED** that the above captioned matter be reopened and returned to the trial

docket;

**IT IS FURTHER ORDERED** that a preliminary conference be scheduled in this matter for

the purpose of rescheduling the trial date and appropriate cut off dates.

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
HON. MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | | *     NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## MEMORANDUM IN SUPPORT OF MOTION TO REOPEN

MAY IT PLEASE THE COURT:

Reliance Insurance Company (hereinafter Reliance) insured the vessel owner/operators in this limitation proceeding. This limitation of liability proceeding was originally stayed by this Court as the result of a rehabilitation action filed by the Pennsylvania Insurance Commissioner for Reliance Insurance Company. The rehabilitation action was then converted by the Pennsylvania Insurance Commissioner to a liquidation proceeding on October 3, 2001. The order of the Pennsylvania Court stayed all proceedings in which Reliance was obligated to defend an insured for a period of 90 days. (See Page 10, Par 23 of exhibit B attached to mover's motion). That period has now expired. There is no further legal impediment to going forward with this case. The fact that

the vessel owner/operator may not be insured does not prohibit this action from moving to a conclusion.

The vessel owner/operator has objected to reopening this case on the grounds that Reliance is an indispensable party. It should be noted that Reliance was never a party to these limitation proceedings, and in fact the Court's original order restrained all parties from proceeding against the vessel owner/operator's insurer. The liquidation order in Pennsylvania prohibits any further action against Reliance except in the liquidation proceedings. (See Par 22, Page 10 of Exhibit B). The obligation of Reliance to defend and/or pay any claims for its insured is totally irrelevant to the issues in this limitation action. This matter involves a claim for a personal injury caused by the fault of the vessel owner/operator, for which the vessel owner/operator seeks exoneration and or limitation. There are no coverage issues and no issues regarding the obligation to defend which would require the presence of the insurer in these proceedings. The vessel owner/operator's insistence that Reliance is necessary is without merit and is being put forward to further delay these proceedings. Mr. Hines was injured in December 1998. He should be allowed to go forward to conclusion of his claim.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana 70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

Danny J. Lirette   -   #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

---

### NOTICE OF HEARING OF MOTION

---

TO:    All counsel of record:

THE FOREGOING MOTION CONSIDERED:

Claimant's Motion to Reopen will be heard on **Wednesday, February 20, 2002, at** ~~9:00~~ *10:00*

**a.m.** before Honorable ~~Magistrate Joseph C. Wilkinson, Jr.~~ *Mary Ann Vial Lemmon*, United States ~~Magistrate~~ *District* Judge for the

Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, or as soon thereafter as

counsel may be heard.

Houma, Louisiana, this 1st day of February, 2002.

Respectfully submitted,

_____

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana   70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____

Danny J. Lirette   -   #8619