

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

---

**MOTION TO FILE AMENDED ANSWER AND AMENDED CLAIM**

---

Now comes Claimant, Todd Ballard Hines, through undersigned counsel, who suggests to the Court as follows:

1.

Claimant desires to amend his answer and claim in this Limitation Proceeding to increase his claim from $750,000 to $950,000 and to assert a claim for a preferred maritime lien against the M/V SUPPLIER. See Exhibit A attached hereto.

2.

The attorney for the vessel owner and operator has refused to consent to the amendment sought by claimant. See exhibit B attached hereto.

3.

This amendment does not bring in any additional defendants and will not delay any of the proceedings. The amendment simply increases claimant's demand for damages and requests a ruling on a claim for a preferred maritime lien on the vessel in a case where the owner and operator's insurer (Reliance Insurance Company) is insolvent.

4.

Since counsel for the owner and operator has objected to filing of this amended pleading, claimant now seeks leave of Court under Federal Rule 15(a).

WHEREFORE, claimant, Todd Ballard Hines, moves for an Order allowing the filing of his Amended Answer and Amended Claim, a copy of which is attached hereto as exhibit A.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (985)  876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of April, 2002, served a copy of the foregoing

pleading on counsel for all parties to this proceeding, by mailing the same by United States mail,

properly addressed and first class postage prepaid.

Danny J. Lirette   -   #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | | *      NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## CERTIFICATE IN COMPLIANCE WITH LOCAL RULE 7.6

MAY IT PLEASE THE COURT:

Counsel for Gulf Tran, Inc., and Bruce Investment Co., Inc. have refused to grant consent

to the filing and granting of a request to amend Todd Ballard Hines' Answer and Claim. All other

counsel have granted consent. Counsel for Claimant Todd Hines forwarded a copy of the proposed

Amended Answer and Claim. The response from counsel for Gulf Tran and Bruce Investment is

attached hereto as Exhibit B.

Respectfully submitted,

_____

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (985)  876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of April, 2002, served a copy of the foregoing

pleading on counsel for all parties to this proceeding, by mailing the same by United States mail,

properly addressed and first class postage prepaid.

_____

Danny J. Lirette   -   #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## MEMORANDUM IN SUPPORT OF
## MOTION TO FILE AMENDED ANSWER AND AMENDED CLAIM

MAY IT PLEASE THE COURT:

This is a Limitation proceeding wherein the underwriter (Reliance Insurance Co.) for the

vessel owner and operator has been declared insolvent. Claimant is not aware of the solvency of the

underwriter for the bond filed when this limitation was commenced.

Claimant seeks to amend his Answer and Claim to assert a preferred maritime lien on the

vessel in the event his in personam claim against the vessel owner and/or operator is proved to be

unpayable by the owner and operator.

Claimant was a passenger that was injured on the M/V SUPPLIER. A claim by a passenger

for personal injuries is a claim based on maritime tort. Federal law defines a preferred maritime lien

as lien on a vessel "for damage arising out of maritime tort". 46 USC 31301 (5)(B).

Claimant reminds the court that the issue before the Court is not the merits of Claimant's claims but whether or not leave should be allowed to file these amendments. Leave to amend should be freely given in absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment. Foman v. Davis, 371 U.S. 178, 181(1962), 83 S.Ct. 227, 230 (1962). This matter has just been reopened and is set for trial December 9, 2002. This amendment will not cause undue delay. There is no reason to refuse leave to grant this amendment.

Respectfully submitted,

_____

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana 70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of April, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____

Danny J. Lirette  -  #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## ORDER GRANTING THE MOTION TO FILE
## AMENDED ANSWER AND AMENDED CLAIM

Considering the foregoing motion and the attachments thereto;

**IT IS ORDERED** that Claimant, Todd Ballard Hines, is granted leave to amend his Answer

and Claim, as set forth in exhibit A.

New Orleans, Louisiana, this _____ day of _____, 2002.

_____
HON. MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

---

## NOTICE OF HEARING OF MOTION

---

TO:     All counsel of record:

THE FOREGOING MOTION CONSIDERED:

Claimant's Motion to File Amended Answer and Amended Claim will be heard on

**Wednesday, May 22, 2002, at 9:00 a.m.** before Honorable ~~Mary Ann Vial Lemmon~~ *Joseph Wilkinson*, United States

~~District~~ *Mag.,* Judge for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, or

as soon thereafter as counsel may be heard.

