UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY 16 PM 3: 08

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER , praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | * | MAG. WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN OPPOSITION TO MOTION TO AMEND

**NOW INTO COURT COME PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., and submit the following reasons in opposition to the motion of Claimant, Todd Ballard Hines, for leave to file an amended claim and answer in the captioned limitation proceding.

Although the Federal Rules of Civil Procedure permit liberal amendment of pleadings, there is no justification for permitting the specified amendment to Claimant's claim and answer in the captioned matter.

The initial delay allowed by the court for filing claims and answers in this matter was extremely liberal, but expired almost two years ago. Claimant's desire to increase the *ad damnum* of the claim and answer, by 30% from $750,000 to $950,000 is wholly unexplained in Claimant's moving papers, leaving the parties and the Court with no support, justification, or change in circumstances, whatsoever to argue in favor of such a move after the positions of the parties has been fixed for almost two years. This Court's earlier order, closing further claims and entering defaults, signed after the very liberal cut-off date had expired, likewise controls Claimant's efforts to amend his claim and

___ Fee ___
___ Process ___
X / Dktd ___
✓ CtRmDep ___
. . Doc. No. ___

answer and pretermits the present request where there has been no supporting evidence or other justification offered, beyond a lawyer's desire, to file the amendment.

Even more unjustified by fact or law, is Claimant's motion to amend to claim a maritime lien against the limited vessel under the provisions of 46 USC §31301(5)(b) *et. seq.*, known as the Maritime Commercial Instruments and Liens Act (MCILA). **Lake Charles Stevedores, Inc., *v*. Professor Vladimir Popov MV**, 199F.3rd 220 (5th Cir., 1199) This title undertook to codify those circumstances under which an entity might be entitled to assert a maritime lien against a vessel for provision of "necessaries " which circumstances were beyond the ambit of traditional maritime liens. **In re Admiralty Lines, Ltd.**, 280 F. Supp. 601 (E.D. La. 1968) The specific paragraph cited in support of the amendment by Claimant is simply a definitions provision, and provides Claimant with no rights, substantive or otherwise, to assert any lien against the limited vessel in this case. Indeed, Claimant cites not a single case in support of the proposition that he has a maritime lien arising out of the proffered section of the MCILA, or any other section, so to that extent, the proffered amendment is substantively and procedurally groundless, and is interposed purely as a "hail Mary" attempt to obtain legally flawed leverage over the parties who are actually protected by MCILA or by traditional maritime liens, which this Claimant definitely is not. Again, Claimant cites not a single case in support of his claim to a maritime lien against this vessel.

Claimant, Todd Hines, claims to have sustained a personal injury whilst a passenger on the limited vessel. As Gulf Tran pointed out to Mr. Hines' counsel prior to the filing of the instant motion, Gulf Tran owed Mr. Hines, a passenger, only a duty of

- 2 -

"reasonable care" and provided counsel with reference to the leading **Kermerac Decision** which sets forth the vessel owner's duty in rather explicit terms.

As a non-seaman passenger, not engaged in any work related activities on or for the vessel, there are no pre-judgment or any other maritime liens to protect, exercise, employ, file or preserve, and any motion to assert the existence of a maritime lien for this claimant at this stage of this particular litigation is groundless and insupportable. He has never asserted he was a seaman, or that he provided any necessaries to the vessel. In the event that Mr. Hines obtains a final judgment against the vessel or its owner or operator, then he can assert a judicial lien, but at present he has none to assert or protect, and to permit this amendment simply muddies the issues, and wastes not only the parties', but the Courts' time and energy.

Respectfully submitted

FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA 70434
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.
Tel (985)-867-8830
Fax (985)-867-8927

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, delivery notification requested, and by placing same in the United States Postal Service, properly addressed and postage prepaid this 14th day of May 2002.

Fred E. Salley