FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAY 20  PM 3: 18

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO AMEND

Petitioners in limitation oppose claimant's motion to amend his claim to increase the amount because there is no justification. Claimant's injuries occurred on December 24, 1998. He has not yet been able to return to active employment. The claim amount was alleged when the claim was filed on April 7, 2000. Circumstances have changed in that claimant's loss of past wages has now increased.

Petitioners in limitation also object to claimant's amendment to allege a maritime lien on the vessel. The basis for the objection is that claimant's personal injury sustained on a vessel while it is underway through the negligence of the owner and/or operator does not give claimant the right to claim a maritime lien for personal injuries. Counsel for petitioners assert that the lien statute in question "is simply a definitions provision" and provides claimant with no rights.

Fee____
Process____
X Dkd____
__ CtRmDep____
Doc.No.__74__

Indeed the definitions section defines a preferred maritime lien to be a maritime lien "**B)** for damage arising out of maritime tort". Personal injuries caused by the vessel owner and/or operator's negligence have long been recognized as a maritime tort. Leathers v. Blessing, 105 U.S. 626 (1881); The Christobal Colon. Cavalier v. The Christobal Colon., 44 F. 803 (5th Cir. 1890); Palmer v. Fayard Moving and Transportation Corp., 930 F.2d 437 (5th Cir. 1991). Therefore by definition, claimant's claim of damages for personal injury caused by the vessel owner and/or operator's negligence is a preferred maritime lien on the vessel.

As a result of his having a preferred maritime lien, claimant's lien has certain priorities. The preferred maritime mortgage holder on the vessel primes all liens except a preferred maritime lien. 46 USCA S 31326 (b)(1). In Associated Metals and Minerals Corporation, v. Alexander's Unity MV, 41 F.3d 1007 (5th Cir 1995), the Fifth Circuit recently dealt with the preference and priority rights of a preferred maritime lien for damages caused by a maritime tort and the preferred ship mortgage holder. The court upheld a District Court ruling that a cargo owner was entitled to a preferred maritime lien for damage to its cargo and had priority and preference to the preferred ship mortgage holder. The Court stated that:

> This controversy is rooted in the Ship Mortgage Act, 46 U.S.C. §§ 31301-43. The Act was enacted in 1920 to improve lienholders' security and to encourage investment in the shipping industry. *All Alaskan Seafoods,* 882 F.2d at 428. *See generally,* 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 9-5 (2d ed. 1994). The Act provides that the holder of a preferred ship mortgage has priority over almost all other claims on the vessel except for preferred maritime liens and costs and expenses in *custodia legis.* [FN1] 46 U.S.C. § 31326; *All Alaskan Seafoods,* 882 F.2d at 428; *Oriente Commercial, Inc. v. American Flag Vessel, M/V Floridian,* 529 F.2d 221, 222 (4th Cir.1975). Moreover, the Act further describes that a " 'preferred maritime lien' means a maritime lien on a vessel ... for damage *arising out of maritime tort.*" 46 U.S.C. § 31301(5)(B) (emphasis added). Thus, we are faced with the question of whether the cargo damage award to Associated Metals

is entitled to a preferred maritime lien, for this is a case where "[d]etermining priorities among maritime liens is important [because] upon foreclosure and sale of [the] vessel there is not enough money to satisfy all of the claims." Schoenbaum, *supra*, § 9-6. 41 F.3d 1007, 1011-1012, (5th Cir 1995)

The court had to decide if the action for cargo damages was one in tort or contract. It looked to prior decisions to determine that damage to cargo was a maritime tort and therefore entitled the cargo owner to a preferred maritime lien. The claim herein is for personal injury caused by the vessel owner and/or operator's negligence which has long been held a maritime tort. Applying the reasoning of Associated Metals and Minerals Corporation, v. Alexander's Unity MV, supra, claimant herein should be entitled to a preferred maritime lien. In light of the fact that the vessel owner/operator's insurer has gone bankrupt, claimant should be entitled to amend his claim to assert his right to his preferred maritime lien.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (985)  876-2997
COUNSEL FOR CLAIMANT,
   TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of May, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, via telecopier and by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette   -   #8619