

MINUTE ENTRY
WILKINSON, M.J.
MAY 22, 2002

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT           CIVIL ACTION
OF BRUCE INVESTMENT CO., INC. ETC.
                                          NO. 00-372

                                          SECTION "S" (2)

### HEARING ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:        Motion of Claimant Todd Hines to File Amended Answer and Amended Claim, Record Doc. No. 70

O R D E R E D:

__XXX__ : GRANTED: The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

DATE OF ENTRY
MAY 2 2 2002

amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id. As to futility, the Fifth Circuit has recently held:

> It is within the district court's discretion to deny a motion to amend if it is futile. While this court has not specifically defined "futility" in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. As these courts have done, to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).
>
> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000) (quotations and citations omitted).

The motion is granted in all respects. Petitioner's argument that the proposed amendment is untimely has been pretermitted by the recent order of the presiding district judge, extending the deadline for filing amended pleadings, Record Doc. No. 69. The instant motion was filed within that extended deadline. Trial has been set for December 9, 2002, so that there is ample time for petitioner to address the amendment without prejudice. Considering all factors set out above, the amendment should be permitted.

In particular, I cannot conclude that the amendment is futile (as petitioner argues) insofar as it seeks leave to assert that claimant has a preferred maritime lien under 46 U.S.C. § 31301(5)(B). While the cited statute does not by its terms create a maritime lien in favor of a personal injury claimant occupying plaintiff's alleged position of passenger aboard a vessel, some case law indicates that the claimant may in fact have a maritime lien. See Fidelity & Casualty Co. of New York v. C/B Mr. Kim, 345 F.2d 45, 50 n. 12 (5th Cir. 1965) ("a maritime lien exists for passenger injuries"); Palmer v. Ribax, Inc., 404 F.Supp 974, 980 (M.D. Fla. 1976) (wrongful death action survivors of boat passenger entitled to maritime lien); G.Gilmore & C.Black, The Law of Admiralty (Foundation Press 2d ed. 1991) § 9-61 at 739-40; § 9-69 at 752 ("The list of liens given priority by (the predecessor to 46 U.S.C. § 31301(5)(B)] is clear enough with the exception of what exactly is meant by the phrase "a lien for damages arising out of tort." Collision and personal injury torts are of course included."). Whether Hines is entitled to a preferred

2

maritime lien under the cited statute appears at least arguable, and the issue should not be decided on a motion to amend. Thus, the amendment will be permitted.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE