U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAY 2 2 2002
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

### AMENDED ANSWER

**NOW INTO COURT**, through undersigned counsel of record, comes TODD BALLARD HINES, who for answer to the Complaint for Exoneration From or Limitation of Liability filed herein by Bruce Investment Co., Inc. and Gulf Tran, Inc., respectfully represents the following:

1.

The allegations contained in Paragraph I are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph II are denied for lack of sufficient information to justify a belief therein.



EXHIBIT A

___Fe3___
___Process___
_X_ Dktd
___CtRmDep
___Doc.No.___

3.

The allegations contained in Paragraph III are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph IV are admitted.

5.

The allegations contained in Paragraph V are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph VI are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph VII are denied.

8.

The allegations contained in Paragraph VIII are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph IX are denied.

10.

The allegations contained in Paragraph X are denied.

11.

The allegations contained in Paragraph XI are denied.

12.

The allegations, statements and conclusions set forth in the prayer of the petition are denied.

**AND NOW, further** answering, respondent respectfully represents:

I.

Respondent alleges that the accident which occurred on December 24, 1998, on the M/V SUPPLIER was due to the negligence, carelessness an fault of Gulf Tran, Inc. and/or Bruce Investment Co, Inc. and/or others who are not parties to this proceeding.

II.

Respondent alleges that the accident which happened on the M/V SUPPLIER which injured respondent and caused the losses and damages of respondent, was due to the defects in the M/V SUPPLIER in that the vessel did not have the necessary and proper equipment; with the privity and knowledge of the petitioners; all of which will be shown at the trial of this matter.

III.

Respondent alleges that his injuries, losses and damages were caused by the negligence, carelessness, and fault of the petitioners, and the defective condition of the M/V SUPPLIER, with privity and knowledge of said owner, all of which was known to petitioners prior to the occurrence.

IV.

Respondent alleges that the M/V SUPPLIER and its freight had a market value far in excess of the $550,000 alleged value of the M/V SUPPLIER immediately following this casualty and the

Court should appoint a Commissioner in due course to appraise said vessel.

V.

Respondent further alleges that the petition of Bruce Investment Co., Inc. and Gulf Tran, Inc., should be denied due to the negligence of Bruce Investment Co., Inc. and Gulf Tran, Inc.

VI.

Respondent further alleges that he is a resident of the State of Louisiana; that the said petitioners have liability insurance covering this occurrence; and that respondent should be permitted to file suit against the underwriters of petitioners under the direct action statute of the State of Louisiana.

VII.

Respondent further alleges that there was insurance coverage on the M/V SUPPLIER insuring petitioners in the event of an occurrence such as that which is the subject of respondent's claims, and said proceeds of said insurance policies should be included in this limitation proceeding, in the event the Court determines that the limitation proceedings are appropriate based on the facts of this accident.

VIII.

Respondent alleges that petitioners have failed to provide adequate security and that this limitation of liability proceeding was filed untimely, and for these reasons, this petition should be dismissed.

IX.

The insurer for Bruce Investment Co., Inc. and Gulf Tran, Inc. has been declared insolvent. Claimant hereby requests this Court to recognize his preferred maritime lien as defined by 46 U.S.C. 31301(5)(B) on the M/V SUPPLIER in the event there is insufficient security posed by the defendants.

**WHEREFORE**, respondent, TODD BALLARD HINES, respectfully prays:

1. That this Answer be deemed good and sufficient, and after due proceedings are had, there be judgment herein in favor of respondent, Todd Ballard Hines, and against the petitioners, Bruce Investment Co., Inc., and Gulf Tran, Inc., dismissing the Complaint for Exoneration From or Limitation of Liability;

2. That, in the alternative, the Court should appoint a Commissioner to appraise the vessel;

3. That the respondent should be permitted to file a direct action suit against the underwriters of petitioners;

4. That the Court recognize respondent's preferred maritime lien on the M/V SUPPLIER; and

5. For all further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana   70361-2968
Telephone: (985)   876-2997
COUNSEL FOR CLAIMANT,
   TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of April, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette   -   #8619