FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 10 PM 3: 39

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT | *  CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | *  NO. 00-0572 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * |
| Operator of M/V SUPPLIER , praying for | *  SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | *  JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | *  MAG. WILKINSON |
| | * |

*********************************************************************

## FRCP RULE 12(b)(6) and RULE 12(c) MOTION AND ORDER TO DISMISS CLAIM ASSERTING PREFERENTIAL MARITIME LIEN

**NOW INTO COURT COME PLAINTIFFS-IN-LIMITATION,** Bruce Investment

Co., Inc., and Gulf Tran, Inc., and for the reasons more fully explicated in the attached

memorandum of authorities, moves pursuant to FRCP Rule 12(b)(6) and Rule 12(c) for dismissal

with prejudice of Claimant's, Todd Ballard Hines,' amended claim and answer in the captioned

limitation proceeding, attempting to assert a preferential maritime lien, for the reason that as a

matter of law, there is no lien under maritime law, preferential or otherwise, for pre-judgment

personal injury claims made by persons who are merely aboard vessels in the navigable waters of

the United States as passengers, with no special relationship to the vessel as defined by

traditional admiralty principles, or by specific statute.

Respectfully submitted

FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA 70434
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.
Tel (985)-867-8830
Fax (985)-867-8927

## ORDER AND JUDGMENT

Having considered the foregoing motion made on behalf of Petitioners in Limitation, Bruce Investment Co., Inc., and Gulf Tran, Inc., the facts and circumstances, together with the memoranda and authorities submitted, all being in favor of the granting thereof;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion be and hereby is granted dismissing the amended claim and answer of Claimant, Todd Ballard Hines asserting a preferential maritime lien, for the reason that as a matter of law, no such maritime lien exists in favor of a person merely aboard a vessel as a passenger.

**THUS DONE AND SIGNED IN OPEN COURT** this ____ day of _____ 2002.


_____
**Mary Vial Lemmon, Judge**
**United States District Court, E.D. La.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, delivery notification requested, this 7th day of June 2002.

_____
Fred E. Salley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT       *     CIVIL ACTION
OF BRUCE INVESTMENT CO., INC., as the     *     NO. 00-0372
Owner of M/V SUPPLIER, and GULF TRAN, INC., as the *
Operator of M/V SUPPLIER , praying for       *     SEC. S(2)
Exoneration from or Limitation of Liability pursuant to    *     JUDGE LEMMON
46 U.S.C. Secs. 183 *et seq.*..                *     MAG. WILKINSON
                                         *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

**PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., have

filed a motion under FRCP Rules 12(b)(6) and Rule 12(c) to dismiss a recent amendment of

Claimant, Todd Ballard Hines, attempting to assert a preferential maritime lien against the

plaintiffs in limitation, because the pleadings of Hines indicate that he was allegedly injured

while a passenger on board the **M/V Supplier**, owned by Bruce Investment Co., Inc., and

operated by Gulf Tran Inc., during a voyage from a platform to the shore on 24th December 1998;

hence as a matter of law, he has failed to state a claim, within his pleadings, upon which relief

can be granted within this litigation, because a vessel's passenger is not entitled under traditional

maritime law, or any specific statute, to assert any lien whatsoever against the vessel, or its

owner or operator prior to obtaining a judgment.

Prior to the extensive amendments to The Longshore Act, §33 U.S.C. 901 *et. seq.*, and the

reversal of **Sieracki**, *i.e.*, **Seas Shipping Co. v. Sieracki**, 328 U.S. 85, 90 L. Ed. 1099, 66 S. Ct.

872 (1946), several decades ago, Hines might have had a colorable claim to assert a maritime

lien, based upon a "special" relationship to the vessel, which for a short time existed in favor of

persons engaged in stevedoring or similar activities on a vessel. It is clear from Hines' pleadings

and those of other parties in these proceedings, that Mr. Hines' connection to this vessel was

purely transitory and coincidental, and that he merely boarded the vessel on Christmas Eve 1998, for a ride from a platform offshore, where he had been working, to a landing inshore where he could disembark and go home. His work on the platform had terminated with his departure, and he was at complete leisure on the vessel. Indeed, Hines has alleged in his pleadings and court papers that he was preparing to, or had been lying down to sleep when the incident occurred.

A passenger's rights against a vessel and the vessel's limited obligations to a passenger have been abundantly clear since the decision in **Kermerac v. Compagnie Generale Transatlantique**, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and that relationship does not include a maritime lien in favor of the passenger, although the claim may be loosely stated to be based upon maritime tort. Essentially all tort claims against a vessel are grouped under "maritime tort;" but Hines erroneously argues that all maritime torts provide maritime liens, preferential or otherwise, as a part of the remedy package in favor of the claimant.

