FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUL -5 PM 2:33    JUL -5 2002

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Gulf Tran, Inc. and Bruce Investment Co., Inc., plaintiffs in this limitation proceeding have filed a motion to dismiss that portion of Todd Hines' claim seeking preferred maritime lien status for his maritime personal injury claim.

Mr. Hines was a passenger on the M/V SUPPLIER when he was injured through the negligence of the owner and/or operator of the M/V Supplier. This injury occurred while the vessel was in route from an offshore platform to a shore side dock.

Plaintiffs in limitation presumably claim that a maritime lien for personal injury does not exist in favor of passengers injured while on the vessel. Plaintiffs base their position on Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406 (1959), a case that did not

1

discuss maritime liens because it was not an issue before the court. Plaintiffs apparently argue that since the Court in <u>Kermarec</u> did not discuss maritime liens, there are no maritime liens for personal injury to passengers.

<u>Kermarec v. Compagnie Generale Transatlantique</u>, supra held "that the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case." 358 U.S. 625, 632, 79 S.Ct. 406, 410 (1959). A claim of lien was not made, so there was no issue of lien before the court. The Court held that maritime law applied to a personal injury claim to a passenger as opposed to New York state law regarding invitees and licensees. Counsel for claimant is at a loss as to how this case can be used as support for the proposition that a passenger injured on a vessel does not have a maritime lien.

Plaintiffs also suggest that claimants amended claim "simply muddies the issues, and wastes not only the parties', but the Court's time and energy". Plaintiffs' Memo page 3 par.1. Claimant, on the other hand suggests that it is plaintiffs' Motion to Dismiss that muddies the issues and wastes the parties and the court's time and energy.

Maritime liens for personal injuries have existed in the admiralty law for more than 100 years. To suggest that there is no such legal right flies in the face of Supreme Court decisions and federal statutory law. As early as 1879 the United States Supreme Court recognized that a claim for personal injury suffered by a passenger on a vessel caused by the crew's negligence was a maritime tort with the right to a maritime lien. <u>THE CITY OF PANAMA</u>, 101 U.S. 453 (1879). In <u>THE</u>

CITY OF PANAMA, supra, a passenger fell into a hatchway negligently left open by the crew of the ship. Justice Clifford speaking for the Court said:

> 'Injuries of the kind alleged give the party a claim for compensation, and the cause of action may be prosecuted by a libel in rem against the ship; **and the rule is universal that, if the libel is sustained, the decree may be enforced in rem, as in other cases where a maritime lien arises.** These principles are so well known, and so universally acknowledged, that argument in their support is unnecessary.' THE CITY OF PANAMA, 101 U.S. 453, 462. (1879) (emphasis added)

In 1899 a stevedore was injured through the alleged negligence of the master of the British steamship, Anaces. An action in rem was filed asserting a maritime lien on the vessel. The vessel owners opposed the claim for a maritime lien. The district court dismissed the claim stating that the action could only be in personam. The Fourth Circuit reversed the district court, and in recognizing the right to a maritime lien, stated:

> It is admitted that the libel charges a maritime tort, and that the admiralty has jurisdiction (Leathers v. Blessing, 105 U.S. 626), and that many maritime torts give a maritime lien, with a right to proceed in rem to recover the damage sustained; but endeavor has been made to show that maritime torts of the particular kind alleged in this libel do not have that privilege. It is admitted that negligence in navigation, resulting in a collision causing injuries to persons, gives a lien, and that suits for injuries to passengers caused by negligence of the ship's officers can be enforced in rem. And it is hardly denied that personal injuries resulting from defective appliances, or want of proper construction of the ship, give a lien; but it is argued that personal injuries which are caused by negligent misuse of a proper appliance do not give a lien, although they do give an action in admiralty against the owners of the ship. This is an attempt to make a distinction which does not find countenance in the reported decisions of admiralty courts of the United States.
> (Emphasis added), THE ANACES, 93 F. 240, 241 (4th Circuit 1899).

The court further stated that :

> "[i]t would appear, therefore, to be the settled rule in the United States that there is a maritime lien for the injury inflicted by maritime torts, with but few

**exceptions**,-- for instance, that made by rule 16, that suits for assault and beating shall be in personam only. In our Reports are many such actions in rem in the district and appellate courts in which the maritime lien has not been questioned, and many of them are suits by stevedores and others not having direct contractual relations with the ship. THE ANACES, supra at 243;

Claimant's right to a maritime lien against the vessel based on personal injuries he received as a result of the vessel and crew's negligence is a characteristic maritime lien recognized by United States law. See, Thomas J. Schoenbaum, Admiralty and Maritime Law, (3d ed. 2001) 436-437.

The law creating the right to a maritime lien for personal injury caused by a maritime tort has remained unchanged The Commercial Instruments and Maritime Liens Act, 46 U.S.C.A. § 31301 (5) defines a preferred maritime lien as "a maritime lien for damages arising out of a maritime tort." The preferred maritime lien is given priority ahead of the preferred ship's mortgage. 46 U.S.C.A. §§ 31326. This priority for liens for personal injury has long been recognized. United States of America v. the M/V ANDORIA, etc., 570 F Supp. 413 (E.D. La. 1983); Sunrise Shipping, Ltd. v. M/V American Chemist, et al, 1997 WL 627559 (E.D. La.); Triton Container International, Ltd. v. Baltic Shipping Company., 1995 WL 608485 (E.D. La.); Thomas J. Schoenbaum, Admiralty and Maritime Law, (3d ed. 2001), 462-463; G. Gilmore and C. Black, The Law of Admiralty, 596 (2nd Ed.1975); G. Varian, *Rank And Priority of Maritime Liens*, 47 Tulane L.Rev. 751 (1973).

Commentators have recognized the continued existence of the maritime lien for personal injury after passage of the Commercial Instruments and Maritime Liens Act, 46 U.S.C.A. § 31301 et. seq. Thomas J. Schoenbaum, Admiralty and Maritime Law, (Third edition 2001) 461-463; See William Tetley, *Maritime Law as a Mixed Legal System (With Particular Reference to the*

4

*Distinctive Nature of American Maritime Law, Which Benefits from Both its Civil and Common Law Heritages)*, 23 Tul. Mar. L.J. 317, 342-344 (1999); Keith B. Letourneau *A Practical Guide to Admiralty Supplemental Rules a Through E (With Special Emphasis on the Southern District of Texas)*, 22 Tul. Mar. L.J. 417 (1998) ; James M. Maloney, *A Breach in Tort's Clothing: Pleading Cargo Claims to Gain Lien Priority*, 27 J. Mar. L. & Com. 609 (1996).

A review of prior cases, treatises, comments, and current law make it abundantly clear that a personal injury claim caused by a maritime tort is granted a maritime lien and is afforded preferred status. These waters are not muddy. There is no authority or support for plaintiffs' position that a maritime lien for personal injury caused by the vessel or its crew does not exist. The authority is overwhelmingly in support of claimant's asserting maritime lien status for his personal injury claim. For these reasons plaintiffs, motion should be denied.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (985)  876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 2nd day of July, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette - #8619