FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 OCT 10 PM 1:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## MOTION TO INCREASE SECURITY

Now comes Claimant, Todd Ballard Hines, through undersigned counsel, who suggests to the Court as follows:

1.

At the time of filing its petition for limitation, plaintiffs stipulated the value of the vessel to be $550,000.00. The Court accepted the *Ad Interim* Stipulation with the American Guarantee and Liability Insurance Co. as surety.

2.

The Court's order provided that any claimant may contest the value of plaintiff's interest in the M/V SUPPLIER, may move the Court for due appraisal, and may apply to increase said stipulation.



3.

Through discovery, claimant has obtained a valuation survey of the vessel that was conducted just three months prior to the voyage giving rise to this limitation. The valuation in said survey was $600,000.00. See exhibit "A" attached hereto.

4.

Claimant also had a valuation survey prepared that indicated the value of the vessel to be $650,000.00. See exhibit "B" attached hereto.

5.

Accordingly, claimant seeks pursuant to the Court's order and Rule F (7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, an increase in the security posted by plaintiffs.

6.

The insurer of the M/V SUPPLIER was Reliance Insurance Company. Said insurer has been declared insolvent by the State of Pennsylvania. Claimant has attempted to determine the adequacy of the surety undertaken by American Guarantee and Liability Insurance Co., the surety for the *Ad Interim* Stipulation. Claimant has not been able to locate such an insurer or determine if such insurer is solvent.

7.

Rule F also requires an "approved security" and claimant contends that the security provided by plaintiffs is not an approved security.

8.

Claimant is entitled to an order increasing the security and that said security be approved, and upon failure of the plaintiffs to post such security that their right to limit their liability be denied.

WHEREFORE, claimant, Todd Ballard Hines, moves for an Order increasing the security and to have said security approved and upon failure of plaintiffs to comply with the Court's Order, then plaintiffs right to limit liability be denied.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
   TODD BALLARD HINES

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 9th day of October, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette  -  #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## MEMORANDUM IN SUPPORT OF MOTION TO INCREASE SECURITY

Claimant seeks an order from the Court to increase the amount of security posted by plaintiffs who seek limitation and to determine the adequacy of the surety. The Limitation of Liability Act, 46 App. USCA 183 et.seq. requires the deposit of funds or the posting of approved security equal to the value of the vessel at the end of the voyage. The only proof of value offered by plaintiffs was its stipulation which claimant now contests. An appraisal of the vessel is the more appropriate procedure to value the vessel. See *Luhr Brothers Inc., v. Gagnard*, 765 F.Supp. 1264 (WD La. 1991), and *Complaint of Tropigas Carriers, Inc.*, 603 F.Supp. 940, 942 (S.D.Fla.1985).

An appraisal of the vessel was made on September 22, 1998, just three months before this incident and valued the vessel at $600,000.00. The appraisal conducted at claimant's request valued

the vessel at $650,000.00. Under these circumstances Claimant seeks an increase in the security to $625,000.00; halfway between the two surveys.

Claimant also requests that the Court examine the security posted to make certain that the surety is adequate. The adequacy of the surety has become critical since the insolvency of plaintiff's P & I underwriter. The Court has the authority granted to it by statute to review the security from time to time. See 46 App. U.S.C.A. § 185.

Finally, should plaintiffs fail or refuse to post any additional surety then it should be denied the right to limit its liability. *Petition of WILLS LINES, Inc., for exemption from, or limitation of, liability*, 251 F.2d 306 (2nd Cir 1958).

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (985)  876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9th day of October, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette    -    #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce Investment Co., Inc., as the Owner of M/V SUPPLIER, and Gulf Tran, Inc., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.* | * * * * * * | CIVIL ACTION<br><br>NUMBER 00-0372<br><br>SECTION S MAG. 2 |

**NOTICE OF MOTION**

TO:   All counsel of record

THE FOREGOING MOTION CONSIDERED:

Claimant's Motion to Increase Security will be heard on **Wednesday,** ~~October 30,~~ Nov 6, 2002, at ~~9:30~~ 10:00 **o'clock a.m.** before Honorable Mary Ann Vial Lemmon, United States District Judge for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, or as soon thereafter as counsel may be heard.

Houma, Louisiana, this 9th day of October, 2002.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
   TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9th day of October, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette - #8619

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**