UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the * | |
| Operator of M/V SUPPLIER , praying for * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. * | MAG. WILKINSON |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>MEMORANDUM IN OPPOSITION TO MOTION TO INCREASE SECURITY</u>**

**NOW INTO COURT COME PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., and submit the following reasons in opposition to the motion of Claimant, Todd Ballard Hines, to increase security in the captioned limitation proceding.

Although the Federal Rules of Civil Procedure and the Supplemental Rules governing certain Admiralty matters permit a motion to test or increase security, to do so requires an evidentiary hearing since the inquiry is essentially all factual in nature and must be determined by the court after consideration of the evidence bearing on the issue. **In Re Cross Contracting Co.,454 F.2d 408 (5th Cir., 1972)**

The Court, by order signed 7th February 2000, Exhibit "A," approved the form of the bond, the surety, and the <u>amount of the bond</u> based on *prima facie* evidence filed with the *ad interim* stipulation at that time. The Court's order noting defaults was signed and entered on the record on 17th May 2000. Exhibit "B" Claimants wishing to test the validity or the amount of the bond should file such actions, which must be set for evidentiarly hearing, contemporaneously with, or shortly after filing its/their claim(s) in the limitation.

The initial delay allowed by the court for filing claims and answers in this matter was extremely liberal, but expired almost two years ago. Claimant's desire to test security is simply too late for an evidentiary hearing at this point, since the final pre-trial order is only two days after the setting of this motion for hearing on the 6th November, and the trial is scdeduled for 10th December 2002

The accident in this matter is alleged to have occurred on 24th December 1998, but notice of claim was not received until early 2000, with filing of the limitation in early February 2000. The amount of the limitation bond, under the act, is the value of the owner's or operator's <u>financial</u> interest in the vessel and then pending freight <u>at the time of the loss</u>. **Signal Oil & Gas Co. *vs*. Barge W-701, 654 F.2d 1164 (5th Cir., 1981)** Accordingly, the value had to be pinpointed for 24th December 1998, amidst rapidly changing market conditions. Mover points to a survey conducted by David Hebert, Rivers and Gulf, as alleged evidence of under securitizing, but this is only one piece of the value puzzle. Mr. Hebert's evaluation was done for the Hibernia Bank, apparently in support of bank loans, or for consideration of bank loans; and it was also done three months before the date of the loss. The Affidavit of Ross Bruce, President of Bruce Investment Co., Inc., is also attached, which indicates the best evidence of the value of the vessel at the time of loss on 24th December 1998, and some of the reasons for that value. All of this information was available to the mover since inception of his claim in the limitation, and is not new, or newly discovered.

As to the bond itself, the attached Affidavit of Clark Fitz-Hugh is self-explanatory, in that the bond is still in full force and effect, with a satisfactory surety. A

copy of the original *ad interim* stipulation, taken from his underwriting file, is attached to his Affidavit.

This motion must be treated as one submitted under FRCP Rule 56, and if the resolution of the issue requires any determination of disputed fact, it must be rejected. As indicated above, the issue of value is one that is fact intensive, and requires a full evidentiary hearing by the fact finder. It is simply too late in the course of this litigation to set such a special evidentiary hearing in the instant matter.

Respectfully submitted

_____
FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA 70434
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.
Tel (985)-867-8830
Fax (985)-867-8927

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, delivery notification requested, and by placing same in the United States Postal Service, properly addressed and postage prepaid this 29th day of October 2002.

_____
Fred E. Salley

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED