FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2002 NOV -7 PM 2:20
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

---

**REBUTTAL MEMORANDUM**

---

Plaintiffs claim that claimant's motion is untimely. Supplemental Admiralty and Maritime Claims Rule F (7), 28 U.S.C.A., states in part that:

> Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight...

The Rule sets no time limit. The Court's order in this matter provides that all motions be filed for hearing at least thirty days prior to trial. Claimant has complied with Supplemental Admiralty and Maritime Claims Rule F (7) and with this court's order. This motion is not untimely.

Fee
X Process
Dktd
CtRmDep
Doc. No. 100

Security has only recently become an important issue in this case due to the insolvency of plaintiffs' underwriter, Reliance Insurance Company. This case was reopened in February 2002 (despite plaintiffs' opposition) following the expiration of the bankruptcy stay of Reliance Insurance Company. That is the reason this motion has been filed.

Plaintiffs now claim through an unsupported affidavit that the vessel was really worth less than they claimed when the limitation was first filed. This approach by plaintiffs lacks the necessary trustworthiness similar to that found in In the Matter of the Complaint of TROPIGAS CARRIERS, INC., 603 F.Supp. 940, 942 (S.D. Florida 1995). Claimant submits that an appraisal done only three months prior to accident in question is far more trustworthy as to the value of the vessel than the affidavit of an owner.

Judge Little in In the Matter of LUHR BROTHERS INC., 765 F.Supp. 1264, 1269 (W.D. Louisiana 1991) described the process as follows:

> Such an ex parte determination is not a final determination constituting the "due appraisement" necessitated by Fed.R.Civ.P.Supp.Adm.R.F. Any claimant may at any time challenge the adequacy of such funds or stipulation. *Id.* Upon such a challenge, the court must determine whether the stipulation for value is identical to the amount representing the limitation fund if a challenge is made by any claimant. [FN5] The court possesses the power to order a petitioner to file additional security where the security provided is determined to represent insufficiently the value of the owner's interest in the vessel and her freight. 46 U.S.C.App. § 185. Neither the filing of a security bond nor the transfer to the court of the vessel and her freight precludes the court's independent evaluation of the adequacy of such security. The court may entertain motions to increase security, for example...

Claimant herein has followed that process.

Claimant is satisfied with the affidavit of Mr. Fitz-Hugh that the security is solvent. However, claimant maintains his position that the value of the vessel is greater than the security posted and the security should be increased

Respectfully submitted,

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana 70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
TODD BALLARD HINES

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 1st day of November, 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

Danny J. Lirette - #8619