

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 NOV 19 PM 5: 34

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER , praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | * | MAG. WILKINSON |
| | * | |

**********************************************************************

## PRE-TRIAL ORDER

### I.

A Pre-trial Conference was held in this matter on 21st November, 2002 at 11:45a.m. in the Chambers of the Honorable United States District Court Judge, Mary Vial Lemmon

### II.

**APPEARANCES OF COUNSEL:**

A. <u>Counsel for Petitioners in Limitation</u>,

**Gulf Tran, Inc.,**
**Bruce Investment Co., Inc.,**
Fred E. Salley, T.A. (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA  70343
Telephone 1(985)867-9925
Facsimile 1 (985)867-8927

B.  <u>Counsel for Claimant</u>,

**Todd Hines**
Danny J. Lirette (8619)
Dexter A. Gary (21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
P.O. Box 2698
Houma, LA  70361-2968
Telephone 1 (985) 876-2997

1



Fee _____
__Process_____
_X_ Dktd _____
____ CtRmDep _____
Doc.No. _____

DATE OF ENTRY
DEC 1 6 2002

C. Counsel for Intervenor,

**Louisiana Workers' Compensation Corporation**
David K. Johnson
Johnson, Stiltner & Rahman
2237 S. Acadian Thruway
P.O. Box 98001
Baton Rouge, LA  70898-8001
(225) 231-0755

**III.**

**DESCRIPTION OF THE PARTIES:**

Petitioners in Limitation are both Louisiana corporations with principal places of business in the state.  On 24th December 1998, Gulf Tran, Inc. was the owner *pro hac vice* of the **M/V Supplier**, and Bruce Investment Co., Inc. was the record owner of the vessel.

Todd Hines is a claimant within the limitation filed by plaintiffs.  He is seeking damages for personal injuries received on 24th December 1998.

Louisiana Workers' Compensation Corporation is the plaintiff in intervention and has paid workers' compensation benefits to and on behalf of Todd Hines pursuant to the provisions of the Longshore and Harbor Workers' Compensation Act.

**IV.**

**STATEMENT OF JURISDICTION:**

The Admiralty and Maritime jurisdiction of the Court has been invoked by filing of a petition under the Limitation of Liability Act, 46 U.S.C. §183 *et. seq.* and the Supplemental Rules

2

Governing Certain Admiralty.

This Court also has jurisdiction over the plaintiff's claims within the limitation, under General Maritime Law for negligence under the grant of jurisdiction to the district courts of the United States pursuant to 28 U.S.C. §1333. This Court may or may not have authority to proceed on the claims of the Intervenor since it did not file a claim and answer within the prescribed period.

**V.**

**PENDING OR CONTEMPLATED MOTIONS:**

There is a motion pending by claimant Todd Hines to increase security posted by petitioners in limitation based upon valuation survey conducted on 29th September 1998. The motion also asks the Court to consider the adequacy of the security. Petitioners have opposed the motion as too late to be addressed before trial, since such a motion requires a full evidentiary hearing with testimony from experts in valuation, and fact findings, which, at this point, should be referred to the trial, since the same witnesses will testify on other matters, and petitioners should not be put to the burden of calling the same witnesses twice in such short time period.

All sides contemplate possible motions based on other evidentiary or expert matters, including motions *in limine* with respect to requested exclusions of testimony.

# VI.

**SUMMARY OF MATERIAL FACTS:**

**Petitioners in Limitation:**

The **M/V Supplier** was being operated as a supply/utility boat in the Gulf of Mexico, Ship Shoal Block 354, by Gulf Tran, Inc., in December 1998, and under orders from its customer, was instructed to load materials and some passengers for a trip to port at Fourchon, LA. All conditions of the trip were entirely routine for the vessel and its crew. Gulf Tran had no control over whether the passengers, including Hines, and his crew, rode in or not, and since the weather was expected by the passengers and the vessel crew to be somewhat rough, the decision to ride the vessel or to remain on the platform for better weather or a helicopter was completely within the discretion and judgment of the individual passenger. Todd Hines decided to board the vessel, and during the ride, he claimed to have fallen from a settee/bunk and sustained injuries.

