FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 APR 25  PM 2: 19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## MOTION TO SUBSTITUTE PARTY-CLAIMANT IN LIMITATION PROCEEDINGS

Now comes Rachel Hines, widow of Todd Ballard Hines, Claimant in Limitation, through

undersigned counsel, who suggests to the Court the following:

1.

Todd B. Hines was injured aboard the M/V SUPPLIER on December 24, 1998, when he fell

from a settee or bunk, in which he was lying, that broke away from the bulkhead in rough seas.

2.

The Plaintiff in Limitation filed suit against Todd B. Hines, Claimant in Limitation, and trial

of this matter was conducted on December 9, 10 and 12, 2002.

3.

On March 28, 2003, Todd B. Hines died from causes unrelated to the injuries he sustained

aboard the M/V SUPPLIER.



_____ Fee_____
_____ Process_____
X_ Dktd _____
___ CtRmDep_____
___ Doc. No._____

4.

Todd B. Hines is survived by his wife, Rachel Hines.

WHEREFORE, in accordance with Rule 25 of the Federal Rules of Civil Procedure, Rachel

Hines, Todd's widow, moves this Honorable Court to substitute her as the claimant in all matters

pertaining to the instant action, including these Limitation proceedings.

Respectfully submitted,

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE, GARY & SPENCE, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana  70361-2968
Telephone: (504) 876-3377
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __24__ day of April, 2003, served a copy of the

foregoing pleading on counsel for all parties to this proceeding, via telecopier and by mailing the

same by United States mail, properly addressed and first class postage prepaid.

Danny J. Lirette  -  #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

---

## MEMORANDUM IN SUPPORT OF MOTION TO SUBSTITUTE PARTY-CLAIMANT IN LIMITATION PROCEEDINGS

---

BACKGROUND FACTS:

Todd B. Hines, a passenger aboard the M/V SUPPLIER, was injured on December 24, 1998, when the bunk in which he was lying broke away from the bulkhead causing Todd to fall striking his face, head and body on the floor below. A limitation action was brought by Gulf Tran, Inc., naming Todd B. Hines as the party-claimant in the proceeding. This matter proceeded to trial before the Court on December 9, 10 and 12, 2002. Following the trial, and specifically on March 28, 2003, Todd B. Hines died of causes unrelated to injuries he sustained in the accident at issue. Todd is survived by his widow, Rachel Hines.

LAW AND ARGUMENT:

According to Rule 25 of the Federal Rules of Civil Procedure, when a party dies and the claim is not extinguished as a result of the death, the court may order the substitution of the proper parties. Since Todd is now deceased, it is submitted the proper party to carry on his claim is his widow, Rachel Hines.

However, in reaching this conclusion, one must first decide if the instant claim is extinguished as a result of Todd's death. In particular, one must determine if there is a federal statute that provides a remedy when a non-seaman's injury occurs outside of territorial waters and subsequently the non-seaman dies of causes unrelated to the injuries sustained.

Initially, one may erroneously conclude that DOSHA, 46 USC App. § 761 et seq, directly addresses this situation and therefore state law cannot be used to supplement federal law. However, DOSHA only applies in instances when the wrongful acts occurring on the high seas cause the death of a person. Since the wrongful acts in the instant case did not cause Todd's death, DOSHA is inapplicable by its explicit terms.

Likewise, one may incorrectly assert the Jones Act applies to the instant action. However, Todd Hines was not a Jones Act seaman, but a passenger aboard the M/V SUPPLIER. As the plaintiff in limitation has repeatedly asserted, Todd's claim is governed by the 'reasonable care under the circumstances' theory of negligence and not an unseaworthiness claim. Therefore, the Jones Act does not apply.

In fact, no federal law directly applies to the facts of this case. DOSHA does not apply. The Jones Act does not apply. As such, it is submitted that federal law is silent in this regard. It is a generally accepted principle that where federal law is silent, state law is used to supplement federal

maritime law.  In this case, federal law does not speak to a survival action of a maritime passenger who is injured and later dies from causes unrelated to those injuries.  As such, we should look to state law, as a supplement to federal law, to determine if such an action is available.

According to Louisiana Civil Code Article 2315.1, in pertinent part:

> Art. 2315.1.   Survival action
>
> A.     If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1)     The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> *      *      *

By using Louisiana State law to supplement federal law, Rachel Hines is the proper party to be substituted in Todd's place and to carry on with the survival action.

In fact, the United States Supreme Court has addressed a very similar issue in <u>Yamaha Motor Corp. v. Calhoun</u>, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996).  In <u>Yamaha</u>, *supra*, a young girl died in territorial waters, when the jet ski upon which she was riding crashed into an anchored vessel.  The central issue was whether or not state wrongful death and survival claims survived after the Court's decision in <u>Moragne v. States Marine Lines, Inc.</u>, 398 U.S. 375, 90 S.Ct.1772, 26 L.Ed. 2d 339 (1970).   In <u>Yamaha</u>, *supra*, the United States Supreme Court held that in maritime wrongful-death cases in which no federal statute specifies the appropriate relief and the decedent was not a seaman, longshore worker, or person otherwise engaged in a maritime trade, state remedies

remain applicable and have not been displaced by the wrongful-death action recognized in <u>Moragne</u> <u>v. States Marine Lines, Inc.</u>, 398 U.S. 375, 90 S.Ct.1772, 26 L.Ed. 2d 339 (1970). Therefore, the wrongful death and survival actions were viable claims.

In fact, in <u>Yahama</u>, *supra*, the Court cited with approval the concept that <u>Moragne</u>, in sum, centered on the extension of relief, not on the contraction of remedies. The Court specifically noted that " 'it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules.' " Id., at 387, 90 S.Ct., at 1781 (quoting <u>The Sea Gull</u>, 21 F.Cas. 909, 910 (C.C.Md.1865) (Chase, C. J.)). Using the United Supreme Court's reasoning, this Court should allow the state survival remedies and relief as provided for by state law and should substitute Rachel Hines as the proper party in these proceedings.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE GARY & SPENCE, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana   70361-2968
Telephone: (504) 876-3377
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___24___ day of April, 2003, served a copy of the foregoing pleading on counsel for all parties to this proceeding, via telecopier and by mailing the same by United States mail, properly addressed and first class postage prepaid.

Danny J. Lirette   -   #8619

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

---

## NOTICE OF MOTION

---

TO:    All counsel of record

THE FOREGOING MOTION CONSIDERED:

Mover's Motion to Substitute Party-Claimant in Limitation Proceedings will be heard on

**Wednesday, May 21, 2003, at 10:00 o'clock a.m.** before Honorable Mary Ann Vial Lemmon,

United States District Judge for the Eastern District of Louisiana, 500 Camp Street, New Orleans,

Louisiana, or as soon thereafter as counsel may be heard.

Houma, Louisiana, this 24th day of April, 2003.

Respectfully submitted,

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE, GARY & SPENCE, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana   70361-2968
Telephone: (985)  876-2997
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 24th day of April, 2003, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed and first class postage prepaid.

Danny J. Lirette   -   #8619