```
                                                                    FILED
                                                              U.S. DISTRICT COURT
              UNITED STATES DISTRICT COURT                 EASTERN DISTRICT OF LA
                EASTERN DISTRICT OF LOUISIANA
                                                              2003 MAY -6 PM 4:27
```

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION LORETTA G. WHYTE |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-03 CLERK |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | 00-372 |
| Operator of M/V SUPPLIER , praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*.. | * | MAG. WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FRCP RULE 59 MOTION AND ORDER FOR NEW TRIAL AND/OR TO RE-OPEN THE EVIDENCE UPON SUGGESTION OF CLAIMANT'S DEATH

**NOW INTO COURT COME PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., and for the reasons more fully explicated in the attached memorandum of authorities, moves pursuant to FRCP Rule 59 for a New Trial and/or to re-open the evidence of the case upon the suggestion of the death of Todd Ballard Hines on 28th March 2003; for the reason that as a matter of law, the death of the claimant prior to the issuance of this Court's findings of fact and conclusions of law on 14th April 2003, and prior to any entry of judgment thereon, leaves this litigation without a competent party claimant and requires reconsideration of legal issues and damage awards, particularly, any awards of damages predicated upon a future life expectation for Todd Ballard Hines

Respectfully submitted

_____
FRED E. SALLEY, T.A. (#11665)
**SALLEY & ASSOCIATES**
P.O. Box 3549
Covington, LA 70434
**Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.**
Tel (985)-867-8830
Fax (985)-867-8927

## ORDER AND JUDGMENT

Having considered the foregoing motion made on behalf of Petitioners in Limitation, Bruce Investment Co., Inc., and Gulf Tran, Inc., the facts and circumstances, together with the memoranda and authorities submitted, all being in favor of the granting thereof;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion be and hereby is granted for re-opening the evidence, and providing petitioners a new trial for re-consideration of the legal and damages issues in view of the claimant's, Todd Ballard Hines,' death on 28th March 2003, which leaves the litigation without a current competent claimant.

**THUS DONE AND SIGNED IN OPEN COURT** this ____ day of _____ 2003.

                                                                                     _____
                                                                                     **Mary Vial Lemmon, Judge**
                                                                                     United States District Court, E.D.La.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, delivery notification requested, this 7th day of June 2002.

                                                                    Fred E. Salley

Case 2:00-cv-00372-MVL    Document 132    Filed 05/06/2003    Page 3 of 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER, praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | * | MAG. WILKINSON |
| | * | |

**************************************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL AND/OR TO RE-OPEN EVIDENCE

**PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., have filed a motion under FRCP Rule 59 for a New Trial and/or to re-open the evidence in this case, upon the suggestion by claimant's counsel, of the death of Todd Hines on 28th March 2003 which was prior to the issuance of this Court's findings of fact and conclusions of law on 14th April 2003. No judgment has been issued on the findings, and should be deferred due to the recent death of the claimant.

Counsel for claimant recently filed a motion seeking to substitute "Rachel Hines," alleged spouse of Todd Ballard Hines, as a substitute claimant in this litigation. The aforesaid motion, received by undersigned counsel on 26th April 2003, was first notice of the death of Todd Hines which reportedly occurred approximately one month previously.

As a matter of law, the death of claimant, Todd Hines, leaves the limitation of liability proceeding without a competent claimant, and some care and research will be required to resolve the issue of succession under the facts of this particular case, which arises only under the exclusive admiralty venue and jurisdiction of the United States. Moreover, the motion to substitute Rachel Hines did not proffer a marriage certificate or death certificate, both of which are essential predicate support for the Court's

consideration of that motion. As this case was already tried and submitted during December 2002, mere representations from counsel of legal status and competency, may not be accepted at face value by the Court, subject to discovery, because the current posture of the case is beyond the discovery stage. The Court must rule that there must be a new trial, a re-opening of evidence, and further discovery on a) the death of Todd Hines; and b) the legal relationship between Rachel Hines and Todd Hines prior to and at the instant of his death; and c) Rachel Hines' legal capacity, if any, in a succession scheme that is determined exclusively by Louisiana Law. The incident complained of predated Hines' marriage, and is separate property, which Rachel Hines would have no interest in unless she is a legal heir under Louisiana Law. In passing, counsel understands that Hines had surviving parents, and siblings, any of whom might be in contest for Hines' succession, which so far as can be determined has not yet been filed of record.

Finally, and significantly, over $600,000 of the proposed award made to claimant in the Court's proposed findings of fact included damages predicated on Hines' future life expectancy. These inchoate awards of monetary damages, as a matter of law, must be reviewed, reconsidered, and removed from the findings of fact, now that the date of Todd Hines death is a certain, determinable fact, no longer subject to interpretation of government life expectancy tables, expert opinion, or guesswork. It is clear that Hines did not and will not ever incur any such future damages, so any award that includes them must be amended to reflect any such damages as might have been proveable up to 28th March 2003.

For the reasons stated above, petitioners in limitation believe that both law and justice mandate the granting of a new trial, re-opening of discovery and the evidence; and reassessment of damage awards, and the identification of the party, if any, that is competent and has the appropriate legal status and relationship to Todd Ballard Hines to claim substitution as "claimant" in the instant litigation.

Respectfully submitted

*/s/ Fred E. Salley*
**FRED E. SALLEY, T.A. (#11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**Covington, LA 70434**
**Counsel for Plaintiffs,**
**Bruce Investment Co., Inc. and Gulf Tran, Inc.**
**Tel (985)-867-8830**
**Fax (985)-867-8927**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by U.S. Mail and/or by facsimile, delivery notification requested, this 6th day of May 2003.

*/s/ Fred E. Salley*
**Fred E. Salley**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER , praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*.. | * | MAG. WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT**, Petitioners in Limitation, Bruce Investment Co., Inc., and Gulf Tran, Inc., will bring the attached Motion for New Trial and/or to reopen evidence, on for hearing before Judge Mary Vial Lemmon, United States Federal District Court, Eastern District of Louisiana, Hale Boggs Federal Building, 500 Camp Street, New Orleans, LA  70130 at 10:00AM on 18th June 2003 at 10:00 am, at which date and place you are invited to appear and participate as you may deem appropriate.

Respectfully submitted,

_____
FRED E. SALLEY, T.A. (#11665)
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**Covington, LA  70434**
**Counsel for Plaintiffs,**
**Bruce Investment Co., Inc. and Gulf Tran, Inc.**
Tel (985)-867-8830
Fax (985)-867-8927

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by mail and/or by facsimile, delivery notification requested, this 6th day of May 2003.

_____
Fred E. Salley