

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER, praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq..* | * | MAG. WILKINSON |
| | * | |

*********************************************************************

### FRCP RULE 12(c) MOTION TO DISMISS AND/OR RULE 56 MOTION FOR SUMMARY JUDGMENT AND/OR FRCP RULE 59 MOTION AND ORDER FOR NEW TRIAL

**NOW INTO COURT COME PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., and for the reasons more fully explicated in the attached memorandum of authorities, moves pursuant to FRCP Rule 12(c) for Judgment of Dismissal on the Pleadings and/or under FRCP Rule 56 for Summary Judgment and/or FRCP Rule 59 for a New Trial for the reason that as a matter of law, the attempted substitution of Rachel Hines as claimant, upon mere suggestion of the death of the original claimant, Todd Hines, on 28th March 2003; prior to the issuance of this Court's findings of fact and conclusions of law on 14th April 2003, and prior to any entry of any judgment thereon, leaves this litigation without a competent party claimant with legal capacity or standing to proceed and petitioners are entitled to dismissal of the entirety of her claims as a matter of law.

Respectfully submitted

*[signature]*

FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA 70434
Counsel for Plaintiffs,
Bruce Investment Co., Inc. and Gulf Tran, Inc.
Tel (985)-867-8830
Fax (985)-867-8927

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, delivery notification requested, this 19th day of May 2003.

*[signature]*
Fred E. Salley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER , praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | * | MAG. WILKINSON |
| | * | |

*********************************************************************

## ORDER AND JUDGMENT

Having considered the motion to dismiss made on behalf of Petitioners in Limitation, Bruce Investment Co., Inc., and Gulf Tran, Inc., the facts and circumstances, together with the memoranda and authorities submitted, all mandating the granting thereof;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Petitioners' motion be and hereby is granted dismissing all claims of Rachel Hines

**THUS DONE AND SIGNED IN OPEN COURT** this ____ day of _____ 2003.

_____
**Mary Vial Lemmon, Judge**
United States District Court, E.D.La.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER, praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | * | MAG. WILKINSON |
| | * | |

*********************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP RULE 12(c) AND/OR SUMMARY JUDGMENT AND/OR FOR NEW TRIAL

**PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., previously filed a motion under FRCP Rule 59 for a New Trial and/or to re-open the evidence in this case, in direct response to the suggestion, by original claimant's counsel in a motion to substitute a new claimant, of the death of Todd Hines on 28th March 2003, a date that preceded the issuance of this Court's findings of fact and conclusions of law on 14th April 2003. No judgment was rendered on behalf of Todd Hines prior to his death. The current legal status is that this admiralty and maritime personal injury claim that was originally filed on behalf of Todd Hines remained inchoate at the time of his death, and there is presently no competent claimant with legal capacity or standing to proceed. Moreover, traditional maritime law, which provided the sole basis for jurisdiction, and the sole basis for Hines' original personal cause of action, provides no concomitant right of survival upon the claimant's death, so his cause of action did not survive Hines' death.

Counsel for claimant filed a motion seeking to substitute "Rachel Hines," alleged spouse of Todd Ballard Hines, as a substitute claimant in this litigation in late April 2003. The aforesaid motion, served on undersigned counsel by mail on 26th April 2003, was

first notice of the unrelated death of Todd Hines, which reportedly occurred approximately one month previously. This motion, which required notice of contradictory hearing under the Federal Rules of Civil Procedure and the local practice rules of the Eastern District, was noticed by counsel for hearing on 21st May 2003. Notwithstanding that the motion was not by its nature susceptible of ex-parte action on the particular request for substitution, it was signed by the Court on 6th May 2003 without prior notice to Petitioners,' or query of counsel as to whether there would be an objection or response, and prior to the noticed contradictory hearing. Under the rules, Petitioners had until 13th May to file written response or objection to the motion and would have done so. Petitioners now simply address the consequences of the Court's grant of that motion to substitute.

Petitioners' current motion brought under multiple legal grounds, addresses the litigation in its present posture, *i.e.* with Rachel Hines having been 'substituted" as claimant by order of this Court on 6th May 2003. All of the claims asserted by and for Rachel Hines in this admiralty and maritime limitation concursus must now be dismissed, with prejudice, as a matter of law, for the reason that she, Rachel Hines, lacks legal standing, capacity to proceed, and a viable cause of action, to wit:

    a)    no certificate of death of claimant Todd Ballard Hines was offered in support of the suggestion of death;

    b)    no certificate of marriage between Rachel Hines and Todd Hines was offered in support of the assertion that Rachel Hines was the only lawful spouse;

    c)    no letters of administration or other succession documents or orders, interim or otherwise, recognizing the status of Rachel Hines as Todd Hines lawful and

only heir, from any court having jurisdiction over Todd Hines' estate or succession, were offered in support of the assertions in the motion seeking substitution;

  d)  pretermitting the aforesaid fatal defects in Rachel Hines' legal status and capacity before this Court, Todd Hines' original claim for an alleged personal injury on the high seas arose exclusively under the admiralty and maritime law of the United States; is exclusively governed by that law; and since that claim remained inchoate at the time of Todd Hines' death, **did not survive his death**. **Miles vs. Apex Marine Corporation, et. al.**, 498 U.S. 19, 111 S. Ct. 317, 112 L. Ed. 2d 275, 59 U.S.L.W. 4001 (1990).

