

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUN 10 PM 2:56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## OPPOSITION MEMORANDUM BY CLAIMANT, RACHAEL HINES

Petitioners in limitation have filed post trial motions seeking to have this case dismissed with prejudice and a new trial because of Todd Hines' death. Movers claim that Hines' case died with him. However, movers offer no authority in support of their arguments.

Movers argue the case should be dismissed because there was no marriage certificate, death certificate, or letters of administration submitted with the motion to substitute. Claimant submits a certified copy of her marriage certificate showing the marriage between Todd Ballard Hines and Rachael Veillon Reeves occurred on May 11, 2001. Exhibit "A" attached hereto. Claimant does not have a death certificate because one is not available. Tissue samples from the autopsy were submitted for toxicology studies which, according to the Calcasieu Parish Coroner's office are still



not complete. Claimant can only submit a copy of the obituary from the Lake Charles newspaper. Exhibit "B" attached hereto. Nothing will be added by the death certificate. No one denies that Todd Hines died. No one is suggesting that Todd Hines died as a result of his injuries. Nothing in the medical evidence submitted at the trial of this matter suggested that any injury suffered by Mr. Hines (neck and back injuries) would or could cause his death. If the Court determines that one is needed, then claimant requests that the motion be held open until the coroner's office has completed the death certificate. Finally, the proper party for substitution under La. R.S. 2315.1 is the surviving widow and not the administrator of a succession. Letters of administration were unnecessary.

Movers admit that DOSHA, 46 App. USCA § 761, does not apply. They also agree that Congress has not provided a statute that covers the facts of this case. Therefore there is no federal statute that would preempt application of La. Civil Code Art. 2315.1. In fact, movers have offered nothing to rebut claimant's argument contained in her memorandum in support of her motion to substitute. Claimant wishes to adopt that memorandum, here, in opposition to movers' motion. Exhibit "C" attached hereto.

Finally, movers seek a new trial because of Mr. Hines' death which occurred after the case was tried but just prior to the Court's decision. In <u>Davis v. Jellico Community Hospital, Inc.</u>, 912 F.2d 129 ( Sixth Cir. 1990) the appellate court approved a trial court's refusal to grant a new trial or grant relief from a judgment to a defendant where the plaintiff died after trial by jury while the case was still pending before district court. The plaintiff died 33 days after a jury verdict but while post trial motions were pending. The verdict was for $2,500,000 and included future damages. The defendants sought a new trial on damages as a result of the death of the plaintiff since there would not be any future damages and to allow plaintiff to recover would be a substantial injustice. The

appellate court affirmed the trial court's refusal to grant a new trial. The Court stated that:

> To hold that a plaintiff's death following a jury verdict is the sort of "substantial injustice" requiring the reopening of cases or award of new trials under the Federal Rules of Civil Procedure would be to invite a morass of appeals from defendants in cases where the plaintiffs did not survive an "acceptable" amount of time following the entry of final judgment. Conversely, such a rule would require reopening cases where a plaintiff's life span exceeded the expectation presented to the jury. 912 F.2d 129, 135.

The same reasoning should apply to the Hines case even though it was a Judge tried case. The case was tried and submitted. The court did not leave the record open. All evidence was submitted. Surely, petitioners in limitation would have objected to reopening the case if things were reversed, such as Hines having to have additional neck and back surgery.

Federal Rule of Civil Procedure 25 allows substitution upon the *suggestion* of death within ninety days after the suggestion. Rachael Hines has followed the procedure required by the rule and she was properly substituted. The unfortunate death of Todd Hines should not result in a new trial on damages. For these reasons petitioners' motions should be denied. See also, Boyd v. Bulala, 905 F.2d 764 (4th Cir.1990).

                                                    Respectfully submitted,

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE, GARY & SPENCE, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana 70361-2968
Telephone: (985) 876-2997
COUNSEL FOR CLAIMANT,
   RACHAEL HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of June, 2003, served a copy of the foregoing pleading on counsel for all parties to this proceeding, via telecopier and by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette   -   #8619

# STATE OF LOUISIANA
## CERTIFICATE OF MARRIAGE

LICENSE NO. 330 197     STATE FILE NO. 117

### GROOM
- 1A. LAST NAME OF GROOM: HINES
- 1B. FIRST NAME: TODD
- 1C. SECOND NAME: BALLARD
- 2. USUAL RESIDENCE - CITY, TOWN, OR LOCATION: LAKE CHARLES
- 3. IS RESIDENCE INSIDE CITY LIMITS? Y
- 4. PARISH/COUNTY: CALCASIEU
- 5. STATE: LA
- 6. RACE: WHITE
- 7. DATE OF BIRTH: 10/23/1962
- 8. STATE OF BIRTH: LA
- 9. FATHER - NAME: EARL HINES, JR.
- 10. STATE OF BIRTH: LA
- 11. MOTHER - MAIDEN NAME: PHYLISS ROSE ACKER HINES
- 12. STATE OF BIRTH: LA

