UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT * | CIVIL ACTION |
| OF BRUCE INVESTMENT CO., INC., as the * | NO. 00-0372 |
| Owner of M/V SUPPLIER, and GULF TRAN, INC., as the * | |
| Operator of M/V SUPPLIER , praying for * | SEC. S(2) |
| Exoneration from or Limitation of Liability pursuant to * | JUDGE LEMMON |
| 46 U.S.C. Secs. 183 et seq.. * | MAG. WILKINSON |

*********************************************************************

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP RULE 12(c) AND/OR SUMMARY JUDGMENT AND/OR FOR NEW TRIAL

**PLAINTIFFS-IN-LIMITATION,** Bruce Investment Co., Inc., and Gulf Tran, Inc., previously filed a motion under FRCP Rule 59 for a New Trial and/or to re-open the evidence in this case, in direct response to the suggestion, by original claimant's counsel in a motion to substitute a new claimant, of the death of Todd Hines on 28th March 2003, a date that preceded the issuance of this Court's findings of fact and conclusions of law on 14th April 2003. No judgment was rendered on behalf of Todd Hines prior to his death. The current legal status is that this admiralty and maritime personal injury claim that was originally filed on behalf of Todd Hines remained inchoate at the time of his death, and there is presently no competent claimant with legal capacity or standing to proceed. Moreover, traditional maritime law, which provided the sole basis for jurisdiction, and the sole basis for Hines' original personal cause of action, provides no concomitant right of survival upon the claimant's death, so his cause of action did not survive Hines' death. Counsel for claimant filed a motion seeking to substitute "Rachel Hines," alleged spouse of Todd Ballard Hines, as a substitute claimant in this litigation in late April 2003.

Plaintiffs in Limitation now wish to briefly respond to the "authorities" and arguments cited in the memorandum of claimant, supporting the substitution of Rachel Hines and the "status quo" as to the original findings of this Court.

First, one need not worry about pre-emption of Louisiana statutes by federal law in this case, as Louisiana law, statues and jurisdiction simply do not reach any causes of action arising out of an accident on the high seas. They simply have no applicability. It is a matter of total lack of jurisdiction over the right and cause of action. Whereas, on shore, and in any dispute over a succession involving Rachel Hines and other contenders for Todd Hines' succession, Louisiana law may apply since there is subject matter jurisdiction, but it does not reach the admiralty issues between petitioners and Hines in this admiralty case pending in United States Federal District Court.

Were there to be any valid basis for application of Louisiana law to this extra-territorial incident, which there is not, clearly federal law as expressed by Congress in DOHSA and the Jones Act would pre-empt any such statute attempting to change the traditional admiralty rule that injuries on the high seas do not survive the claimant. See **Miles vs. Apex**, previously cited. It was the recognition by Congress that there was no survival of non-Jones Act actions on the high seas, that directly led to the enactment of DOHSA, and a limited right, under specific circumstances, for survival in favor of specific claimants. Had admiralty and maritime law already provided a cause of action, and for survival of actions, for accidents and injuries on the high seas, the enactment of DOHSA would have been unnecessary, unless Congress wanted to change it or limit it. Therefore, if causes of action and survival were already inherent in admiralty cases, as some Courts have argued, Congress was entitled to, and did decide to limit the

availability of causes of actions and survival only to those situations delineated in DOHSA, in which death was a consequence of a high seas incident; and knowingly leaving other non-death accidents and injuries out of the scheme. If as Justice O'Conner pointed out, admiralty did not inherently provide causes of action or survival for incidents on the high seas, Congress undertook to provide a limited remedy, leaving some circumstances as they were prior to the enactment of DOHSA, without remedy or survival rights. Either way, it is pretty clear that Congress used its constitutional authority to **limit**, or **leave out** altogether, non-death causes of action and survival. Clearly, as stated by Justice O'Conner in **Miles**, Congress has spoken and all Courts have to abide by its decision, even if that decision is not the one favored by the judiciary.

It would be erroneous to conclude that Congress needed to make any specific pre-emptive statement in DOHSA to preclude applicability of state legislation, for the simple reason that no state has jurisdiction or authority to legislate for the high seas anyway. The DOHSA, by definition, applies to the high seas, and for obvious reasons of jurisdiction, state laws and regulations do not reach there. Under this rationale, cases such as **Moragne** and **Yamaha**, cited by claimant, simply do not apply. These cases did not involve incidents on the high seas, but admiralty actions occurring in territorial waters, where state legislation might still reach, pending the Supreme Court's revisit of the issue in another case similar to **Miles.** As explicitly stated by Justice O'Conner, reconsideration of **Moragne** type issues was not necessary for the Court's decision in **Miles**, so the Court did not go there in its opinion limited to the facts of the case before it.

Claimant also cited **Davis vs. Jellico**, 919 F.2d 129 (6th Cir., 1990) concerning the Rule 59 issue. This case is obviously inapplicable and is clearly distinguishable on its

facts. In the first place, Davis' claim was wholly landlocked, and was based on specific Tennessee law. In Davis' case, a jury had reached a verdict which **had been reduced to final judgment.** In this case, Hines' death occurred fourteen days before the trial court's entry of findings of fact, although for reasons unknown to petitioners, this information was not provided to the Court until several days after entry of the Court's findings. Information about the death was not provided to petitioners' counsel until several days after the Court became apprised. There had been no final judgment prior to the death (and none to date), so at the very <u>moment</u> of Hines' death, his claim remained inchoate, undecided by the fact finder, and did not survive his death under applicable maritime law.

Petitioners reiterate their claim for the various relief requested in the motions previously filed.

Respectfully submitted

_____
FRED E. SALLEY, T.A. (#11665)
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**Covington, LA  70434**
**Counsel for Plaintiffs,**
**Bruce Investment Co., Inc. and Gulf Tran, Inc.**
**Tel (985)-867-8830**
**Fax (985)-867-8927**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by U.S. Mail and/or by facsimile, delivery notification requested, this 16th day of June 2003.

_____
Fred E. Salley