FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUL -8 PM 4:02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE                CIVIL ACTION
COMPLAINT OF BRUCE
INVESTMENT CO., INC.                NO: 00-0372

                                    SECTION: "S" (2)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the "FRCP Rule 59 Motion and Order for New Trial and/or Reopen the Evidence upon Suggestion of Claimant's Death" of Bruce Investment Co., Inc. and Gulf Tran, Inc. is **DENIED**. (Document #132.)

**IT IS FURTHER ORDERED** that the "FRCP Rule 12(c) Motion to Dismiss and/or Rule 56 Motion for Summary Judgment and/or FRCP Rule 59 Motion and Order for New Trial" is **DENIED**. (Document #133.)

### I.  BACKGROUND

On December 20, 1998, Todd Ballard Hines was injured while being transported to shore aboard the M/V SUPPLIER, an offshore supply vessel owned by Bruce Investment Co., Inc. and manned,

DATE OF ENTRY
JUL 0 9 2003

___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep___
___ Doc. No.___

provisioned, and crewed by Gulf Tran, Inc. (the plaintiffs-in-limitation). The plaintiffs-in-limitation filed a complaint for exoneration from or limitation of liability, and Hines filed a claim for damages based on negligence. The case proceeded to trial before the court on December 9, 2002.

In the findings and fact and conclusions of law entered on April 14, 2003, the court found that the accident was caused by the negligent operation of the vessel at high speed in rough seas, and that the screws securing the upper bunk were not adequate to hold a passenger in the upper bunk safely under those conditions. The court concluded that the plaintiffs-in-limitation were not entitled to exoneration from liability on Hines's claim of negligence. However, the court found that the shipowner corporation did not exert control over the negligent operation of the vessel and did not know of the conditions or actions that caused Hines's injury. Therefore, the plaintiffs-in-limitation were entitled to limit their liability to the value of the vessel. The court awarded damages in the amount of $842,544.28 plus legal interest from December 24, 1998. The damage award consists of $151,269 in past lost earnings, $331,772 in future lost earnings, $275,000 in general damages, and $84,503.28 in medical expenses. The plaintiffs-in-limitation are entitled to limit their liability to $550,000, the stipulated

value of the vessel.[1]

On March 28, 2003, Hines died from causes unrelated to the injuries he sustained aboard the vessel.  On May 5, 2003, the court granted a motion to substitute Hines's widow, Rachel Hines, as the party-claimant in the limitation proceeding.

## II. DISCUSSION

### A.  Rule 59(a)(2) motion

The plaintiffs-in-limitation filed a Rule 59 motion for a new trial or to reopen the evidence, asserting that the death of Hines on March 28, 2003, prior to the issuance of the court's findings of fact and conclusions of law and prior to the entry of judgment, leaves the litigation without a competent claimant.  They argue that the circumstances require reconsideration of legal issues and damage awards, particularly the award of damages based on future life expectation.  The plaintiffs-in-limitation argue that the date of Hines's death is now a certain, determinable fact, no longer subject to tables or guesswork, and that any award that includes the "inchoate awards of monetary damages" must be amended.

The grant or denial of a new trial is governed by the Federal Rules of Civil Procedure.  See 11 Wright, Miller & Kane,

---

[1]  Judgment has not been entered because the right of the intervenor, the Louisiana Workers' Compensation Corporation, to recover out of monies he receives in this litigation is challenged.

3

Federal Practice and Procedure: Civil 2d §2802. Rule 59(a)(2) provides the grounds for granting a motion for a new trial in a case tried without a jury:

> A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings fo fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Rule 59(a)(2) allows a new trial in a nonjury action if a new trial would be obtained in a jury action under similar circumstances. See 11 Wright, Miller, and Kane, § 2804. "The governing principle in the Court's action on a motion for new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." Davis by Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation and citation omitted); 11 Wright, Miller, and Kane § 2808. Under Rule 59, the new evidence must concern facts that existed at the time of trial. Id. at 135 (citing NLRB v. Jacob E. Decker and Sons, 569 F.2d 357, 364 (5th Cir. 1978) (a case involving a Rule 60(b) motion)). The rationale for not providing relief for evidence that comes into existence after the trial is over is an interest that the litigation come to an end.

Id. ("[W]ere the rule otherwise, litigation would never end.") (internal quotation and citation omitted).

