FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 SEP -8 P 3: 36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce Investment Co., Inc., as the Owner of M/V SUPPLIER, and Gulf Tran, Inc., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 46 U.S.C. Section 183 *et seq.* | * * * * * * | CIVIL ACTION<br><br>NUMBER 00-0372<br><br>SECTION S MAG. 2 |

*************************************************************************

## POST-TRIAL MEMORANDUM

**MAY IT PLEASE THE COURT:**

This matter was tried to the court on December 9, 10 and 12, 2002. Judgment was rendered in favor of Todd Hines, but limiting the liability of the vessel owner and operator to the value to the vessel. The rights of the intervenor herein, Louisiana Workers' Compensation Corporation, vis-à-vis the claimant regarding the recoupment of the benefits paid to Mr. Hines pursuant to the Longshore and Harbor Workers' Compensation Act was reserved until the court's decision on the main demand. This memorandum is submitted in support of Louisiana Workers' Compensation Corporation's claim to reimbursement of the compensation and medical benefits paid.

_/_ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep___
_/___ Doc. No._142_

I.  **FACTS:**

Todd Hines was an employee of Omega Natchiq, Inc. at all times pertinent herein. Additionally, it is undisputed at all times pertinent Omega Natchiq was insured by Louisiana Workers' Compensation Corporation for potential liability under the Longshore and Harbor Workers' Compensation Act (33 U.S.C. 901 et seq.). As a result of the incident sued upon, Louisiana Workers' Compensation Corporation paid ONE HUNDRED THIRTY-TWO THOUSAND NINE HUNDRED SIXTY-TWO and 65/100 ($132,962.65) DOLLARS in weekly indemnity benefits and EIGHTY-SIX THOUSAND FOUR HUNDRED FORTY-EIGHT and 67/100 ($86,448.67) DOLLARS in medical expenses to and on behalf of Mr. Hines up till the date of his death. All parties have stipulated to the amounts paid herein.

At the time of the accident sued upon Omega was performing work for Allseas Services U.S.A., Inc. under a written contract, a copy of which has been submitted with the plaintiff's memorandum. Mr. Hines was injured on a vessel operated by Gulf Tran, Inc. It is plaintiff's position that the vessel was chartered by Allseas, however, there is no documentation evidence showing the existence of a charter and a review of Exhibit C, the deposition extract attached to plaintiff's memorandum, shows that the charter was between Gulf Tran and North Bank Towing. Hence, there is no evidence whatsoever that Allseas chartered any vessel under any circumstances.

The provision in the policy of insurance issued by Louisiana Workers' Compensation Corporation to Omega Natchiq provides that LWCC will waive subrogation "to the extent that you [Omega] perform work under a written contract that requires you to obtain this agreement from us". The only written contract in evidence is the contract between Allseas and Omega. That contract does not require a waiver as to Gulf Tran. The provision in the contract relating to

the supposed waiver of subrogation (Article 21.1) is confusing to say the least and inapplicable to the instant situation. A fair review of Article 21.1 does not explicitly or implicitly indicate that waivers of subrogation are to be extended to the "company group". Rather, it appears that the waiver of subrogation is applicable only "to the extent contractor (Omega) has assumed liabilities under this agreement". In any event, since there is no evidence of any relationship between Allseas and Gulf Tran either as charter, contractor, or even vendor/purchaser, there is no basis for the invocation of the alleged waiver of subrogation provisions and the subrogation claim of Louisiana Workers' Compensation Corporation in the full amount of $219,411.32 must be sustained in its entirety.

Respectfully submitted:

_____
David K. Johnson
Bar Roll No. 1998
2237 S. Acadian Thruway
P.O. Box 98001
Baton Rouge, Louisiana 70898-8001
(225) 231-0755
Counsel for Louisiana Workers'
Compensation Corporation

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on counsel for all parties by placing same in the United States Mail, postage prepaid, addressed to their respective offices, this ____4th____ day of September, 2003.

_____
David K. Johnson