

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    DEC 1 5 2003

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of the Complaint of Bruce | * | CIVIL ACTION |
| Investment Co., Inc., as the Owner of | * | |
| M/V SUPPLIER, and Gulf Tran, Inc., | * | |
| as the Operator of M/V SUPPLIER, Praying | * | NUMBER 00-0372 |
| for Exoneration from or Limitation of Liability | * | |
| Pursuant to 46 U.S.C. Section 183 *et seq.* | * | SECTION S MAG. 2 |

## OPPOSITION TO MOTION TO STAY EXECUTION OF JUDGMENT

May it please the Court:

Petitioners in limitation have filed a motion to stay execution of the judgment rendered in this matter. Judgment was entered in this matter on November 13, 2003, in the amount of $842,544.28 plus legal interest from December 24, 1998, the date of claimant's accident. Petitioners, however, were granted the right to limit its liability to the value of the vessel, $550,000.00.

Petitioners are required to file a supercedeas bond to be granted the stay of execution they are seeking. FRCP 62 (d). <u>Poplar Grove Planting and Refining Co., Inc., v. Bache Halsey Stuart, Inc.,</u> 600 F.2d 1189 (5th Cir. 1979). Local Rule 62..2 requires that the bond be set at the amount of the judgment plus 20%. Petitioners should post a bond in the amount of $660.000.00. Petitioners



Fee_____
Process_____
X Dktd _____ 16
_____ CtRmDep
Doc.No._____ 148

are asking the court to deviate from the standard practice for a stay of execution of a money judgment by asking this Court to allow the Ad Interim Stipulation in the amount of $550,000.00 to be substituted for the supercedeas bond.

In Poplar Grove, supra, the Fifth Circuit established the rule that the burden is on the mover to objectively demonstrate the reasons the court should depart from the ususal practice.  Petitioners have offered no evidence in support of their request.   In Trico Marine Operators, Inc. v.  Falcon Drilling Co., et al.  v. 1996 WL 383127 (E.D.La.), the defendant submitted a letter of undertaking equal to the value of the vessel to avoid pre-judgment arrest of a Falcon drilling rig.  After judgment was entered in favor of Trico, Falcon attempted to substitute the letter of undertaking for the supersedeas bond, similar to what petitioners herein are attempting to do.  The court refused to deviate from the standard procedure  requiring a supersedeas bond stating:

> In determining whether to grant a stay, courts endeavor to protect the prevailing party.  Allowing Falrig to obtain a stay without posting an adequate bond backed by a solvent insurer or financial institution would be contrary to that goal.
> Trico Marine Operatores, supra at page 2

This court should likewise refuse to grant the requested stay without requiring the  posting of a supersedeas bond in the amount of the judgment plus 20%.  Petitioners have not provided any objective evidence to support a request for the avoidance of a supersedeas bond.

2

Respectfully submitted,

_____

Danny J. Lirette (Bar Roll #8619)
Dexter A. Gary (Bar Roll #21292)
LIRETTE, GARY & SPENCE, L.L.C.
10 Professional Drive
Post Office Box 2968
Houma, Louisiana   70361-2968
Telephone: (985)   876-2997
COUNSEL FOR CLAIMANT,
    RACHEL HINES

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of December, 2003, served a copy of the

foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States

mail, properly addressed and first class postage prepaid.

_____

Danny J. Lirette    -    #8619

3