


FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 30 A 11: 29

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of BRUCE INVESTMENT CO., INC., as the Owner of M/V SUPPLIER, and GULF TRAN, INC., as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 467 U.S.C. § 183 *et seq.* | CIVIL ACTION<br><br>NO. 00-0372<br><br>SECTION S    MAG. DIV. 2<br><br>JUDGE MARY ANN VIAL LEMMON<br><br>MAGISTRATE JOSEPH C. WILKINSON, JR. |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY

**MAY IT PLEASE THE COURT:**

Complainants-in-Limitation Bruce Investment Co., Inc., and Gulf Tran, Inc., respectfully provide this Reply Memorandum in further support of their Motion to Stay Enforcement of Judgment pending their appeal. The security already provided by them is adequate, claimant is fully protected, and this Court can enter the Stay without requiring any different or additional security.

The claimant in this limitation action suggests that the Court should require Bruce and Gulf Tran to post a "supersedeas bond" and that the Court should refuse the requested Stay

135521

-2-

until such bond is posted. However, Bruce and Gulf Tran have already provided complete and adequate security. They have provided everything that is required for a Stay pending their appeal.

Claimant has provided no reason why the security already posted by Hines and Gulf Tran is inadequate. A "supersedeas bond" required to suspend execution of a judgment on appeal is not required to be in any particular form; "supersedeas bond" is a general term meaning any form of security. *Prosser v. Prosser*, 907 F. Supp. 906, 907 n.6 (D.V.I. 1995) ("A 'supersedeas' bond is any form of security, whether in the form of cash, property, or surety bond ....").

The nature and amount of a such a bond is left to the Courts' discretion. *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13 (1st Cir. 2002). A Court can approve any alternate arrangement for security to stay execution pending appeal. *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1150 (S.D. Ind. 1996); *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615 (7th Cir. 1992). In fact, a court in its discretion, may waive the bond requirement entirely, and such discretion will not be disturbed on appeal. *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990); *United States v. Certain Real & Personal Property Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991); *United States v. Mansion House Center Redevelopment Co.*, 682 F. Supp. 446, 449-50 (E.D. Mo. 1988).

Claimant states that the security should be for more than the amount of the Judgment so that interest on the Judgment is covered. However, the security provided by Bruce and Gulf Tran already explicitly includes interest on the Judgment.

This is not a case in which the judgment debtors are requesting the Court to waive security or even diminish the required amount of security before entering a stay of execution based on their financial condition or other considerations. The factors normally considered in such cases need not be analyzed here. The instant Motion for Stay is based on the plain fact that adequate security has already been provided. An Ad Interim Stipulation with adequate surety has already been filed by Bruce and Gulf Tran for the full amount of the Judgment plus interest.

The Stipulation was filed on February 4, 2000 (Document No. 3 in the Court Record), when this limitations action was instituted. The security remains in force expressly for any award by this Court and an appellate Court, with interest. *Id.* The bond is American Guaranty and Liability Insurance Company #SUR3556504. *See* copy of Affidavit attached hereto as Exhibit 1. By Order entered February 9, 2000, the Court accepted the Stipulation and approved it as to form, quantum and surety. *See* Document No. 2 of the Court Record.

The Court entered Judgment in this case limiting liability to the value of the vessel at issue, which the Court determined to be $550,000. By Minute Entry dated December 3, 2002 (Document No. 110 of the Court Record), the Court also noted that claimant had previously urged, and recently withdrew, a Motion to increase security and he assured the Court that he did not challenge the fact that the value of the vessel is $550,000. Therefore, complete and

adequate security has been provided. The law requires nothing more for entry of the Stay pending the appeal. Claimant is fully protected.

There is no need to require any additional or different security. The security posted already by Bruce and Gulf Tran is adequate. It is with a solvent insurance company, American Guaranty and Liability Insurance Company. Requiring some other form of bond would be vain and useless and perhaps impose additional expense and delay on Bruce and Gulf Tran.

The two cases cited by plaintiff are distinguishable. In *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979), the Court reversed a lower Court decision to require only a $10,000 bond for a $271,000 Judgment. Unlike the judgment debtor in *Poplar Grove*, Bruce and Gulf Tran are not seeking to provide security in an amount less than the judgment. In *Trico Marine Operators, Inc. v. Falcon Drilling Co.*, 1996 WL 383127, 1996 U.S. Dist. LEXIS 9699 (E.D. La. 1996), the only other case cited by claimant in opposition to the Motion for Stay, the Court declined to discard the requirement of a bond and replace it with a simple "letter of undertaking" signed by the judgment debtor's parent corporation where the judgment debtor provided no evidence whatsoever of the financial condition of itself or its parent or of their ability to pay the judgment. However, the *Trico* Court did recognize the discretion that a district court has to stay execution without requiring any bond or with an alternative security scheme. 1996 U.S. Dist. LEXIS 9699, *4. Again, Bruce and Gulf Tran are <u>not</u> asking this Court to dispense with the requirement of security here. They have already provided security from an actual surety company.

