

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In the Matter of the Complaint of **BRUCE INVESTMENT CO., INC.,** as the Owner of M/V SUPPLIER, and **GULF TRAN, INC.,** as the Operator of M/V SUPPLIER, Praying for Exoneration from or Limitation of Liability Pursuant to 467 U.S.C. § 183 *et seq.* | CIVIL ACTION<br><br>NO. 00-0372<br><br>SECTION S     MAG. DIV. 2<br><br>JUDGE MARY ANN VIAL LEMMON<br><br>MAGISTRATE JOSEPH C. WILKINSON, JR. |

### RESPONSE TO BILL OF COSTS

MAY IT PLEASE THE COURT:

The Complainants-in-Limitation, Bruce Investment Co., Inc., and Gulf Tran, Inc., respectfully provide this Response to Claimant's Bill of Costs.

1. **Fees for service of summons and subpoenas.** Only the fees for service of subpoenas for <u>trial</u> witnesses are taxable. Claimant demands **$551.00** for this item. This matter was tried on December 9-12, 2002. The documents submitted by claimant in support of his claim for this cost item reveal that the service was of deposition subpoenas, not trial

135846

subpoenas. All of the fees were for service accomplished in November 2000 and earlier. These costs are not recoverable.

2. **Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.** For this item, claimant seeks reimbursement of **$4,149.93**. This amount is composed of 13 different court reporter fees. In fact, he even includes two charges for transcripts of his own deposition ($306.20 and $159.00). He includes another fee of $369.00 for a transcript of testimony of an undisclosed witness. Most or all of the items comprising the $4,149.93 are not taxable under the applicable law.

Generally, the cost of deposition transcripts is taxable only if the deposition is introduced into evidence at trial or at least if the party reasonably believes at the time that he takes the deposition that it is necessary for use at trial. 28 U.S.C. § 1920(2) ("Fees of the court reporter for all or any part of the stenographic transcript **necessarily obtained for use in the case**"). *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 764 (N.D. Ill. 1996); *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994).

It is not sufficient that the depositions were probative. *Ryther*, 864 F. Supp. at 1534. Generally, when the Court is not able to determine whether requested costs were reasonably necessary for use in the case, the claim for such costs should be denied. *NLFC*, 916 F. Supp. at 763. Until plaintiff establishes for the Court which of these fees are properly taxable, none of them should be taxed against Bruce and Gulf Tran.

3. **Fees for witnesses.** Claimant seeks to have **$859.27** taxed against Bruce and Gulf Tran for this item. That amount consists of 13 separate items. Many of these cost items are witness fees for depositions, rather than for trial. A deposition witness fee is not taxable, at least if the deposition transcript was not introduced into evidence at trial.

Based on claimant's records submitted with the Bill of Costs, the fees for at least the following witnesses appear to be in connection with depositions and are, therefore, not recoverable: Monty Rivers ($73.08), Richard Sonnier ($56.25), Vincent Unrue ($43.25), Omega Natchiq, Inc. ($40.00), R. Dale Bernauer ($40.00), Charles A. Murphy, III ($40.00), Sheldon V. Cass–Coastal Marine Surveyors ($40.00). These amounts total $332.58. Therefore, Claimant's request for $859.27 for this cost item should be reduced by at least $332.58, leaving at most $526.69 as recoverable.

4. **Fees for exemplification and copies of papers necessarily obtained for use in the case.** Again, claimant seeks to have extensive amounts taxed which were not "necessarily obtained for use in the case" as required. *United Internat'l Holdings, Inc. v. The Wharf (Holdings), Ltd.*, 174 F.R.D. 479, 484 (D. Colo. 1997); *James v. Coors Brewing Co.*, 73 F.Supp.2d 1250, 1260 (D. Colo. 1999); *Sphere Drake Ins. PLC v. Trisko*, 66 F.Supp.2d 1088, 1093 (D. Minn. 1999). By the date of these copying charges, they appear to be unrelated to the trial of the case.

Additionally, fees for exemplification and copies of papers necessarily obtained for use in the case are also not recoverable where the claimant does not identify for the Court the number of copies and the substance of the copies made sufficient to demonstrate that the

requested copying costs were reasonably necessary for use in the case. *State of Kansas v. Deffenbaugh Indus., Inc.*, 154 F.R.D. 269, 270 (D. Kan. 1994); *Battenfeld of America Holding Co. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613, 617 (D. Kan. 2000). Claimant provides essentially none of the required detail.

None of the cost items submitted by claimant for copying meet the foregoing legal standards. For both of the foregoing reasons, none of these copying costs should be taxed.

Respectfully submitted,

_____
THOMAS J. CORTAZZO, T.A. - #18174
DAVID L. CARRIGEE - #3892
BURKE & MAYER, PLC
Energy Centre - 20th Floor
1100 Poydras Street
New Orleans, LA 70163-2000
Telephone: (504)569-2900
Facsimile: (504)569-2099

**Attorneys for Bruce Investment Co., Inc., and Gulf Tran, Inc.**

## CERTIFICATE OF SERVICE

A copy of the foregoing pleading has been served on all counsel of record via facsimile and by placing same in the U.S. Mail, postage prepaid, and properly addressed this ____ day of January, 2004.

_____