Houma, Louisiana, this 18th day of April, 2002.

Respectfully submitted,

_____

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana   70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of April, 2002, served a copy of the foregoing

pleading on counsel for all parties to this proceeding, by mailing the same by United States mail,

properly addressed and first class postage prepaid.

_____

Danny J. Lirette   -   #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

---

**AMENDED ANSWER**

---

**NOW INTO COURT**, through undersigned counsel of record, comes TODD BALLARD HINES, who for answer to the Complaint for Exoneration From or Limitation of Liability filed herein by Bruce Investment Co., Inc. and Gulf Tran, Inc., respectfully represents the following:

1.

The allegations contained in Paragraph I are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph II are denied for lack of sufficient information to justify a belief therein.



3.

The allegations contained in Paragraph III are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph IV are admitted.

5.

The allegations contained in Paragraph V are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph VII are denied.

8.

The allegations contained in Paragraph VIII are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph IX are denied.

10.

The allegations contained in Paragraph X are denied.

11.

The allegations contained in Paragraph XI are denied.

12.

The allegations, statements and conclusions set forth in the prayer of the petition are denied.

**AND NOW, further** answering, respondent respectfully represents:

I.

Respondent alleges that the accident which occurred on December 24, 1998, on the M/V SUPPLIER was due to the negligence, carelessness an fault of Gulf Tran, Inc. and/or Bruce Investment Co, Inc. and/or others who are not parties to this proceeding.

II.

Respondent alleges that the accident which happened on the M/V SUPPLIER which injured respondent and caused the losses and damages of respondent, was due to the defects in the M/V SUPPLIER in that the vessel did not have the necessary and proper equipment; with the privity and knowledge of the petitioners; all of which will be shown at the trial of this matter.

III.

Respondent alleges that his injuries, losses and damages were caused by the negligence, carelessness, and fault of the petitioners, and the defective condition of the M/V SUPPLIER, with privity and knowledge of said owner, all of which was known to petitioners prior to the occurrence.

IV.

Respondent alleges that the M/V SUPPLIER and its freight had a market value far in excess of the $550,000 alleged value of the M/V SUPPLIER immediately following this casualty and the

Court should appoint a Commissioner in due course to appraise said vessel.

V.

Respondent further alleges that the petition of Bruce Investment Co., Inc. and Gulf Tran, Inc.,

should be denied due to the negligence of Bruce Investment Co., Inc. and Gulf Tran, Inc.

VI.

Respondent further alleges that he is a resident of the State of Louisiana; that the said

petitioners have liability insurance covering this occurrence; and that respondent should be permitted

to file suit against the underwriters of petitioners under the direct action statute of the State of

Louisiana.

VII.

Respondent further alleges that there was insurance coverage on the M/V SUPPLIER

insuring petitioners in the event of an occurrence such as that which is the subject of respondent's

claims, and said proceeds of said insurance policies should be included in this limitation proceeding,

in the event the Court determines that the limitation proceedings are appropriate based on the facts

of this accident.

VIII.

Respondent alleges that petitioners have failed to provide adequate security and that this

limitation of liability proceeding was filed untimely, and for these reasons, this petition should be

dismissed.

IX.

The insurer for Bruce Investment Co., Inc. and Gulf Tran, Inc. has been declared insolvent. Claimant hereby requests this Court to recognize his preferred maritime lien as defined by 46 U.S.C. 31301(5)(B) on the M/V SUPPLIER in the event there is insufficient security posed by the defendants.

**WHEREFORE**, respondent, TODD BALLARD HINES, respectfully prays:

1. That this Answer be deemed good and sufficient, and after due proceedings are had, there be judgment herein in favor of respondent, Todd Ballard Hines, and against the petitioners, Bruce Investment Co., Inc., and Gulf Tran, Inc., dismissing the Complaint for Exoneration From or Limitation of Liability;

2. That, in the alternative, the Court should appoint a Commissioner to appraise the vessel;

3. That the respondent should be permitted to file a direct action suit against the underwriters of petitioners;

4. That the Court recognize respondent's preferred maritime lien on the M/V SUPPLIER; and

5. For all further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

_____

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana 70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

     I do hereby certify that I have on this 18th day of April, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____

Danny J. Lirette - #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

**AMENDED CLAIM ON BEHALF OF TODD BALLARD HINES**

TODD BALLARD HINES claims the amount of NINE HUNDRED FIFTY THOUSAND

AND NO/100 ($950,000.00) DOLLARS and in support of said claim sets forth the following:

I.