Claimant's amendment to claim a maritime lien against the **M/V Supplier** specifically recites the provisions of 46 USC §31301(5)(b) *et. seq.*, which is commonly known as the Maritime Commercial Instruments and Liens Act (MCILA). See, **Lake Charles Stevedores, Inc., v. Professor Vladimir Popov MV**, 199F.3rd 220 (5th Cir., 1199) This title undertook to codify those circumstances under which an entity might be entitled to assert a maritime lien against a vessel for provision of "necessaries " which circumstances were beyond the ambit of traditional maritime liens. **In re Admiralty Lines, Ltd.**, 280 F. Supp. 601 (E.D. La. 1968) The specific paragraph cited in support of the amendment by Claimant is simply a definitions provision for the title, and provides Claimant with no rights, substantive or otherwise, to assert any lien against the limited vessel in this case. It is also abundantly clear that as a passenger, Hines was providing nothing of necessity to the vessel, as contemplated by the title cited in

support of his amended claim and answer. Indeed, Claimant cited not a single case or statute in support of the proposition that he has a maritime lien arising out of the proffered section of the MCILA, or any other section, so to that extent, the amendment is substantively and procedurally groundless, and has been interposed purely as a flawed attempt to obtain favored treatment over parties who actually are protected by MCILA or by traditional maritime liens, which this Claimant definitely is not.

Gulf Tran owed Mr. Hines, a passenger, only a duty of "reasonable care." In the event that Mr. Hines obtains a final judgment against the vessel or its owner or operator, then he can assert a judicial lien, but at present he has none to assert or protect, and to perpetuate this amendment simply muddies the issues, and wastes not only the parties', but the Courts' time and energy.

Hines tried to reinforce his original motion to amend in this matter, by citation of some case authorities purporting to support his contention that maritime liens exist in his favor and particular situation, *i.e.* as a passenger. In fact, the cases cited provide **no** authority whatsoever for supporting that view. **Leathers v. Blessing**, 105 U. S. 626, 630 (1882) was decided 120 years ago, and hence has no relevance to the current law of maritime liens after the 1971 amendments to The Longshore Act, cited *supra.*, and the consequential limitations of theories based upon **Sieracki**, *supra.* See general discussion in **Norfolk Shipbuilding & Drydock Corporation v. Garris**, 532 U.S. 811, 532 U.S. 811, 121 S.Ct. 1927, 121 S.Ct. 1927, 150 L.Ed.2d 34, 150 L.Ed.2d 34 (U.S. 06/04/2001).

Review of **Palmer v. Fayard Moving and Transportation Corp.**, 930 F.2d 437 (5th Cir., 1991) will show that it is concerned only with examination of plaintiff's Jones Act status claim, and does not discuss or mention maritime lien, or the availability of a maritime lien

running in favor of a mere passenger. **Associated Metals and Minerals Corp. v. MV**, 41 F.3d 1007 (5th Cir. 01/09/1995) previously cited by Hines in support of his claim to a maritime lien is a case involving cargo claims which have their own set of rules, traditional remedies, and statutory scheme. The case is not relevant to a passenger claim.

The legal proposition that all claims based upon maritime tort support or create substantive maritime lien rights to the claimant in every instance is simply not true. See **In re Admiralty Lines, Ltd.**, *supra*. Accordingly, that portion of Hines' amended claim and answer, asserting a preferential maritime lien should be promptly dismissed, with prejudice, as a matter of law.

Respectfully submitted

FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA 70434
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.
Tel (985)-867-8830
Fax (985)-867-8927

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, delivery notification requested, this 7th day of June 2002.

Fred E. Salley

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER , praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | * | MAG. WILKINSON |
| | * | |

*******************************************************************

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT PLAINTIFFS-IN-LIMITATION,** Bruce Investment

Co., Inc., and Gulf Tran, Inc., will bring the attached Motion to Dismiss on for hearing before

Judge Mary Vial Lemmon, United States Federal District Court, Eastern District of Louisiana,

Hale Boggs Federal Building, 500 Camp Street, New Orleans, LA  70130 at 10:00AM on 24th

July 2002 at which date and place you are invited to appear and participate as you may deem

appropriate.

Respectfully submitted

_____

**FRED E. SALLEY, T.A. (#11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**Covington, LA  70434**
**Counsel for Plaintiffs,**
**Bruce Investment Co., Inc. and Gulf Tran, Inc.**
**Tel (985)-867-8830**
**Fax (985)-867-8927**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of
record by facsimile, delivery notification requested, this 7th day of June 2002.

_____
Fred E. Salley