Gulf Tran believes that the un-witnessed accident was staged by Mr. Hines and never occurred as alleged or resulted in any injuries to Todd Hines. Mr. Hines had been unhappy with the circumstances of the trip, had created problems for the vessel crew, and had motivation for staging further disruptions.

Gulf Tran's only legal obligation to Hines, a mere non-paying passenger, was to exercise "reasonable care" under **Kermarec vs. Compagnie Generale Transatlantique, 79 S. Ct. 406**

**(1959).**  This obligation was fully discharged, as there is no evidence that even if the settee/bunk failed in use during rough weather, that Petitioner in Limitation knew or had reason to know of any defects or hazards in the bunk design or installation. The vessel, constructed by a shipyard in the early 80's, was purchased as a used vessel in the mid 90's, and there were never any problems with the settee that allegedly failed.  Petitioners are not designers, manufacturer or fabricators, and have no obligations for design or construction flaws or defects, if there were any which is unequivocally denied.

Petitioners further contend that Todd Hines had no injuries from any accident on the vessel, but did have multiple prior and subsequent events which created problems with his back and neck. He had also been addicted to illegal narcotic drug use for several years prior to the accident, and for several years after, none of which, with attendant losses of income and work, were the result of negligence of the Petitioners.

Petitioners further contend that Todd Hines has exaggerated any injuries he can prove were sustained on the vessel, and that any such injuries were the result of his own substantial negligence and mis-conduct, aboard the vessel and elsewhere.

Finally, for limitation purposes, owner and expert evaluation of the value of the vessel at the time of loss, resulted in posting of an *ad interim stipulation* (bond)in February 2000 for $550,000 which was somewhat above the market

5

value of the vessel due to marked decline of commercial conditions in the latter quarter of 1998, and extending through most of 1999.    Petitioners are entitled to have judgment dismissing the claim of Todd Hines and to have the posted security released

**Claimant Todd Hines:**

Todd Hines claims that he was injured on December 24, 1998, as a result of the negligence of Gulf Tran, Inc. On that date he was a passenger on the **M/V Supplier** in route from Ship Shoal 354 to the dock at Fourchon, LA.    Hines was an employee of Omega Offshore.    He, along with the rest of the Omega crew was sent to shore because the work they were assigned to do was delayed.

The M/V Supplier left Ship Shoal Block 354 about 10:00am heading north in the face of a cold front.    Sea conditions that morning in the Gulf were reported to be 6-9 foot seas with a 35mph Northerly wind. The seas increased to 7-10 feet by the afternoon.

Nine passengers boarded the M/V Supplier, a 110' supply vessel.    The journey to shore was to take approximately 7 to 8 hours.    The passengers immediately tried to locate a place to rest on the ride in.    All available bunks were taken except for a fold out settee in the main cabin area. A crew member of the vessel offered the settee/bunk to Mr. Hines and prepared this fold out settee for Mr. Hines' use.    This settee had a cushioned seat about three feet wide by about 5½ -6 feet long.    The back of

6

the seat was about the same size and was hinged at the top so that it could be folded down against the wall when used as a seat and pulled away and up when used as a bunk.    Three hinges were attached to the seat back and to a plywood wall behind the seat back on the starboard side of the vessel. One side of each hinge was attached to the plywood wall and the other side of each hinge was attached to the underside of the seat back, also made of plywood.    Each side of the hinge was held in place with three small (approximately ¾ inch) wood screws.    The seat back was lifted up from the side closest to the seat bottom until it was parallel to the floor. Two fiberglass cloth straps were attached to that side and were hooked into two eyelets in the ceiling to hold up the seat back in a more or less level position about five feet above the floor.

Mr. Hines was lying on this seat back when about three and one half hours into the journey the hinges suddenly ripped from the wall causing him to fall, striking the edge of the seat bottom below and land on the floor.    He was not sure of the extent of the injury but a report was filed indicating he had a back injury.

Claimant was treated by R. Dale Bernauer, M.D, an orthopedic surgeon in Lake Charles, LA claimant's hometown.    He had a two level cervical fusion at C5-6 and C6-7 and a lumbar fusion at L4-5.    He will not be able to return to offshore construction work and has not worked since the date of the accident.    He is

7

currently enrolled in a trade school in Lake Charles, LA.