  Todd Hines claimed personal injury as a passenger on a vessel navigating the high seas. At the time of his claimed injury, he was not a seaman covered by the Jones Act; a longshoreman covered by the Longshoring Act, or an offshore worker covered by the provisions of the OCSLA. He did not sustain a fatal injury, so the provisions of DOHSA are inapplicable by their terms. The sole basis for jurisdiction of this claim was admiralty law, and the only court of competent jurisdiction was the United States Federal District Court. **Kermarec vs. Compagnie Generale Transatlantique**, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed. 2d 550 (1959)   Mr. Hines had no "savings to suitors" causes of action against petitioners, because the claimed incident, having occurred outside territorial waters and on the high seas, **exceeded the jurisdictional reach** of any state law, remedy or procedure, including state survival or inheritance statutes which might have once arguably applied had the incident occurred in territorial waters. **Miles**, *supra*. Hines' sole and exclusive cause of action for this alleged incident was a personal claim for ordinary negligence pursuant to traditional admiralty and maritime law concepts; and

upon his death, his inchoate personal rights terminated, leaving no rights or causes of action for anyone to inherit.

The United States Congress, presumably aware of the lack of survival in traditional admiralty and maritime law claims, specifically undertook in legislation passed variously over the last seventy-five years, to address survival of actions in limited circumstances in DOHSA and the Jones Act. Congress could have, but chose not to, provide universal survival of actions.

Congress specifically, consistently, and knowingly declined to pass legislation <u>reversing</u> the traditional maritime and common law views that claims for personal injuries die with their decedents, by providing for survival of traditional, but inchoate admiralty and maritime claims, except in a) those claims which arise from a death sustained by a non-seaman on the high seas under DOHSA; and b) those claims which arise from the death of a Jones Act seaman under specific amendment to the Jones Act via the FELA. In all other instances, <u>and where the injuries did not result in eventual death</u>, Congress elected to leave the traditional maritime rules intact, without survival as a feature.

Todd Hines made no viable "savings to suitors" claims, because he had none to assert. Hines' non-fatal injury claim, which occurred on the high seas, cannot be reached by any state law or remedies, for lack of extra-territorial jurisdiction, and terminated on his death.

As a matter of law, the death of claimant, Todd Hines, leaves the limitation of liability proceeding without a competent claimant or a viable claim to pursue. Moreover, the motion to substitute Rachel Hines did not proffer a marriage certificate or death

certificate, both of which would be essential predicate support for the Court's consideration of that motion. As this case was already tried and submitted during December 2002, mere representations from counsel of legal status and competency, may not be accepted at face value by the Court, The Court must rule that there must be a new trial, a re-opening of some evidence, and further discovery on a) the death of Todd Hines; b) the legal relationship between Rachel Hines and Todd Hines prior to and at the instant of his death; c) Rachel Hines' legal capacity, if any, in a succession scheme that would apparently be determined exclusively by Louisiana Law; and most significantly d) whether any claim survived the death of Todd Hines.

The incident complained of predated Hines' marriage, and is presumably separate property, in which Rachel Hines would have no pecuniary interest unless she is Todd Hines' legal heir under a will, codicil or Louisiana Law. In passing, counsel understands that Hines had surviving parents, and siblings, any of whom might be in contest for Hines' succession, which so far as can be determined has not yet been filed of record in any state court.

Finally, and significantly, over $600,000 of the proposed award made to claimant in the Court's proposed findings of fact included damages predicated on Hines' future life expectancy. These inchoate awards of monetary damages, as a matter of law, must be reconsidered, and removed from any findings of fact, now that the time of Todd Hines' death is a date-certain, determinable fact, no longer subject to interpretation of government life expectancy tables, expert opinion, or guesswork. It is clear that Hines did not and will not ever incur any such future damages, so any award that includes them must be amended to reflect any such damages as might have been provable up to 28th

March 2003, subject of course, to the foundation issue of whether any claim whatsoever survived Hines' death

For the reasons stated above, petitioners in limitation believe that both law and justice mandate the dismissal of all claims; alternatively the granting of a new trial, re-opening of limited discovery and the evidence; and reassessment of damage awards, and the identification of the party, if any, that is competent and has the appropriate legal status, standing, and relationship to Todd Ballard Hines to claim substitution as "claimant" in the instant litigation without regard to the paramount issue of survival.

Respectfully submitted

_____
FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA  70434
**Counsel for Plaintiffs,**
**Bruce Investment Co., Inc. and Gulf Tran, Inc.**
Tel (985)-867-8830
Fax (985)-867-8927

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by U.S. Mail and/or by facsimile, delivery notification requested, this 19th day of May 2003.

_____
Fred E. Salley

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the | * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the | * | |
| Operator of M/V SUPPLIER , praying for | * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to | * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 *et seq.*. | * | MAG. WILKINSON |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT**, Petitioners in Limitation, Bruce Investment Co., Inc., and Gulf Tran, Inc., will bring the attached Motions for Rule 12(c) Dismissal, and/or Motion for FRCP Rule 56 Summary Judgment, and/or FRCP Rule 59 Motion for New Trial, on for hearing before Judge Mary Vial Lemmon, United States Federal District Court, Eastern District of Louisiana, Hale Boggs Federal Building, 500 Camp Street, New Orleans, LA  70130 at 10:00AM on 18st June 2003, at which date and place you are invited to appear and participate as you may deem appropriate.

Respectfully submitted

_____
FRED E. SALLEY, T.A. (#11665)
SALLEY & ASSOCIATES
P.O. Box 3549
Covington, LA  70434
**Counsel for Plaintiffs,**
**Bruce Investment Co., Inc. and Gulf Tran, Inc.**
Tel (985)-867-8830
Fax (985)-867-8927

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served on all counsel of record by mail and/or by facsimile, delivery notification requested, this 19th day of May 2003.

_____
Fred E. Salley