### BRIDE
- 13A. LAST NAME OF BRIDE: VEILLON
- 13B. FIRST NAME: RACHAEL
- 13C. SECOND NAME: REEVES
- 13D. MAIDEN NAME: VEILLON
- 14. USUAL RESIDENCE: LAKE CHARLES
- 15. IS RESIDENCE INSIDE CITY LIMITS? Y
- 16. PARISH/COUNTY: CALCASIEU
- 17. STATE: LA
- 18. RACE: WHITE
- 19. DATE OF BIRTH: 03/26/1959
- 20. STATE OF BIRTH: LA
- 21. FATHER - NAME: RAYFORD VEILLON
- 22. STATE OF BIRTH: LA
- 23. MOTHER - MAIDEN NAME: RUBY MONCEAUX VEILLON CONSTANCE
- 24. STATE OF BIRTH: LA

### COVENANT MARRIAGES
24A. Covenant Marriage: yes [ ] no [X] (If yes, complete the following statement.)
We, _____ and _____ do hereby declare our intent to contract a Covenant Marriage and, accordingly, have executed a declaration of intent attached hereto.

### SIGNATURE
I/WE HEREBY CERTIFY THAT THE INFORMATION PROVIDED IS CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF AND THAT WE ARE FREE TO MARRY UNDER THE LAWS OF THIS STATE.
- 25. GROOM'S SIGNATURE: /s/
- 26. BRIDE'S SIGNATURE: /s/ Rachel V. Reeves

### LICENSE TO MARRY
- 27. EXPIRATION DATE: 06/10/2001 02:30 PM
- 28. SUBSCRIBED TO AND SWORN TO BEFORE ME ON: 05/11/2001 By BETHANY SMITH
- 29. SIGNATURE OF ISSUING OFFICIAL: /s/ Bethany Smith
- 30. TITLE OF ISSUING OFFICIAL: DEPUTY CLERK OF COURT
- 31. PARISH: CALCASIEU
- 32. CITY OR TOWN: LAKE CHARLES
- 33. TIME OF ISSUE: 05/11/2001 02:30 P

### CEREMONY
- 34. I CERTIFY THAT THE ABOVE NAMED PERSONS WERE MARRIED ON: 5/11/01 4:15 PM
- 35. WHERE MARRIED: LAKE CHARLES
- 36. PARISH: CALCASIEU
- 37. SIGNATURE OF PERSON PERFORMING CEREMONY: /s/ Fred R. Godwin
- 38. NAME: FRED R. GODWIN
- 39. TITLE: DISTRICT JUDGE
- 40. ADDRESS: 1001 LAKESHORE DRIVE, LAKE CHARLES, LA 70601
- 41A. GROOM'S SIGNATURE: /s/
- 41B. BRIDE'S SIGNATURE: /s/ Rachel Veillon Reeves
- 42A. SIGNATURE OF WITNESS TO CEREMONY: /s/
- 42B. SIGNATURE OF WITNESS TO CEREMONY: /s/

### RECORDING OFFICIAL
- 43. SIGNATURE OF LOCAL RECORDING OFFICIAL: /s/ Whitsitt
- 44. DATE FILED: 5/11/01

083153

### GROOM
- NO. OF THIS MARRIAGE: 2
- IF PREVIOUSLY MARRIED, Last Marriage Ended by: DIVORCE
- DATE: Month 9, Year 1985
- EDUCATION: College 1

### BRIDE
- NO. OF THIS MARRIAGE: 2
- IF PREVIOUSLY MARRIED, Last Marriage Ended by: DIVORCE
- DATE: Month 7, Year 2000
- EDUCATION: High School 4

Concurrent or Multiple Relationship: NONE

Book: 330 Page: 197

### SSNS
- Groom's Social Security Number: 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
- Bride's Social Security Number: 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

EXHIBIT "A"

PHS-5 (9/98) DHH, OFFICE OF PUBLIC HEALTH, VITAL RECORDS REGISTRY     TO BE RETURNED TO ISSUING OFFICE BY OFFICIANT WITHIN 10 DAYS OF CEREMONY

**Todd Hines**

Todd Hines, 40, died at 1 a.m. Friday, March 28, 2003, in Lake Charles.

He lived in Lake Charles most of his life. He graduated from Barbe High School. He was a sheet metal worker and pipe fitter.

Survivors include his wife, Rachel Veillon Hines of Lake Charles; his parents, Mr. and Mrs. Earl (Beverly) Hines Jr.; three brothers, Earl "Trey" Hines III and Scott Hines, both of Houston, and Keith Vauquelin of Dallas; two sisters, Barbara Stapp of Houston and Jeri Ann LaPlante of California.