In Boyd v. Bulala, 905 F.2d 764, 768 (5th Cir. 1990), the defendant in a medical malpractice action for personal injuries filed a Rule 60(b) motion to be relieved of the judgment because of the plaintiff's intervening death, which occurred after the jury verdict and before the entry of final judgment. Dr. Bulala argued that the jury award for Veronica Boyd's personal injuries was over-inflated because it was based on the assumption of an extended life expectancy. Id. The Court of Appeals held that the district court did not abuse its discretion in denying a Rule 60(b) motion because the circumstance of the claimant's early death was "not an exceptional one warranting relief from that judgment." Id. at 769.

In Davis by Davis, the Court of Appeals adopted the reasoning of Boyd, stating:

> To hold that a plaintiff's death following a jury verdict is the sort of "substantial injustice" requiring the reopening of cases or award of new trials under the Federal Rule of Civil Procedure would be to invite a morass of appeals from defendant in cases where the plaintiffs did not survive an "acceptable" amount of time following the entry of final judgment. Conversely, such a rule would require reopening cases where a plaintiff's life span exceeded the expectation presented to the jury."
>
> . . . .
>
> Moreover, we wonder what standard the defendants would have us create. . . . The opportunity for "perfect justice" based on 20/20 hindsight is not worth

>      the strain on the judicial system resulting from
>      potentially incessant scrutiny of damage awards.
>
>      Rules 59 and 60(b)(2) are not designed to allow
>      losing litigants to amend damage awards based on a
>      successful litigant's death after a final judgment is
>      entered in a case. The defendants in this and every
>      other tort case well know that a plaintiff may not
>      survive to fully enjoy an award of damages. It is the
>      defendant's responsibility to make clear to the fact
>      finder that the plaintiff could die as soon as he or
>      she leaves the courthouse.

Id. at 135-36.

The court finds that the reasoning for not reopening the evidence in Boyd and Davis by Davis is equally applicable under the facts of this case. Evidence of Hines's death did not exist at the time of trial because his death occurred after the completion of the bench trial and the submission of post trial memoranda, and two and a half weeks before the court issued its findings of fact and conclusions of law. Moreover, there is no authority to support the contention that the death of a claimant is the sort of "substantial injustice" that requires a new trial or the opening of the evidence on the issue of damages. Accordingly, the plaintiffs-in-limitation motion for a new trial or to reopen the evidence is denied.

**B. Rule 12(c) motion to dismiss/Rule 56 motion for summary judgment**

The plaintiffs-in-limitation seek dismissal of Hines's claims because his death leaves the litigation without a competent party claimant. Citing Miles v. Apex Marine Corp., 111

S.Ct. 317 (1990), the plaintiffs-in-limitation argue that the cause of action does not survive Hines's death because the cause of action under maritime law is personal and does not provide for a "concomitant right of survival upon the claimant's death."

Miles is inapposite in this case. The Supreme Court held in Miles that a nondependent parent of a seaman who died from injuries incurred aboard respondents' vessel may not recover under general maritime law for loss of society, and that the general maritime law does not permit a survival action for the seaman's lost future earnings. Id. at 320. Hines's claim was not that of a seaman aboard the M/V SUPPLIER, his death was not related to the vessel, and he personally brought an action under Kermarec v. Compagnie Generale Transatlantiques, 79 S.Ct. 406 (1959) for the injuries he sustained as a passenger aboard the vessel. Hines's untimely death subsequent to trial and the submission of post-trial memoranda does not convert his personal claim into a survival action under admiralty law.

The plaintiffs-in-limitation contend that the substitution of Rachel Hines as claimant is improper because she lacks legal standing and capacity to proceed in the action.

Rule 25 of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party.

The court granted the motion of Hines's widow, Rachel Hines, to be substituted as the claimant in all matters pertaining to the present action. As discussed above, Hines's claim has not been extinguished by his death; therefore, Rachel Hines may be substituted as "any party" or a representative of the deceased party under Rule 25.

Accordingly, the plaintiffs-in-limitation's motions to dismiss and, alternatively, for summary judgment are denied.

NEW ORLEANS, LOUISIANA, THIS ___8___ DAY OF July, 2003.

                MARY ANN VIAL LEMMON
             UNITED STATES DISTRICT JUDGE