For the foregoing reasons, Gulf Tran and Bruce respectfully urge the Court to grant their Motion for Stay without requiring security beyond that already posted.

Respectfully submitted,

_____
THOMAS J. CORTAZZO, T.A. - #18174
DAVID L. CARRIGEE - #3892
BURKE & MAYER, PLC
Energy Centre - 20th Floor
1100 Poydras Street
New Orleans, LA 70163-2000
Telephone: (504)569-2900
Facsimile: (504)569-2099

**Attorneys for Bruce Investment Co., Inc., and Gulf Tran, Inc.**

## CERTIFICATE OF SERVICE

A copy of the foregoing pleading has been served on all counsel of record via facsimile and by placing same in the U.S. Mail, postage prepaid, and properly addressed this 23rd day of December, 2003.

_____

135521

-5-

## AFFIDAVIT

**State of Louisiana:**

**Parish of Orleans:**

Before me, the undersigned authority, a Notary Public in and for the Parish of Orleans, State of Louisiana, personally came and appeared:

### CLARK P. FITZ-HUGH

Who, upon being duly sworn, did personally state and attest under oath that:

He is an agent, employee and representative of International Sureties, Inc., with offices located at 210 Baronne Street, Suite 1700, New Orleans, LA 70112-1722, and is empowered by International Sureties, Inc., to place bonds and other securities as a function of his employment;

That he is personally familiar with, participated in, and executed the placement of the bonds and *Ad Interim* stipulation for value for the Limitation of Liability Petition filed on behalf of Gulf Tran, Inc., and Bruce Investment Co., Inc., for the **M/V Supplier** in Civil Action No. 00-0372 on the dockets of the United States District Court, Eastern District, New Orleans, LA. on the 4th October 2000;

That the aforesaid security was placed with American Guaranty and Liability Insurance Co., # SUR3556504 with the amount of the bond being $550,000.00 under the condition of the surety that the bond remain in full force and effect until released by court order and/or any monied judgments being satisfied by principal obligors;

- 1 -



EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint ) | CIVIL ACTION |
| of Bruce Investment Co., Inc. ) | |
| as the Owner of M/V SUPPLIER, and ) | NO. |
| Gulf Tran, Inc., as the ) | |
| Operator of M/V SUPPLIER, ) | |
| Praying for Exoneration from ) | |
| or Limitation of Liability ) | |
| Pursuant to 46 U.S.C. §§ 183 ) | JUDGE |
| et seq. ) | MAGISTRATE |
| ) | |

## AD INTERIM STIPULATION

**WHEREAS**, Bruce Investment Co., Inc., and Gulf Tran, Inc. will institute a proceeding for Exoneration from or Limitation of Liability on account of all losses, damages, injuries or destruction allegedly resulting from the voyage described in the Complaint, in which plaintiffs pray, among other things, that a notice be issued to all parties asserting claims for losses, damages, injuries or destruction, admonishing them to file their respective claims and to answer the Complaint, and that an injunction may issue restraining the commencement and prosecution of any actions or proceedings against the plaintiffs, their underwriters, their employees, or any of their property resulting from the casualty described in the Complaint; and

**WHEREAS**, plaintiffs wish to provide an *Ad Interim* Stipulation for the value of their interests in the aforesaid vessel and their pending freight as security for all those who may file claims herein pending the ascertainment by reference of the amount or value of plaintiffs' interests in said vessel and their pending

-1-

freight, if an appraisal be sought, then to stand as a stipulation for value;

**NOW, THEREFORE**, in consideration of the premises, plaintiffs as principal and American Guarantee and Liability Insurance Co., as surety, hereby undertake jointly, severally and *in solido*, the sum of Five Hundred Fifty Thousand and No/100 ($550,000.00) Dollars, with interest at the rate of Six (6%) percent per annum, and file in this proceeding a bond in the usual form in said amount, with surety, with interest at the rate of Six (6%) percent per annum from the date hereof, in the event upon appraisal the amount or value of said interest in the said vessel and its pending freight shall be increased or diminished, and that pending the payment of the amount or value of plaintiffs' interests so ordered or the giving of a stipulation for value thereof, this stipulation shall stand as security for all claims in said proceedings, and said surety shall abide by all orders of the Court, interlocutory and final, and shall pay the amount, if any (not exceeding, however, the amount of this undertaking), awarded by the final decree rendered by this Court or by an Appellate Court, if any appeal intervene, with interest.

**THUS DONE AND EXECUTED**, this 4th day of February, 2000.

                    BRUCE INVESTMENT CO., INC. and GULF
                    TRAN, INC.

                    By: _____
                          Lee M. Peacocke as its Agent
                          And Attorney-in-Fact


                    AMERICAN GUARANTEE AND LIABILITY
                    INSURANCE CO.

                    By: _____
                          Katherine B. Werner____, as its Agent
                          And Attorney-in-fact