TODD BALLARD HINES has instituted a claim for damages against Gulf Tran, Inc., All

Seas Contractors, Inc., and White Wing Inspection, Inc., as a result of the losses and damages

sustained by claimant as a result of the accident which injured claimant on December 24, 1998.

II.

Claimant is demanding the sum of NINE HUNDRED FIFTY THOUSAND AND NO/100

($950,000.00) DOLLARS in damages for injuries he sustained in an accident while claimant was

a passenger aboard the M/V SUPPLIER. The M/V SUPPLIER was owned by Bruce Investment Co., Inc., and operated by Gulf Tran, Inc., while said vessel was engaged in performing work pertinent to the trade and/or business of Gulf Tran, Inc.

### III.

The injuries sustained by Claimant were caused in part by the negligence, carelessness and fault of Gulf Tran, Inc. as operator of the M/V SUPPLIER and/or Bruce Investment Co., Inc., with their privity and knowledge.

### IV.

By reason of the aforesaid catastrophe, and because of the defects in the said M/V SUPPLIER, and the gross negligence of the owner and operator of the said vessel, Claimant sustained losses and damages as hereinafter set out.

### V.

Claimant has suffered personal injuries including, but not limited to, injuries to his back and neck and other serious, disabling and disfiguring personal injuries which have caused and will cause claimant physical and mental pain, suffering, discomfort and disability. Said injuries will prevent claimant from returning to his former occupation.

### VI.

As a further result of his injuries, Claimant has incurred medical and pharmaceutical expenses for the treatment of his injuries and on information and belief will incur additional medical and pharmaceutical expenses for future treatment of his injuries.

VII.

Claimant hereby makes demand against Gulf Tran, Inc., and/or Bruce Investment Co., Inc., for general damages, including past and future physical and mental pain, suffering and discomfort, permanent disability and disfigurement, for past and future loss of earnings and impairment of earning capacity, and for past and future medical and pharmaceutical expenses.

VIII.

The insurer for Bruce Investment Co., Inc. and Gulf Tran, Inc. has been declared insolvent. Claimant hereby requests this Court to recognize his preferred maritime lien as defined by 46 U.S.C. 31301(5)(B) on the M/V SUPPLIER in the event there is insufficient security posted by the defendants.

IX.

This claim is being made under protest and without prejudice to claimant's position that the complaint for exoneration or limitation of liability is improper, untimely and should be dismissed.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana   70361-2968
Telephone: (985)  876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of April, 2002, served a copy of the foregoing

pleading on counsel for all parties to this proceeding, by mailing the same by United States mail,

properly addressed and first class postage prepaid.

Danny J. Lirette    -    #8619

## Salley & Associates
### Attorneys

Fred E. Salley

_____

P.O. Box 3549
832 East Boston Street #2
Covington, Louisiana 70434
fsalley@bellsouth.net

| Telephone: | 985-867-8830 |
| Tele. NO: | 504-846-4260 |
| Facsimile: | 985-867-8927 |

17th April 2002

**Via Facsimile**

Danny J. Lirette, Esq.
Lirette & Shea
P.O. Box 2968
Houma, LA 70361

   **Re:** **Hines v. Gulf Tran, Inc.**
     <u>**Our File No.:  FS-99-482**</u>

Dear Danny:

   I just received your proposed amendments in the captioned matter, but must object to your filing same under the circumstances.  I do not think there is any applicability of the cited sections of 46 U.S.C to your claim which is for simple negligence under **Kermerac _vs_ Compania Transatlantique Generale**, and provides a claimant with no maritime lien until judgment has been rendered against a vessel.  Moreover, your reference is not to any substantive law, but only to 46U.S.C. § 31301(5)(B) which is purely a definitions section within the Title.

   With kindest regards, I am

        Sincerely,

        Fred E. Salley

FES/fng/BOC

RECEIVED APR 1 7 2002



EXHIBIT
B