Mr. Hines has been paid worker's compensation by LWCC in the amount of $119,098.02. All of his medical bills in the amount of $83,061.47 have been paid by LWCC.

Claimant seeks an increase in the security posted by plaintiffs. Plaintiffs claim the value of the vessel to be %550,000.00. A valuation survey done about three months before this incident valued the vessel at $600,000.00. Another survey done after the incident at claimant's request valued the vessel at $650,000.00.

Gulf Tran, Inc., in its corporate deposition claims it is not the bareboat charterer of the **M/V Supplier.** Therefore, it is not entitled to the benefits of the Limitation of Liability Act, since that is reserved for vessel owners and owners pro hac vice.

The settee bunk and its hinges and screws have been destroyed by the plaintiffs. Plaintiffs were aware of a pending suit for damages based on the condition of the settee/bunk in early September 1999. Despite this knowledge plaintiffs discarded the settee/bunk. Claimant is entitled to an adverse presumption based on their spoliation of the evidence.

Todd Hines claims he is entitled to a preferred maritime lien on the **M/V Supplier.** His claim is based on maritime tort and by statute is entitled to preferred lien status.

Claimant objects to the claim of lien by intervenor on the basis that it waived subrogation in a policy endorsement.

8

**SUMMARY OF MATERIAL FACTS BY INTERVENOR:**

On or about the date of the accident sued upon Louisiana Workers' Compensation Corporation was the longshore and harbor workers' compensation insurer and the state workers' compensation insurer for Omega Service Industries, Inc., the employer of plaintiff, Todd Hines. Todd Hines sustained a work related injury on that date and as a result the Louisiana Workers' Compensation Corporation has paid to or on behalf of Todd Hines compensation benefits amounting to $206,843.72, representing $84,503.28 in medical expenses and $122,340.44 in weekly indemnity benefits. Louisiana Workers' Compensation Corporation is entitled to recover out of any amount, which the plaintiff receives in the present litigation the full amount of the payment it has made and which it continues to make to and on behalf of the plaintiff.

## VII.

**UNCONTESTED MATERIAL FACTS:**

A. Todd Hines was a payroll employee of Omega on the date of the accident;

B. Todd Hines was a passenger on the **M/V Supplier** on the date of the accident.

C. Louisiana Workers' Compensation Corporation is a domestic insurance company domiciled in Baton Rouge, Louisiana.

D. Louisiana Workers' Compensation Corporation was the

9

compensation insurer for both state workers' compensation benefits and longshore and harbor workers' compensation benefits for Omega Service Industries, Inc. on or about the date of the accident sued upon.

E.  Todd Hines has received benefits from the Louisiana Workers' Compensation Corporation in the amount of $206,843.72 for weekly benefits and medical expenses and continues to receive those benefits.

## VIII.

**CONTESTED ISSUES OF FACT:**

A. Whether Todd Hines sustained any accident or injury;

B. How and why the settee came off of the wall;

C. The actual weather conditions of the trip in;

D. Knowledge and experience of the claimant of the anticipated weather conditions for boat travel;

E. Whether Gulf Tran, Inc. was in effective possession and control of the M/V Supplier in December 1998 whilst operating;

F. Whether there was any prior notice to Gulf Tran or Bruce Investment of any potential hazard of the settees;

G. Whether there had ever been any prior problems with the settees coming loss or pulling from the wall;

H. Factually, whether Gulf Tran failed to exercise reasonable care as to Todd Hines;

I. Todd Hines obligations for personal care as a knowledgeable, experienced vessel passenger in the offshore industry;

J. Privity or knowledge of any official of Gulf Tran or Bruce Investment;

K. Identity of parties capable of binding Petitioners with comments and statements for privity or knowledge.

L. Value of vessel and pending freight at time of loss;

M. Nature and extent of damages available to Claimant, if any;

N. Quantum of damages, method of calculation of pecuniary losses to claimant, if any;

O. Whether Petitioners were designers, fabricators manufacturers

in any respect, of the vessel, or its equipment;

P. Order of presentation of proof;

Q. Allocation of proportional fault to claimant, petitioners, Omega, White Wing, Allseas and other third parties;

R. Whether claimant is faking or exaggerating his complaints and alleged injuries for secondary gain and/or to support his substance addictions;

S. Amount of Intervenor claim for medical and benefits, if allowable in this proceeding

**Separate Listing of Issues Listed By Claimant not concurred in by Petitioners**

A. Unsafe condition of settee/bunk.

Claimant alleges that the settee/bunk configuration on the M/V Supplier was dangerous. The settee/bunk back was held in place by three hinges with three small wood screws attached to

11

each side of each hinge.   One side of each hinge was screwed to the underside of the settee/back and the other side of each hinge was to the plywood frame of the. This configuration was not safe to allow passengers to lie on the bunk especially in sea conditions that existed on December 24. 1998.