A memorial service will be at 11 a.m. Friday, April 4, in Johnson Funeral Home. Visitation is from 10 a.m. Friday.



EXHIBIT "B"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq*. | * | SECTION S MAG. 2 |

## MEMORANDUM IN SUPPORT OF MOTION TO SUBSTITUTE PARTY-CLAIMANT IN LIMITATION PROCEEDINGS

BACKGROUND FACTS:

Todd B. Hines, a passenger aboard the M/V SUPPLIER, was injured on December 24, 1998, when the bunk in which he was lying broke away from the bulkhead causing Todd to fall striking his face, head and body on the floor below. A limitation action was brought by Gulf Tran, Inc., naming Todd B. Hines as the party-claimant in the proceeding. This matter proceeded to trial before the Court on December 9, 10 and 12, 2002. Following the trial, and specifically on March 28, 2003, Todd B. Hines died of causes unrelated to injuries he sustained in the accident at issue. Todd is survived by his widow, Rachel Hines.


EXHIBIT "C"

LAW AND ARGUMENT:

According to Rule 25 of the Federal Rules of Civil Procedure, when a party dies and the claim is not extinguished as a result of the death, the court may order the substitution of the proper parties. Since Todd is now deceased, it is submitted the proper party to carry on his claim is his widow, Rachel Hines.

However, in reaching this conclusion, one must first decide if the instant claim is extinguished as a result of Todd's death. In particular, one must determine if there is a federal statute that provides a remedy when a non-seaman's injury occurs outside of territorial waters and subsequently the non-seaman dies of causes unrelated to the injuries sustained.

Initially, one may erroneously conclude that DOSHA, 46 USC App. § 761 et seq, directly addresses this situation and therefore state law cannot be used to supplement federal law. However, DOSHA only applies in instances when the wrongful acts occurring on the high seas cause the death of a person. Since the wrongful acts in the instant case did not cause Todd's death, DOSHA is inapplicable by its explicit terms.

Likewise, one may incorrectly assert the Jones Act applies to the instant action. However, Todd Hines was not a Jones Act seaman, but a passenger aboard the M/V SUPPLIER. As the plaintiff in limitation has repeatedly asserted, Todd's claim is governed by the 'reasonable care under the circumstances' theory of negligence and not an unseaworthiness claim. Therefore, the Jones Act does not apply.

In fact, no federal law directly applies to the facts of this case. DOSHA does not apply. The Jones Act does not apply. As such, it is submitted that federal law is silent in this regard. It is a generally accepted principle that where federal law is silent, state law is used to supplement federal

maritime law. In this case, federal law does not speak to a survival action of a maritime passenger who is injured and later dies from causes unrelated to those injuries. As such, we should look to state law, as a supplement to federal law, to determine if such an action is available.

According to Louisiana Civil Code Article 2315.1, in pertinent part:

> Art. 2315.1.  Survival action
>
> A.  If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> \* \* \*

By using Louisiana State law to supplement federal law, Rachel Hines is the proper party to be substituted in Todd's place and to carry on with the survival action.

In fact, the United States Supreme Court has addressed a very similar issue in Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). In Yamaha, *supra*, a young girl died in territorial waters, when the jet ski upon which she was riding crashed into an anchored vessel. The central issue was whether or not state wrongful death and survival claims survived after the Court's decision in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct.1772, 26 L.Ed. 2d 339 (1970). In Yamaha, *supra*, the United States Supreme Court held that in maritime wrongful-death cases in which no federal statute specifies the appropriate relief and the decedent was not a seaman, longshore worker, or person otherwise engaged in a maritime trade, state remedies

remain applicable and have not been displaced by the wrongful-death action recognized in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct.1772, 26 L.Ed. 2d 339 (1970). Therefore, the wrongful death and survival actions were viable claims.

In fact, in Yahama, *supra*, the Court cited with approval the concept that Moragne, in sum, centered on the extension of relief, not on the contraction of remedies. The Court specifically noted that " 'it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules.' " Id., at 387, 90 S.Ct., at 1781 (quoting The Sea Gull, 21 F.Cas. 909, 910 (C.C.Md.1865) (Chase, C. J.)). Using the United Supreme Court's reasoning, this Court should allow the state survival remedies and relief as provided for by state law and should substitute Rachel Hines as the proper party in these proceedings.

Respectfully submitted,

_____
Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE, GARY & SPENCE, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana 70361-2968
Telephone: (504) 876-3377
COUNSEL FOR CLAIMANT,
    TODD BALLARD HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this \_\_24\_\_ day of April, 2003, served a copy of the foregoing pleading on counsel for all parties to this proceeding, via telecopier and by mailing the same by United States mail, properly addressed and first class postage prepaid.

_____
Danny J. Lirette   -   #8619