B.    Negligence and negligence per se of Gulf Tran Inc.:

The captain and crew of the **M/V Supplier** failed to conduct the safety orientation for offshore workers as required by 46 CFR 131.320. According to that regulation the master is required to inform each offshore worker of any conditions or circumstances that constitute a risk to safety. Inviting and allowing passengers to use the settee/bunk as a bunk while being transported to shore in 7 to 10 seas was such a safety hazard. Violation of this Coast Guard safety rule constitutes negligence per se and triggers the *Pennsylvania Rule*. Gulf Tran was negligent in allowing passengers to use the setter/bunk as a bunk under the sea conditions that existed on December 24, 1998. Gulf Tran was aware of the hazardous setup. One of its deckhands admitted that he should have prevented passengers from using the settee back in its bunk configuration. The Gulf Tran Management should have implemented a policy that did not allow the use of the settee as a bunk by passengers, especially under bad weather conditions and should have complied with 46 CFR 131.320.

C.    Nature and extent of Todd Hines' personal injuries:

As a result of his fall, Mr. Hines sustained a ruptured disc

12

in his back and two ruptured discs in his neck. He underwent a lumbar fusion and a two level cervical fusion that will prevent him from returning to work as an offshore construction worker. Ha has permanent restrictions that will not allow him to lift or carry more than forty pounds, climb stairs and ladders, bend repetitively, or stoop and ride or drive vibrating machinery.

D.    Special Damages sought by Todd Hines:

Mr. Hines is seeking special damages for his past medical treatment in the amount of $83,061.47 He is also seeking damages for past loss of earnings and loss of future earning capacity in the amount of $426,701.00. Mr. Hines will be 33 years old at the time of the trial.

E.    The value of the vessel at the end of the voyage:

Plaintiffs posted a bond for $550,000.00, the value of the vessel as claimed by them. A. survey was done about three months before this incident indicating the value of the vessel to be $600,000.00.    The value should be increased along with the security posted.

F. Privity of knowledge by plaintiffs:

Plaintiffs owned and operated this vessel with knowledge of the settee/bunk arrangement. It never made or required an inspection of the settee/bunks to determine their condition or their structural integrity. A deck hand on the vessel testified that he was aware that the settee/bunk was in a dangerous condition. He was made aware of this by other employees of Gulf

Tran. Gulf Tran did not provide any training or instruction to its captains in reference to the safety of passengers transported on its vessels. It knew or should have known of the hazards of allowing passengers to use a settee as a bunk being held to a plywood wall by 3/4 inch screws in 7 to 10 foot seas. It failed to train or inform its captains and crew of their obligations under 46 CFR 131.320.

**IX.**

**CONTESTED ISSUES OF LAW:**

1. The nature and extent of the respective obligations by, between and among a passenger aboard a vessel, and the vessel under negligence rules;

2. Parameters of reasonable care owed to a passenger under **Kermarec**;

3. Applicability of the CFR's referenced by claimant to the relationship between the particular parties in the instant case;

4. Applicability of The Rule of the **Pennsylvania** to a passenger case;

5. Individuals who can be characterized as "management" for "privity" and knowledge under the Limitation Act;

6. Whether this Court can consider or view evidence of payments from LWCC, where no timely claim was made by the entity in the limitation proceeding;

7. Method required for determination of vessel value under the Limitation Act;

14

8. Availability of a pre-judgment or post-judgment preferred maritime lien in a passenger case;

9. Whether claimant, a passenger, can posit expert testimony on pervasive, intertwined references to "seaworthiness" or whether such experts are completely disqualified from offering opinions and expert testimony because of their persistent, pervasive use of obligations owed under the warranty of seaworthiness to seaman, in this passenger case.

10. Legal rules applicable to calculation of damages, if any, and acceptance of expert testimony, in a case defined as a passenger claim within a limitation proceeding under Maritime Law;

11. Did Gulf Tran have knowledge of negligent circumstances allegedly causing injury to Todd Hines entitling it to limit its liability

12. Was Gulf Tran negligent and/or negligent per se in allowing passengers to use as a bunk, a settee back attached to a wall with small woodscrews while underway in the face of 35 mph winds and 7 to 10 foot seas;

13. Is the security provided by Gulf Tran Inc., and Bruce Investment adequate and in equal value to the **M/V Supplier**?

14. Has LWCC waived its right to seek reimbursement from the proceeds of any recovery by Todd Hinds as the result *of* its blanket waiver contained in its policy issued to Omega Industries?

15. Is there an adverse evidentiary presumption based on

spoliation against Gulf Tran for destroying the bunk and settee
and hinges and screws removed from the **M/V Supplier** by Gulf Tran,
Inc.?

16. Method required by law for allocation of fault against
various parties, or third parties, including claimant's employer;

17. Viability of Intervenor's claim since not filed in accordance
with, nor in the delay provided by the Court for the Limitation.

**X.**

**EXHIBITS**

**By Petitioners in Limitation:**

1. **M/V Supplier** deck log for 21st December through 29th December
1998;

2. Bill of Sale of vessel from Daniel Bruce Marine, Inc. to
Bruce Investment, Co., Inc.;

3. Surety, *ad interim stipulation*-original from record;

4. Petition for Limitation and Bond for Cost-from record;

5. Order approving *ad interim stipulation* from record;

6. Photographs taken by counsel and experts of Todd Hines of
**Supplier,** and **Leader;**

7 Order for restraining order from record;

8. Order for entry of default from record;

9. Personnel and wage records from Omega records;

10. Coast Guard COI of **M/V Supplier;**

11. Incident report prepared by Todd Hines on **Supplier;**

12 Incident report prepared by Todd Hines at Omega;

13. Tax and earnings records(inclusive of Social Security) for Todd Hines at Omega and other employers;

14. Sketch attached to Sheldon Cass expert report;

15. Hinge of the type used to secure the settees, as removed by counsel for claimant and referred to by claimant experts;

16. Any Exhibits listed by Todd Hines or any other party;

17. Records of Magellan (Charter Cypress) Health Services provided by counsel for claimant;

18. Todd Hines Military Health and Personnel Records provided by counsel for claimant;

19. Medical Records from any med/health care provider;

**By Claimant Todd Hines:**

A. All Accident reports prepared by Gulf Tran;

B. Daily Logs of **M/V Supplier;**

C. Certificate of inspection of **M/V SUPPLIER;**

D. Pertinent income tax returns, federal and state, along with attachments including but not limited to W-2s and 1099s for Todd B. Hines, along with his Social Security earnings records;

E.   All medical bills from health care providers who treated Mr. Hines for injuries sustained herein,

F.   Various photographs of similar, fold out beds, and hinges;

0.   LWCC  Insurance  Policy  providing  workers  compensation coverage to Omega;

H.   Marine Survey Report of **M/V Supplier** done by Rivers and Gulf;

17

I.    Marine survey Report of **M/V Supplier** done at claimant's request;

J.    Photos of **M/V Supplier**;

K.    Bond provided by Gulf Tran and/or Bruce Investment Co., Inc. for these lititation proceedings;

L.    Drawings attached to the depositions of Rene Baxter, Vincent Unrue, and Robin Pitman;

M.    Petition for Damages, Return of Service, and Answer of Gulf Tran, Inc. in the suit entitled "Todd Ballard Hines v. Gulf Tran, Inc., *et al.*" NO. 87,183 in the 17th Judicial District Court, State of Louisiana,

N.    Any document listed, produced, or introduced by any other party;

Petitioners in Limitation currently object to Claimant Exhibits as follows:

Relevance Grounds: H, I, and M;

Insufficient Identification (Lack of Foundation) E, and N.

**INTERVENOR'S EXHIBITS:**

A.    A certified copy of the policy of insurance issued by Louisiana Workers' Compensation Corporation to Omega Service Industries, Inc.

B.    All documents showing the payment of compensation benefits, medical benefits and related expenses to or on behalf of Todd Hines pursuant to his claim for the work related injuries sustained by him with Omega Service Industries, Inc.

C.    Any exhibit listed by any other party.

## XI

**DEPOSITION TESTIMONY TO BE USED AT TRIAL**

Petitioners and Claimant, in accordance with the applicable rules, may use any depositions taken previously from witnesses who are dead or unavailable to attend the trial, to wit:

Richard Sonnier

Vincent Unrue;

Robin Pittman;

Dr. R. Dale Bernauer;

Dr. Paul E. Mayes;

Dr. Charles A. Murphy III;

Corporate deposition of Gulf Tran;

Rene Baxter;

Corporate deposition of Omega, Omega Natchiq and the personnel and employment records produced and attached;

Depositions of Todd Hines for purposes permitted under the rules

## XII.

**LIST OF CHARTS, GRAPHS, SCHEMATIC DIAGRAMS**

Petitioners may use blackboard drawings, photographs, charts, overhead projectors, diagrams, and/or sketches or other such items, including any listed or used by any other party, in statements or arguments.

Claimant Todd Hines intends to use the model prepared by his expert.

All such items will be made available to the other side in advance of use.  Any objections will be filed in a timely manner.

### XIII.

**WITNESSES**

The remaining parties to this litigation have filed witness lists in accordance with the earlier rules and current FRCP Rule 26(a). Claimant alleges that Petitioners did not list may call witnesses #1-5, and #7.

**Petitoners will Call:**

1.

Todd Hines under cross-examination as to all issues;

2.

Mr. Ross Bruce
Gulf Tran, Inc.
Post Office Box 1465
Larose, Louisiana  70373
Facts, company documents and records, operations, evaluation, policies of company, and all related issues

**Petitioners May Call any one or all of the Following:**

1.

David Estilatte
Gulf Tran, Inc.
Post Office Box 1465
Larose, Louisiana  70373
Facts and company records, employment data on crew of **Supplier**

2.

Mr. Tom Kellum
Tom Kellum & Associates
Post Office Box 548
Metairie, Louisiana 70004
Investigation and verification of statements

3.

Kelly Loupe
Gulf Tran, Inc.
Post Office Box 1465
Larose, Louisiana  70373
Company records and facts of investigation and crew

4.

Daryl Dorsey
Gulf Tran Shipyard
660 Industrial Parkway
Cut Off, LA 70374
Facts and shipyard records on condition of **Supplier** and repairs from inception of operation of vessel, and in response to claimant's claim of spoliation of evidence

5.

Daniel Bruce
Daniel Bruce Marine, Inc.,
17351 East main
Cut Off, LA.  70345
Sale and condition of **M/V Supplier**

6.

Rene Baxter
580 Moreland Drive
Vidor, TX  77662
Facts, vessel operation, and accident

7.

Jules Schubert
Rivers & Gulf
3250 9th Street
Harvey, LA  70058
Expert on vessel value and evaluation

8.

David Hebert
Rivers & Gulf
3250 9th Street
Harvey, LA  70058
Expert on vessel value and evaluation

9.

Sheldon Cass
Coastal Marine Surveyors
210 Baronne Street, Suite 942
New Orleans, LA  70112-1722
Expert naval architecture, construction and mechanics of alleged
accident

10.

Monty Rivers-by deposition on issues pertaining to pre-accident
employment, duties and status of claimant

11.

Richard Sonnier
4217 Jack Brooks Road
New Iberia. LA  70560
Facts surrounding accident and work experience with Todd Hines

12.

Clark Fitz-Hugh
International Sureties, Ltd.
210 Baronne Street, Suite 1700
New Orleans, LA    70112-1722
Placement and maintenance of security bond-ad interim stipulation

13.

Paul E. Mays, M.D.
643 S. Ryan Street
Lake Charles, LA.
Expert doctor to offer testimony about claimant's medical
condition and drug addiction

14.

Dr. Gordon Nutik
Nutik & Steiner
3525 Prytania St. Suite 501
New Orleans, LA 70116
Medical fact and expert opinion in field of othopaedic surgery.

15.

Dr. Rennie W. Culver
4324 Loveland Street

22

Metairie, LA  70006
Medical fact and opinion in field of psychiatry.

16.

Medical Records Representative
Magellan (Charter Cypress) Health Services
3240 Town Point Drive, Suite 200
Kennesaw GA  30144
Nancy Haas Dodd or as designated by Magellan/Charter
No longer has local address

Witness to authenticate records and testify about facts, and
treatment

17.  Medical Records Custodian of any Health Care Provider

previously identified if the records are objected to as an

exhibit at trial;

18.  Any other witness listed by any other party.

19.  Any witnesses needed to authenticate any exhibits sought to

be introduced.

20.

Lee M. Peacocke, Esq
Lieninger and Picou, Attorneys
Three Lakeway Center
Metairie, LA 70002

Witness to testify about prior witness list inclusions or lists
filed by Petitioners

**Claimant objects to the following witnesses:**

1.

David Estilatte
Gulf Tran, Inc.
Post Office Box 1465
Larose, Louisiana  70373
Facts and company records, employment data on crew of **Supplier**

2.

Mr. Tom Kellum
Tom Kellum & Associates
Post Office Box 548
Metairie, Louisiana 70004
Investigation and verification of statements

3.

Kelly Loupe
Gulf Tran, Inc.
Post Office Box 1465
Larose, Louisiana  70373
Company records and facts of investigation and crew

4.

Daryl Dorsey
Gulf Tran Shipyard
660 Industrial Parkway
Cut Off, LA 70374
Facts and shipyard records on condition of **Supplier** and repairs
from inception of operation of vessel and in reponse to
allegations of spoliation of evidence

5.

Daniel Bruce
Daniel Bruce Marine, Inc.,
17351 East main
Cut Off, LA.  70345
Sale and condition of **M/V Supplier**

6.

Jules Schubert
Rivers & Gulf
3250 9th Street
Harvey, LA  70058
Expert on vessel value and evaluation

Claimant alleges these witnesses were not previously listed or
disclosed to claimant prior to formulation of this pre-trial
order.

24

**Claimant Will Call:**

1.

Todd Ballard Hines
1033 Givanni Street,Apt. *5*
Lake Charles, La.:
Fact Witness: Testimony regarding the facts of the accident, the
injury, damages and lost wages;

2.

Dr. G. Randolph Rice
7048 Moniteau Ct.
Baton Rouge, La.;
Expert witness: Testimony regarding claimant's past and future
loss of earning capacity;

3.

Charles A. Murphy, Ill, M.D.;
2829 Fourth Avenue. Suite 150
Lake Charles, Louisiana;
Expert Physician: Testimony regarding claimant's medical
condition and drug addiction.

4.

R. Dale Bernauer, M.D.;
4150 Nelson Road. Building D, Suite I.
Lake Charles, La.
Expert physician: Testimony regarding claimant's physical
ondition and restrictions

5.

Vincent Unrue
8620 NW, 13th Street. Number *353*
Gainesville, Florida.
Fact witness: Testimony regarding the sea conditions and facts
surrounding the occurrence of the accident;

6.

Rene' Baxter
570 Moreland,
Vidor, Texas 77662;
Pact witness: Testimony regarding the sea conditions and facts
surrounding the occurrence of the accident:

7.

Robin Pitman
407 Thomas Sweet, Apartment I,
Three Rivers, Michigan;
Fact witness: Testimony regarding the sea conditions and facts
surrounding the occurrence of the accident;

8.

Richard Sonnier
4217 Jack Brookes Road
New Iberia, Louisiana 70560;
Fact witness: Testimony regarding the sea conditions and facts
surrounding the occurrence of the accident;

9.

Ross Bruce
Gulf Tran Inc
Larose, La;
Fact witness: testimony regarding Gulf Tran's vessel
operations and relationship to the M/V Supplier and
destruction of the settee/bunk and its hardware;

10.

Geoff Webster
Vener Marine, Ltd.
P.O. Box 6287 Metairie. La.;
Expert Naval Architect: Testimony regarding the proper
construction of bunks for passengers and crew; the value of
the M/V Supplier; inappropriate use of door hinges for the
bunk, and the standards for bunk construction.

11.

Ron Cempana
4432 Wabash St.
Metairie, La.;
Expert witness: Testimony regarding the navigation and operation of
the M.V Supplier;

12.

Glenn M. Hebert, MRC, LRC, vocational rehabilitation counselor;
222 Rue Dejean. Suite B
Lafayette, La.

Vocational expert: Testimony regarding claimants earning capacity and rehabilitation;

Claimant May Call:

1.

James D. Perry, M.D.
1717 Oak Park Blvd.
Lake Charles, La;
Medical Expert Testimony regarding his examinations of Todd Hines for LWCC

2.

John E. Cobb, M.D.
1211 Coolidge St. Suite 100
Lafayette. La;
Medical Expert: Testimony regarding his examinations of Todd Hines:

3.

Monty Rivers
122 Joseph Street,
Pierre Part, Louisiana;
Fact witness: Testimony regarding the sea conditions on December 24, 1998;

4.

Eric Picard;
4113 Old Jeanerette Rd.
New Iberia
Fact witness: Testimony regarding sea conditions and operation of the **M/V  Supplier** and conditions in the galley and lounge area of the **M/V Supplier**, and circumstances surrounding accident;

5.

Paul E. Mayes, M.D.
643 S. Ryan Street
Lake Charles, LA.
Expert doctor to offer testimony about claimant's medical condition and drug addiction

6.

Monica Salopeck, LRC, CPMS

27

303 Camberly Circle
Lafayette, LA
Fact witness, retraining efforts and rehabilitation of Todd Hines

## INTERVENOR'S WITNESSES:

1.

Sharon McCarthy, Adjuster
Louisiana Workers' Compensation Corporation
2237 S. Acadian Thruway
Baton Rouge, Louisiana 70808.

Ms. McCarthy will testify regarding the benefits paid to or on
behalf of Mr. Hines as a result of the accident sued upon.

2.

John Exner, Adjuster
Louisiana Workers' Compensation Corporation
2237 S. Acadian Thruway
Baton Rouge, Louisiana 70808.

Mr. Exner will testify regarding the benefits paid to and on behalf
of Mr. Hines as a result of the accident sued upon.

3.

Todd Hines, plaintiff

Mr. Hines will testify regarding the benefits received by him or
paid on his behalf as a result of the accident sued upon as well as
the facts and circumstances of the accident itself.

4.

All health care providers, doctors, physicians, or chiropractors
who treated or examined Todd Hines following the incident sued upon
who will testify regarding the medical treatment received by Mr.
Hines and the extent of injuries.

5.

Any witness listed or called by any other party.

**XIV.**

28

The case is non-jury as to all issues. Proposed Findings of Fact, Conclusions of Law and separate memorandum of law shall be filed no less than five full working days before trial.

**XV.**

The issue of liability will ____ be tried separately from the issue of quantum.

**XVI.**

An order of trial and presentation of evidence would be helpful to the parties in scheduling experts and other witnesses.

**XVII.**

Non-jury trial will commence 9th December 2002 at 9:00am and will require four days to complete.

**XVIII.**

This pre-trial order has been formulated after a conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the court to prevent manifest justice.

**XIX.**

Possibility of settlement of this case was considered.

THUS DONE AND SIGNED, this 8th day of November 2002 at New Orleans, Louisiana.

29

HONORABLE Mary Vial Lemmon
UNITED STATES DISTRICT COURT JUDGE

Signatures of Counsel:

FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA 70434
Telephone: (504) 846-4260
Counsel for Petitioners,
Bruce Investment Co., Inc.
and Gulf Tran, Inc.
Tel (985)-867-8830
Fax (985)-867-8927

Danny J. Lirette (8619)
Dexter A. Gary (21292)
LIRETTE & GARY, L.L.C.
10 Professional Drive
P.O. Box 2698
Houma, LA 70361-2968
Telephone 1 (985) 876-2997
Attorney for Todd Hines

David K. Johnson (1998)
Johnson, Stiltner & Rahman
2237 S. Acadian Thruway
P.O. Box 98001
Baton Rouge, LA 70898-8001
1 (225) 231-0755
Louisiana Workers' Compensation
      Corporation,
Intervenor

30